ORIGINAL

H-60096

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

2012 AUG -1 AM 10: 52

Jul 31 jm

Form To Be Used By A Prisoner in Filing a Complaint
Under the Civil Rights Act, 42 U.S.C. § 1983

DEPUTY CLERK

BOBBY DWAYNE LUCKY
1821 OVERTON ROAD
DALLAS, TEXAS 75216
Plaintiff's Name and Address

PAROLED FROM THE
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE-INSTITUTIONAL DIVISION
WAYNE SCOTT UNIT
ROUTE 5, BOX 1500
ANGLETON, TEXAS 77515
Place of Confinement

**3 - 1 2 C V - 2 6 0 9 R**

V.                                                   CASE NO. _____
                                                     (Clerk will assign the number)
                                                     (JURY TRIAL REQUESTED)

SANDRA HAYNES, SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT KITCHEN CAPTAIN OF
CORRECTIONAL OFFICERS AT THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION;
JOHN MIDDLETON UNIT; 13055 FM 3522; ABILENE, TEXAS 79601
Defendant's Name and Address

PHYSICIAN NAFRAURI, SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT INFIRMARY HEAD
PHYSICIAN AT THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE; JOHN MIDDLETON UNIT; 13055 FM 3522;
ABILENE, TEXAS 79601
Defendant's Name and Address

K. WASHINGTON, SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT INFIRMARY L.V.N. NURSE
AT THE  TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; JOHN MIDDLETON UNIT;
13055 FM 3522; ABILENE, TEXAS 79601
Defendant's Name and Address

DONALD SWEENEY, SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY AS CLASSIFICATION DEPARTMENT
COMMITTEE BOARD MEMBER OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL
DIVISION; JOHN MIDDLETON UNIT;13055 FM 3522; ABILENE, TEXAS 79601
Defendant's name and address

SYLVIA J. GLENN, SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITY AS CLASSIFICATION DEPARTMENT
COMMITTEE BOARD MEMBER OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL
DIVISION; JOHN MIDDLETON UNIT;13055 FM 3522; ABILENE, TEXAS 79601
Defendant's name and address

J. STEWARDS, SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT SECURITY LIEUTENANT OF
CORRECTIONAL OFFICERS AT THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION;
JOHN MIDDLETON UNIT; 13055 FM 3522; ABILENE, TEXAS 79601
Defendant's name and address

SERGEANT HOGG, SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT SECURITY SERGEANT OF CORRECTIONAL OFFICERS AT THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; JOHN MIDDLETON UNIT; 13055 FM 3522; ABILENE, TEXAS 79601
Defendant's Name and Address

J. LOPEZ, SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT SECURITY CORRECTIONAL OFFICER AT THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; JOHN MIDDLETON UNIT; 13055 FM 3522; ABILENE, TEXAS 79601
Defendant's name and address

ROBERT LAWSON, SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY AS PHYSICIAN AT THE HENDRICK'S MEDICAL CENTER HOSPITAL; 1242 NORTH 19th; ABILENE, TEXAS 79601-2316
Defendant's Name and Address

LEIGH TALIAVERRO, SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITY AS HEAD PHYSICIAN/SURGEON AT THE HENDRICK'S MEDICAL CENTER HOSPITAL; 1242 NORTH 19th; ABILENE, TEXAS 79601-2316
Defendant's Name and Address

GARY WALKER, SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY AS PHYSICIAN/ SURGEON AT THE HENDRICK'S MEDICAL CENTER HOSPITAL; 1242 NORTH 19th; ABILENE, TEXAS 79601-2316
Defendant's Name and Address

JOHNNY BLIZNAK, SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY AS MEDICAL RADIOLOGIST AT THE HENDRICK'S MEDICAL CENTER HOSPITAL; 1242 NORTH 19th; ABILENE, TEXAS 79601-2316
Defendant's name and address

M. REYNA, SUED IN OFFICIAL AND INDIVIDUAL CAPACITY AS L.V.N. NURSE AT THE HENDRICK'S MEDICAL CENTER HOSPITAL; 1242 NORTH 19th; ABILENE, TEXAS 79601-2316
Defendant's Name and Address

B. KEARNEY, SUED IN OFFICIAL AND INDIVIDUAL CAPACITY AS L.V.N. NURSE AT THE HENDRICK'S MEDICAL CENTER HOSPITAL; 1242 NORTH 19th; ABILENE, TEXAS 79601-2316
Defendant's Name and Address

A. SLAUENWHITE, SUED IN OFFICIAL AND INDIVIDUAL CAPACITY AS L.V.N. NURSE AT THE HENDRICK'S MEDICAL CENTER HOSPITAL; 1242 NORTH 19th; ABILENE, TEXAS 79601-2316
Defendant's Name and Address

B. BATEMAN, SUED IN OFFICIAL AND INDIVIDUAL CAPACITY AS L.V.N. NURSE AT THE HENDRICK'S MEDICAL CENTER HOSPITAL; 1242 NORTH 19th; ABILENE, TEXAS 79601-2316
Defendant's Name and Address

T. COLEMAN, SUED IN OFFICIAL AND INDIVIDUAL CAPACITY AS REGISTERED NURSE AT THE HENDRICK'S MEDICAL CENTER HOSPITAL; 1242 NORTH 19th; ABILENE, TEXAS 79601-2316
Defendant's Name and Address

A. WALLACE, SUED IN OFFICIAL AND INDIVIDUAL CAPACITY AS REGISTERED NURSE AT THE HENDRICK'S MEDICAL CENTER HOSPITAL; 1242 NORTH 19th; ABILENE, TEXAS 79601-2316
Defendant's Name and Address

STEPHEN PECK, SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT INFIRMARY HEAD PHYSICIAN AT THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; FRENCH ROBERTSON UNIT; 12071 FM 3522; ABILENE, TEXAS 79601
Defendant's Name and Address

W. AUTERY, SUED IN OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT INFIRMARY PHYSICIAN AT THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; FRENCH ROBERTSON UNIT; 12071 FM 3522; ABILENE, TEXAS 79601
Defendant's Name and Address

J. TAYLOR, SUED IN OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT INFIRMARY L.V.N. NURSE AT THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; FRENCH ROBERTSON UNIT; 12071 FM 3522; ABILENE, TEXAS 79601
Defendant's Name and Address

R. POWELL, SUED IN OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT INFIRMARY L.V.N. NURSE AT THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; FRENCH ROBERTSON UNIT; 12071 FM 3522; ABILENE, TEXAS 79601
Defendant's Name and Address

K. HOSLEY, SUED IN OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT INFIRMARY L.V.N. NURSE AT THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; FRENCH ROBERTSON UNIT; 12071 FM 3522; ABILENE, TEXAS 79601
Defendant's Name and Address

K. WOODS, SUED IN OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT INFIRMARY L.V.N. NURSE AT THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; FRENCH ROBERTSON UNIT; 12071 FM 3522; ABILENE, TEXAS 79601
Defendant's Name and Address

B. HOWARD, SUED IN OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT INFIRMARY L.V.N. NURSE AT THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; FRENCH ROBERTSON UNIT; 12071 FM 3522; ABILENE, TEXAS 79601
Defendant's Name and Address

B. BOUNDS, SUED IN OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT INFIRMARY L.V.N. NURSE AT THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; FRENCH ROBERTSON UNIT; 12071 FM 3522; ABILENE, TEXAS 79601
Defendant's Name and Address

M. GRAY, SUED IN OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT INFIRMARY L.V.N. NURSE AT THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; FRENCH ROBERTSON UNIT; 12071 FM 3522; ABILENE, TEXAS 79601
Defendant's Name and Address

A. SHABAAZ, SUED IN OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT INFIRMARY NURSE PRACTITIONER AT THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; BYRD UNIT; P.O. BOX 100; HUNTSVILLE, TEXAS 77340
Defendant's Name and Address

B. KINARD, SUED IN OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT INFIRMARY REGISTERED NURSE AT THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; BYRD UNIT; P.O. BOX 100; HUNTSVILLE, TEXAS 77340
Defendant's Name and Address

K. JENNINSCHE, SUED IN OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT INFIRMARY L.V.N. NURSE AT THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; BYRD UNIT; P.O. BOX 100; HUNTSVILLE, TEXAS 77340
Defendant's Name and Address

R. TRINCI, SUED IN OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT INFIRMARY L.V.N. NURSE AT THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; BYRD UNIT; P.O. BOX 100; HUNTSVILLE, TEXAS 77340
Defendant's Name and Address

LANNETTE LINTHICUM, SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITY AS DIVISION DIRECTOR OF HEALTH SERVICES, OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION, HUNTSVILLE UNIT; POST OFFICE BOX 99; HUNTSVILLE, TEXAS 77342-0099
Defendant's Name and Address

R.W. ROCHELLE MCKINNEN, SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITY AS DIRECTOR OF HEALTH SERVICE LIAISON PROGRAM PROFESSIONAL STANDARD; P.O. BOX 99; HUNTSVILLE, TEXAS 77342-0099
Defendant's name and address

CHARLES ADAMS, SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY AS SOUTHERN REGIONAL DIRECTOR OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; ROUTE 4, BOX 1200; ROSHARON, TEXAS 77583
Defendant's name and address

KELLY WARD, SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITY AS REGION III DIRECTOR; OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; 400 DARRINGTON ROAD; ROSHARON, TEXAS 77583
Defendant's name and address

MARGO GREEN, SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITY AS REGION III DIRECTOR; OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; 400 DARRINGTON ROAD; ROSHARON, TEXAS 77583
Defendant's name and address

J.P. GUYTON, SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY AS ASSISTANT REGION III DIRECTOR; OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; 400 DARRINGTON ROAD; ROSHARON, TEXAS 77583
Defendant's name and address

OWEN MURRAY, D.O., SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY AS DIRECTOR OF TEXAS UNIVERSITY OF TEXAS MEDICAL BRANCH GALVESTON CORRECTIONAL MANAGED CARE DEPARTMENT OF QUALITY ASSURANCE SERVICE; P.O. BOX 48; SUBSTATION 1; GALVESTON, TEXAS 77555
Defendant's name and address

RICHARD A. TRINCI, SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY AS HEAD SENIOR WARDEN OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION  WAYNE SCOTT UNIT; ROUTE 5, BOX 1500; ANGLETON, TEXAS 77515
Defendant's name and address

KATHRYN BELL, SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITY AS ASSISTANT HEAD SENIOR WARDEN OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; WAYNE SCOTT UNIT; ROUTE 5, BOX 1500; ANGLETON, TEXAS 77515
Defendant's name and address

SAMUEL SEALS, SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT SECURITY MAJOR OF CORRECTIONAL OFFICERS OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; WAYNE SCOTT UNIT; ROUTE 5, BOX 1500; ANGLETON, TEXAS 77515
Defendant's name and address

JAMES B. THOMAS, SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT SECURITY SERGEANT OF CORRECTIONAL OFFICERS OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; WAYNE SCOTT UNIT; ROUTE 5, BOX 1500; ANGLETON, TEXAS 77515
Defendant's name and address

DONALD HENRY, SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY AS CLASSIFICATION DEPARTMENT COMMITTEE BOARD MEMBER OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; WAYNE SCOTT UNIT; ROUTE 5, BOX 1500; ANGLETON, TEXAS 77515
Defendant's name and address

JANA HENRY, SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITY AS CLASSIFICATION DEPARTMENT COMMITTEE BOARD MEMBER OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; WAYNE SCOTT UNIT; ROUTE 5, BOX 1500; ANGLETON, TEXAS 77515
Defendant's name and address

BILLY J. REESE, SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT SECURITY DISCIPLINARY CAPTAIN OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; WAYNE SCOTT UNIT; ROUTE 5, BOX 1500; ANGLETON, TEXAS 77515
Defendant's name and address

JEANA M. BAKER, SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT SECURITY DISCIPLINARY SUBSTITUTE COUNSEL OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; WAYNE SCOTT UNIT; ROUTE 5, BOX 1500 ANGLETON, TEXAS 77515
Defendant's name and address

MICHAEL M. JENNINGS, SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT SECURITY FIELD SERGEANT OF CORRECTIONAL OFFICERS OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; WAYNE SCOTT UNIT; ROUTE 5, BOX 1500; ANGLETON, TEXAS 77515
Defendant's name and address

TIMOTHY R. FITZGERALD, SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT SECURITY FIELD CORRECTIONAL OFFICER OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; WAYNE SCOTT UNIT; ROUTE 5, BOX 1500; ANGLETON, TEXAS 77515
Defendant's name and address

GEORGE A. WOLFE, SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT SECURITY FIELD CORRECTIONAL OFFICER OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; WAYNE SCOTT UNIT; ROUTE 5, BOX 1500; ANGLETON, TEXAS 77515
Defendant's name and address

KIMBERLY A. FRAZER, SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT SECURITY FIELD CORRECTIONAL OFFICER OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; WAYNE SCOTT UNIT; ROUTE 5, BOX 1500; ANGLETON, TEXAS 77515
Defendant's name and address

CHUMA ANADUAKA, SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT INFIRMARY DIRECTOR OF HEALTH OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; WAYNE SCOTT UNIT; ROUTE 5, BOX 1500; ANGLETON, TEXAS 77515
Defendant's Name and Address

BRUCE W. SMITH, SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT INFIRMARY HEAD PHYSICIAN OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; WAYNE SCOTT UNIT; ROUTE 5, BOX 1500; ANGLETON, TEXAS 77515
Defendant's Name and Address

M. LASTRAPES, SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT INFIRMARY PHYSICIAN ASSISTANT C OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; WAYNE SCOTT UNIT; ROUTE 5, BOX 1500; ANGLETON, TEXAS 77515
Defendant's Name and Address

CLARA BELL, SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT INFIRMARY R.N. NURSE AT THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; WAYNE SCOTT UNIT; ROUTE 5, BOX 1500; ANGLETON, TEXAS 77515
Defendant's name and address

KATHERINE A. McCLURE, SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT INFIRMARY L.V.N. NURSE AT THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; WAYNE SCOTT UNIT; ROUTE 5, BOX 1500; ANGLETON, TEXAS 77515
Defendant's name and address

SHIRLEY FAIRCHILD, SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT INFIRMARY L.V.N. NURSE AT THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; WAYNE SCOTT UNIT; ROUTE 5, BOX 1500; ANGLETON, TEXAS 77515
Defendant's name and address

ELVIRA RODRIGUEZ, SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT INFIRMARY L.V.N. NURSE AT THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; WAYNE SCOTT UNIT; ROUTE 5, BOX 1500; ANGLETON, TEXAS 77515
Defendant's name and address

HELEN HIPP, SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT INFIRMARY L.V.N. NURSE AT THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; WAYNE SCOTT UNIT; ROUTE 5, BOX 1500; ANGLETON, TEXAS 77515
Defendant's name and address

DOROTHY WRIGHT, SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT INFIRMARY L.V.N. NURSE AT THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; WAYNE SCOTT UNIT; ROUTE 5, BOX 1500; ANGLETON, TEXAS 77515
Defendant's name and address

CHANDRA CHANDLER, SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITY AS UNIT INFIRMARY L.V.N. NURSE AT THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION; WAYNE SCOTT UNIT; ROUTE 5, BOX 1500; ANGLETON, TEXAS 77515
Defendant's name and address
(DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

NOTICE:

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident

or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the Clerk of the United States Court for the appropriate District of Texas in the Division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. The list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate District Court, the Division and an address list of the Divisional Clerks.

## FILING FEE AND IN FORMA PAUPERIS

1. In order for your complaint to be filed, it must be accompanied by the filing fee of $350.00.

2. If you do not have the necessary funds to pay the filing fee in full at this time, you may request permission to proceed in forma pauperis. In this event you must complete the application to proceed in forma pauperis (IFP), setting forth information to establish your inability to prepay the fees and costs or give security of the filing fee. You must also include a current six (6) month history of your Inmate Trust Account. You can acquire the application to proceed IFP and appropriate Inmate Account Certificate from the law library at your prison unit.

3. 28 U.S.C. 1915, as amended by the Prison Litigation Reform Act of 1995 (PLRA), provides, "...if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." Thus, the Court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed in forma pauperis ,the court will apply 28 U.S.C. 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your Inmate Account, until the entire $350 filing fee has been paid.

4. If you intend to seek in forma pauperis status, then do not send your complaint without an Application to Proceed IFP, and the Certificate of Inmate Trust Account. Complete all the essential paperwork before submitting it to the Court.

## CHANGE OF ADDRESS

It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked "NOTICE TO THE COURT OF CHANGE OF ADDRESS" and shall not include any motion (s) for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

## I.     PREVIOUS LAWSUITS:

A. Have you filed any other lawsuits in state or federal court relating to your imprisonment?
        <u>XXXXX</u> YES _____ NO

B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

1. Approximate date of filing lawsuit: _____<u>September 03, 2003</u>_____

2. Parties to previous lawsuit:

    Plaintiff(s) ____<u>Bobby Dwayne Lucky</u>_____

    Defendant(s) __<u>Kitchen Captain, Haynes, et al.</u>_____

3. Court: (If federal, name the district; if state, name the county.) ____<u>Taylor County, Texas</u>____

4. Docket Number: _____<u>45787-A</u>_____

5. Name of judge to whom case was assigned:    __Unknown__

6. Disposition: (Was the case dismissed, appealed, still pending?) __Summary Judgment__

7. Approximate date of disposition: _Disposition Uncertain, Summary Judgment filed on June 06, 2008_

**II.**   **PLACE OF PRESENT CONFINEMENT:** Currently residing at my home residence at 1821 Overton Road; Dallas Texas 75216 after being placed on parole under custodian custody of the Texas Department of Criminal Justice-Institutional Division's Board of Pardon's and Parole's.

**III.**   **EXHAUSTION OF GRIEVANCE PROCEDURES:**
Have you exhausted both steps of the grievance procedure in this institution?
                              XXXXX YES _____ NO

Attach a copy of the Step 2 grievance with the response supplied by the prison system.

### Affidavit of Grievances Filed

| Grievance Numbers | Filed Dates | Code Numbers |
|---|---|---|
| Step 1—2002148838 | Filed: May 2, 2002 | Code: 621 |
| Step 1—2004005358 | Filed: September 8, 2003 | Code: 609, 414 |
| Step 2—Same Number | Filed: October 13, 2003 | Code: 609, 414 |
| Step 1—TDCJ-ID I.O.C. | Filed: December 15, 2003 | Director Kelli Ward #1048046 |
| Step 1—2005013712 | Filed: September 23, 2003 | Code: 609 |
| Step 1—2005025678 | Filed: October 12, 2003 | Code: Resubmit |
| Step 1—2005025693 | Filed: October 12, 2004 | Code: 201 |
| Step 2—Same Number | Filed: October 25, 2004 | Code: 201 |
| Step 1—2005025671 | Filed: October 12, 2004 | Code: 609 |
| Step 2—Same Number | Filed: November 5, 2004 | Code: 609 |
| Step 1—2005031511 | Filed: October 21, 2004 | Code: 623, 609 |
| Step 2—Same Number | Filed: November 10, 2004 | Code: 623, 609 |
| Step 1—2005063433 | Filed: December 13, 2004 | Code: Time Period Expired |
| Step 1—2005063428 | Filed: December 13, 2004 | Code: Time Period Expired |
| Step 1—2005032217 | Filed: October 22, 2004 | Code: 623 |
| Step 2—Same Number | Filed: November 29, 2004 | Code: 623 |
| Step 1—2005051243 | Filed: November 22, 2004 | Code: 639, 815 |
| Step 1—2005.00509 | Filed: January 4, 2005 | Code: TDCJ-ID Inspector General Office |
| Step 1—2005051248 | Filed: January 14, 2005 | Code: TDCJ-ID Inspector General Office |

All Grievance Complaints were denied by the Wayne Scott Unit; the Region III Director's Office; and TDCJ-ID Inspector General Office.

Executed on this the _14½_ day of _July_, 2012.

Respectfully Submitted:

_Bobby Dwayne Lucky_
Bobby Dwayne Lucky
Plaintiff/Pro-Se

Please be advised that the condition of any of my Grievance including the Grievance Response is a direct result of being transferred from Unit to Unit within the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID), which has restricted the amount of materials, legal work, and other paperwork as an intentional way of hindering Offenders on any types of Law Suits they may pursue. This gives TDCJ-ID Officials access to delicate legal materials against the Agency, which is destroyed by TDCJ-ID Officials, by merely saying it is a storage problem.

**IV.    PARTIES TO THIS SUIT:**

A. Name and address of plaintiff: Bobby Dwayne Lucky, TDCJ-ID # 1048046 ; 1821 Overton Road; Dallas, Texas 75216.

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.
Note: To cut down on redundancy and length of this document, the Defendants have been grouped in their Unit of Assignment and Official Job Position. The place of employment will be the same for each group. The mailing addresses of each Defendant in the group will be the same. The difference in the violations of each Defendant will be designated if there be any difference, otherwise the violations will be the same.

Texas Department of Criminal Justice-Institutional Division
John Middleton Unit

**(This is the actual place the Food Borne Poisoning Illness took place; these Defendants care for and treated Plaintiff's food borne poisoning illness including all medications from July 17, 2001 thru August 31, 2001. Treatment was delayed and unsuccessful and Plaintiff was transferred to Hendrick's Medical Center Hospital, in Abilene, Texas.)**

Defendants #1: Sandra Haynes; John Middleton Unit Kitchen Captain of Correctional Officers; Texas Department of Criminal Justice-Institutional Division; John Middleton Unit; 13055 FM 3522; Abilene, Texas 79601

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
(1)    Failed in her duties to adequately supervise the personnel working in her department;
(2)    Failed in her primary duty to see that the daily meal is properly prepared in a manner consistent with firmly established food preparation and storage standards;
(3)    Failed to properly provide a safe, clean work environment;
(4)    Failed to expose the food borne poisoning illness issue to the proper authorities;
(5)    This Defendant could not, nor would not have had the opportunity to commit or carry out this Assault against the plaintiff had it not been for the Defendant's employment as correctional officer and working under the color of State at the TDCJ-ID Facility;
(6)    Sandra Haynes working in concert, engaged in the specific malicious organized criminal activity misconduct with his subordinates, to fraudulently conceal the kitchen personnel's negligence by use of conspiracy and fraud, and actually committing illegal criminal acts once she had knowledge of the food borne poisoning illness on the John Middleton Unit;
(7)    Violated Title 5, Chapter 22, Article 22.01(1)— 'Assault', Sandra Haynes committed this offense intentionally, knowingly, and recklessly on August 30, 2001, causing Plaintiff serious bodily injury by serving contaminated chicken salad for main course for supper in the South Chow-Hall, between the hours of 15:00 p.m. and 17:00 p.m., on the John Middleton Transfer Facility. Plaintiff had two (2) servings of the evening meal. Plaintiff was already having nausea pains, and on the 31st day of August, 2001, Plaintiff went to breakfast between the hours of 3:00 a.m. and 4:30 a.m., in the South Chow-Hall. Plaintiff had two (2) milks, which after drinking half, it did not taste right. Approximately 06:00 hours, Plaintiff abruptly awoke and barely made it to the restroom to vomit. Plaintiff was unable to keep fluids or any type of food down. Plaintiff was then sent to the Unit Medical Infirmary;
(8)    Violated Title 8, Chapter 39, Article 39.02(a)(1),(2)— 'Abuse of Official Capacity', Sandra Haynes committed this offense, with intent to obtain a benefit to conceal the kitchen personnel's negligence by use of conspiracy, fraud, and actually committing illegal criminal acts once she had knowledge of the food borne poisoning illness on the John Middleton Unit; she intentionally and knowingly violated numerous laws relating

to the public servant's office and employment. Sandra Haynes misused government record documents belonging to the government that has come into the public servant's custody and possession by virtue of the public servant's, office and employment;

(9)   Violated Title 8, Chapter 39, Article 39.03--- 'Official Oppression', Sandra Haynes acting under color of her office and employment committed this offense by intentionally subjecting Plaintiff to mistreatment, assessment, that she knows is unlawful; and has intentionally denied and impeded Plaintiff in the exercise and enjoyment of his rights, privileges, powers, and immunities, knowing her conduct is unlawful;

(10)   Violated Title 8, Chapter 39, Article 39.04(a)(1)--- 'Violations of the Civil Rights of Person in Custody', Sandra Haynes being an official and employee of TDCJ-ID correctional facility committed this offense by intentionally denying and impeding Plaintiff while in custody in the exercise and enjoyment of his rights, privileges, and immunities knowing her conduct was unlawful;

(11)   Violated Eighth (8) Amendment--- 'Cruel and Unusual Punishment', Sandra Haynes violated Plaintiff's Civil Rights by infliction of Cruel and Unusual Punishment by causing Plaintiff serious bodily injury by serving contaminated chicken salad for main course for supper in the South Chow-Hall, between the hours of 15:00 p.m. and 17:00 p.m., on the John Middleton Transfer Facility. Plaintiff had two (2) servings of the evening meal. Plaintiff was already having nausea pains, and on the 31th day of August, 2001, Plaintiff went to breakfast between the hours of 3:00 a.m. and 4:30 a.m., in the South Chow-Hall. Plaintiff had two (2) milks, which after drinking half, it did not taste right. Approximately 06:00 hours, Plaintiff abruptly awoke and barely made it to the restroom to vomit;

(12)   Violated Title 11, Chapter 71, Article 71.02(a)--- 'Organized Criminal Activity', Sandra Haynes committed this offense with the intent to establish, maintain, and participate in a 'Criminal Institutional Division Justice System Organization Code of Silence Criminal Conspiracy and Fraud Cover Up Attempt' of the food borne poisoning illness on the TDCJ-ID John Middleton Unit; engaging in the specific malicious organized criminal activity misconduct with her subordinates to fraudulently help conceal the kitchen personnel's negligence by use of conspiracy, fraud, and actually committing illegal criminal acts once she had knowledge of the food borne poisoning illness on the John Middleton Unit; also to cover up the commission of crimes under Title 2, Chapter 7, Subchapter A; Title 2, Chapter 7, Subchapter B; Title 8, Chapter 36; Title 8, Chapter 37; Title 8, Chapter 39; Title 11, Chapter 71, of the Penal Code;

Defendant #2,3:  Physician Nafrauri, John Middleton Unit Infirmary Head Physician; K. Washington; John Middleton Unit Infirmary L.V.N. Nurse; Texas Department of Criminal Justice-Institutional Division; John Middleton Unit; 13055 FM 3522; Abilene, Texas  79601

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

(1)   Both Defendants failed to provide adequate minimum standards of medical care and treatment required by law for prisoners while in custody;

(2)   Both Defendants failed to follow proper medical procedures in a timely manner;

(3)   Both Defendants failed to expose the food borne poisoning illness to the proper authorities;

(4)   Unit Physician Nafrauri failed in his duties to supervise John Middleton Unit Infirmary Nurses; allowed the Unit Classification Department to override my medical evaluation, medical restrictions, disabilities, and placed my life and safety in danger;

(5)   Both Defendants delay and failure to act resulted in Plaintiff's extreme serious and permanent disfigurement injuryin that, if the Defendants on the John Middleton Unit would have promptly sent Plaintiff to the Hendricks Medical Center Hospital instead of delaying Plaintiff's treatment for the food borne poisoning illness from the Unit Kitchen Captain, Sandra Haynes serving contaminated chicken salad and spoiled milk, Plaintiff's stomach could have been pumped out and the surgeries Plaintiff went through would not have been necessary at all. Although the actions and omissions of these Defendants appears to be secluded, confined and isolated to the John Middleton Unit, the Gang Style Criminal Justice System Code of Silence Criminal Conspiracy Cover Up Attempt' has run it's course through seven (7) Texas Department of Criminal Justice-Institutional Division Facilities leaving Plaintiff with everyday eating and digestive problems where Plaintiff have to watch what he eats, how much and to make sure that his digestive system can handle what he eats, coupled with shortened intestines because of blocked intestines as a direct result of Defendant's actions and omissions set forth in this document, which has left Plaintiff with a drastic and sadistic butchered indefinite disfigurement stomach scar. This Gang Style Criminal Justice System Code of Silence Criminal Conspiracy

Cover Up Attempt' should be broken down into seven (7) different traits of each conspirator, being (1) 'Gang Style '-- Each conspirator is acting as a member of a Criminal Justice System company of persons who go about together acting in concert with one another in modern use for their criminal purposes; (2) Criminal Justice System '--Each conspirator is a member of the network of courts and law enforcement tribunals which deals with criminal law and its enforcement; (3)' Organization '--Each conspirator is a member of an Criminal Justice System body of persons organized for some end and work to form into a whole united action arranged in systematic manner having organic structure and character of a unified Criminal Justice System body of persons; (4)' Code of Silence '--Each conspirator is acting under a Criminal Justice System ' Code of Silence' to fraudulently commit, supress, impede, illegally dismiss and conceal their own organized criminal activity which has nothing to do with their obligated duty under the' Rules of Professional Conduct' to avoid any and all law suits at any cost even to commit criminal offenses themselves; (5)' Criminal '--Each conspirator is a' Criminal' committing criminal offenses pertaining to and connected with the laws of the land of crimes and indeed obstructs the administration of true penal justice for all; (6)' Conspiracy '-- Each conspirator is a member of the lodged' Criminal Conspiracy' in this document, conspiring with co-conspirators as a member of a' Gang Style Criminal Justice System Organization ' to fraudulently commit, suppress, impede, illegally dismiss and conceal their own organized criminal activity which is not connected to any obligated duty under the' Rules of Professional Conduct'; (7) 'Cover Up '--Each conspirator is a member of the existing' Cover Up' attempt to fraudulently, suppress, impede, illegally dismiss and conceal each conspirator's true motive in participation in this cover up attempt.

(6)   Both Defendants working in concert, engaging in the specific malicious organized criminal activity misconduct with his/her subordinates, to fraudulently conceal the kitchen personnel's negligence by use of conspiracy and fraud, and actually committing illegal criminal acts once he/she had knowledge of the food borne poisoning illness on the John Middleton Unit;

(7)   Both Defendants after becoming aware that I had filed a Civil Rights Complaint against the Texas Department of Criminal Justice-Institutional Division John Middleton Unit, the listed Defendants of the John Middleton Unit Medical Department began their harassment and retaliation.

(8)   Both Defendants violated Title 8, Chapter 39, Article 39.02(a)(1),(2)-- 'Abuse of Official Capacity', Both Defendants committed  this offense, with intent to obtain a benefit to conceal the kitchen personnel's negligence by use of conspiracy, fraud, and actually committing illegal criminal acts once he/she had knowledge of the food borne poisoning illness on the John Middleton Unit; he/she intentionally and knowingly violated numerous laws relating to the public servant's office and employment, Both Defendants misused government record documents belonging to the government that has come into the public servant's custody and possession by virtue of the public servant's office and employment;

(9)   Both Defendants violated Title 8, Chapter 39, Article 39.03--- 'Official Oppression', Both Defendants acting under color of his/her office and employment committed this offense by intentionally subjecting Plaintiff to mistreatment, assessment, that he/she knows is unlawful; and has intentionally denied and impeded Plaintiff in the exercise and enjoyment of his rights, privileges, powers, and immunities, knowing his/her conduct is unlawful;

(10) Both Defendants violated Title 8, Chapter 39, Article 39.04(a)(1)--- 'Violations of the Civil Rights of Person in Custody', Both Defendants being an official and employee of TDCJ-ID correctional facility committed this offense by intentionally denying and impeding Plaintiff while in custody in the exercise and enjoyment of his rights, privileges, and immunities knowing his/her conduct was unlawful;

(11) Both Defendants violated Eighth (8) Amendment--- 'Cruel and Unusual Punishment', Both Defendants violated Plaintiff's Civil Rights by infliction of Cruel and Unusual Punishment by engaging in an ongoing practice of unconstitutionally reassigning Plaintiff and other Inmates to work assignments contrary to Plaintiff's and the other Inmate's medical condition;

(12) Both Defendants violated Title 11, Chapter 71, Article 71.02(a)--- 'Organized Criminal Activity', Both Defendants committed this offense with the intent to establish, maintain, and participate in a 'Criminal Institutional Division Justice System Organization Code of Silence Criminal Conspiracy and Fraud Cover Up Attempt' of  the food borne poisoning illness on the TDCJ-ID John Middleton Unit; engaging in the specific malicious organized criminal activity misconduct with his/her subordinates to fraudulently helped conceal the kitchen personnel's negligence by use of conspiracy, fraud, and actually committing illegal criminal acts once he/she had knowledge of the food borne poisoning illness on the John Middleton Unit; also to cover up the commission of crimes under Title 2, Chapter 7, Subchapter A; Title 2, Chapter 7, Subchapter B; Title 8, Chapter

36; Title 8, Chapter 37; Title 8, Chapter 39; Title 11, Chapter 71, of the Penal Code;

Defendant #4,5: Donald Sweeney, Classification Department Committee Board Member; Sylvia J. Glenn, Classification Department Committee Board Member; Texas Department of Criminal Justice-Institutional Division; John Middleton Unit; 13055 FM 3522; Abilene, Texas 79601

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

(1)   Both Defendants failed to expose the food borne poisoning illness to the proper authorities;

(2)   Both Defendants failure to act resulted in Plaintiff's extreme serious and permanent disfigurement injuryin that, if the Defendants on the John Middleton Unit would have promptly sent Plaintiff to the Hendricks Medical Center Hospital instead of delaying Plaintiff's treatment for the food borne poisoning illness from the Unit Kitchen Captain, Sandra Haynes serving contaminated chicken salad and spoiled milk, Plaintiff's stomach could have been pumped out and the surgeries Plaintiff went through would not have been necessary at all. Although the actions and omissions of these Defendants appears to be secluded, confined and isolated to the John Middleton Unit, the Gang Style Criminal Justice System Code of Silence Criminal Conspiracy Cover Up Attempt' has run it's course through seven (7) Texas Department of Criminal Justice-Institutional Division Facilities leaving Plaintiff with everyday eating and digestive problems where Plaintiff have to watch what he eats, how much and to make sure that his digestive system can handle what he eats, coupled with shortened intestines because of blocked intestines as a direct result of Defendant's actions and omissions set forth in this document, which has left Plaintiff with a drastic and sadistic butchered indefinite disfigurement stomach scar. This Gang Style Criminal Justice System Code of Silence Criminal Conspiracy Cover Up Attempt' should be broken down into seven (7) different traits of each conspirator, being (1) 'Gang Style '-- Each conspirator is acting as a member of a Criminal Justice System company of persons who go about together acting in concert with one another in modern use for their criminal purposes; (2) Criminal Justice System '--Each conspirator is a member of the network of courts and law enforcement tribunals which deals with criminal law and its enforcement; (3)' Organization '--Each conspirator is a member of an Criminal Justice System body of persons organized for some end and .work to form into a whole united action arranged in systematic manner having organic structure and character of a unified Criminal Justice System body of persons; (4)' Code of Silence '-- Each conspirator is acting under a Criminal Justice System ' Code of Silence' to fraudulently commit, supress, impede, illegally dismiss and conceal their own organized criminal activity which has nothing to do with their obligated duty under the' Rules of Professional Conduct' to avoid any and all law suits at any cost even to commit criminal offenses themselves; (5)' Criminal '—Each conspirator is a' Criminal' committing criminal offenses pertaining to and connected with the laws of the land of crimes and indeed obstructs the administration of true penal justice for all; (6)' Conspiracy '-- Each conspirator is a member of the lodged' Criminal Conspiracy'in this document,conspiring with co-conspirators as a member of a' Gang Style Criminal Justice System Organization ' to fraudulently commit, suppress, impede, illegally dismiss and conceal their own organized criminal activity which is not connected to any obligated duty under the' Rules of Professional Conduct'; (7) 'Cover Up '--Each conspirator is a member of the existing' Cover Up' attempt to fraudulently commit, suppress, impede, illegally dismiss and conceal each conspirator's true motive in participation in this cover up attempt.

(3)   Both Defendants allowed the Unit Classification Department to override my medical evaluation, medical restrictions, disabilities, and placed my life and safety in danger;

(4)   Both Defendants working in concert, engaging in the specific malicious organized criminal activity misconduct with his/her subordinates to fraudulently help conceal the kitchen personnel's negligence by use of conspiracy, fraud, and actually committing illegal criminal acts once he/she had knowledge of the food borne poisoning illness on the John Middleton Unit;

(5)   Both Defendants working in concert, engaging in the specific malicious organized criminal activity misconduct with his/her subordinates both Defendants condoned and allowed the correctional guards guarding Plaintiff, as well as, Administrative Security Officials to maliciously retaliate against Plaintiff by means of denial of prescribed medication prescribed by a professional medical physician; verbal abuse, inappropriate disciplinary measures;

(6)   Both Defendants after becoming aware that I had filed a Civil Rights Complaint against the Texas Department of Criminal Justice-Institutional Division John Middleton Unit, the listed Defendants of the John Middleton Unit began their harassment and retaliation;

(7)   Both Defendants violated Title 8, Chapter 39, Article 39.06— 'Misuse of Official Information', by both

Defendants knowingly with full intent to deceive, placed his/her reliance on information on his/her subordinate's act of 'Perjury' to which he/she has access by virtue of his/her office or employment and that has not been made public, acquiring and aiding another to acquire a pecuniary interest in reassignment of Plaintiff's work assignment, that was affected by the information; and speculates and aids another to speculate on the basis of the information; coercing another into suppressing and failing to report information to correct law enforcement agency. Both Defendants committed this offense with intent to obtain unconstitutional reassignment of Plaintiff's work assignment contrary to his medical condition with intent to harm and defraud Plaintiff disclosing and using the information for a nongovernmental purpose that he/she has access to by means of his/her office and employment; and has not been made public. Both Defendants with intent to obtain the unconstitutional reassignment of Plaintiff's work assignment with intent to harm and defraud Plaintiff he/she solicited and received the information from public servants working for TDCJ-ID, which has access to by means of public servant's office and employment; and has not been made public;

(8) Both Defendants violated Title 2, Chapter 7, Subchapter A, Article 7.02(a)(1),(2),(3)— 'Criminal Responsibility for Conduct of Another'; Both Defendants, being a high managerial agent for TDCJ-ID, by agreeing with all co-conspirators named in this document to engage in organized criminal activity conduct that constitutes this criminal offense is criminally responsible for the offense committed by the conduct of another by acting with the kind of culpability required for the offense, he/she causes and aids an innocent or non-responsible person to engage in conduct prohibited by the definition of the offense; and acting with intent to promote or assist the commission of the offense, he/she solicited, encouraged, directs, aids, and attempts to aid the other person to commit the offense; having a legal duty to prevent commission of the offense and acting with intent to promote or assist its commission, he/she failed to make a reasonable effort to prevent commission of the offense;

(9) Both Defendants violated Title 2, Chapter 7, Subchapter B, Article 7.23(a)(b)— 'Criminal Responsibility of Person for Conduct in Behalf of Corporation or Association'; Both Defendants placed himself/herself liable for 'Criminal Responsibility of Person for Conduct in Behalf of Corporation or Association', being a high managerial agent for TDCJ-ID, by being criminally responsible for conduct that he/she performed in the name of and in behalf of TDCJ-ID to the same extent as if the conduct were performed in his/her own name and behalf, having primary responsibility for the discharge of a duty to act imposed by law on a corporation or association is criminally responsible for omission to discharge the duty to the same extent as if the duty were imposed by law directly on himself/herself, agreeing with all co-conspirators named in this document to engage in organized criminal activity conduct that constitutes the criminal offenses by performing the lodged 'Criminal Overt Acts' against Plaintiff;

(10) Both Defendants violated Title 8, Chapter 36, Article 36.03(a)(1)— 'Coercion of Public Servant'', Both Defendants committed this offense by means of coercion as he/she influenced TDCJ-ID Administrative Officials, being public servants, in a specific exercise of their official power and specific performance of their official duty to violate the public servants known legal duty instituting unconstitutionally reassignment of Plaintiff's work assignment contrary to his medical condition with intent to harm and defraud Plaintiff;

(11) Both Defendants violated Title 8, Chapter 36, Article 36.04(a)— 'Improper Influence', Both Defendants committed this offense as he/she privately entreated, TDCJ-ID public servants who exercised official discretion in an adjudicatory proceeding unconstitutionally reassigning Plaintiff's work assignment contrary to his medical condition with intent to harm and defraud Plaintiff, with an intent to influence the outcome of the proceeding on the basis of retaliatory considerations not authorized by law.

(12) Both Defendants violated Title 8, Chapter 36, Article 36.06(a)(1)(A),(B)— 'Obstruction or Retaliation', Both Defendants committed this offense by intentionally and knowingly harming Plaintiff by an unlawful act in retaliation for account of the service and status of Plaintiff as a witness, prospective witness, and prospective informant who has reported the wrongdoings of both Defendants and other TDCJ-ID, and Hendrick's Medical Center Hospital Officials, and the report of the occurrence of crimes set forth in this document. Both Defendants committed this offense to delay or eliminate the service of Plaintiff on crimes committed and the inadequate minimum standard of medical care treatment practice by TDCJ-ID and Hendrick's Medical Center Hospital;

(13) Both Defendants violated Title 8, Chapter 37, Article 37.02(a)(1),(2)— 'Perjury', Both Defendants knowingly with full intent, allowed an altered and falsified 'Official Government Document' into the Governmental Record, and acted on the altered and falsified 'Official Government Document', that had been tampered with and had fabricating physical evidence in making his/her decision to unconstitutionally assign Plaintiff to Work Assignment contrary to Plaintiff's Medical Condition;

(14) Both Defendants violated Title 8, Chapter 37, Article 37.03(a)(1),(2)— 'Aggravated Perjury', being in

connection with an official proceeding with both Defendants knowingly with full intent, acted on an altered and falsified 'Official Government Document', that had been tampered with and had fabricating physical evidence in his/her decision to unconstitutionally assigned Plaintiff to Work Assignment contrary to Plaintiff's Medical Condition;

(15) Both Defendants violated Title 8, Chapter 37, Article 37.10(a)(1),(2),(3),(5)--- 'Tampering With Governmental Record'. Both Defendants committed the offense knowingly condoning and allowing a false entry and false alteration of the governmental record; presenting, and using the records document, with knowledge of its falsity and with intent that it be taken as a genuine governmental record; intentionally conceals the verity, legibility; and uses the governmental record with knowledge of its falsity in making his/her decision to unconstitutionally assigned Plaintiff to Work Assignment contrary to Plaintiff's Medical Condition;

(16) Both Defendants violated Title 8, Chapter 39, Article 39.02(a)(1),(2)--- 'Abuse of Official Capacity'. Both Defendants committed this offense, with intent to obtain a benefit of unconstitutional reassignment of Plaintiff's work assignment contrary to his medical condition with intent to harm and defraud Plaintiff, he/she intentionally and knowingly violated numerous laws relating to the public servant's office and employment; Both Defendants misused government record document belonging to the government that has come into the public servant's custody and possession by virtue of the public servant's, office and employment;

(17) Both Defendants violated Title 8, Chapter 39, Article 39.03(a)(1),(2)--- 'Official Oppression'. Both Defendants acting under color of his/her office and employment committed this offense by intentionally subjecting Plaintiff to mistreatment, assessment, that he/she knows is unlawful; and has intentionally denied and impeded Plaintiff in the exercise and enjoyment of his rights, privileges, powers, and immunities, knowing his/her conduct is unlawful;

(18) Both Defendants violated Title 8, Chapter 39, Article 39.04(a)(1)--- 'Violations of the Civil Rights of Person in Custody'. Both Defendants being an official and employee of TDCJ-ID correctional facility committed this offense by intentionally denying and impeding Plaintiff while in custody in the exercise and enjoyment of his rights, privileges, and immunities knowing his/her conduct was unlawful;

(19) Both Defendants violated Eighth (8) Amendment--- 'Cruel and Unusual Punishment'. Both Defendants violated Plaintiff's Civil Rights by infliction of Cruel and Unusual Punishment by engaging in an ongoing practice of unconstitutionally reassigning Plaintiff and other Inmates to work assignments contrary to Plaintiff's and the other Inmate's medical condition.

(20) Both Defendants violated Title 11, Chapter 71, Article 71.02(a)(1),(9)--- 'Organized Criminal Activity'. Both Defendants committed this offense with the intent to establish, maintain, and participate in a 'Criminal Institutional Division Justice System Organization Code of Silence Criminal Conspiracy and Fraud Cover Up Attempt' of the food borne poisoning illness on the TDCJ-ID John Middleton Unit; and to unconstitutionally assign Plaintiff to Work Assignment contrary to Plaintiff's Medical Condition; engaging in the specific malicious organized criminal activity misconduct with his/her subordinates to fraudulently helped conceal the kitchen personnel's negligence by use of conspiracy, fraud, and actually committing illegal criminal acts once he/she had knowledge of the food borne poisoning illness on the John Middleton Unit; also to cover up the commission of crimes under Title 2, Chapter 7, Subchapter A; Title 2, Chapter 7, Subchapter B; Title 8, Chapter 36; Title 8, Chapter 37; Title 8, Chapter 39; Title 11, Chapter 71, of the Penal Code;

Defendant #6,7: J. Stewards, Unit Security Lieutenant of Correctional Officials; Sergeant Hogg, John Middleton Security Sergeant of Correctional Officers; Texas Department of Criminal Justice-Institutional Division; John Middleton Unit; 13055 FM 3522; Abilene, Texas 79601

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
(1)   Failed to expose the food borne poisoning illness issue to the proper authorities;
(2)   The failure to act resulted in Plaintiff's extreme serious and permanent disfigurement injury, in that, if the Defendants on the John Middleton Unit would have promptly sent Plaintiff to the Hendricks Medical Center Hospital instead of delaying Plaintiff's treatment for the food borne poisoning illness from the Unit Kitchen Captain, Sandra Haynes serving contaminated chicken salad and spoiled milk, Plaintiff's stomach could have been pumped out and the surgeries Plaintiff went through would not have been necessary at all. Although the actions and omissions of these Defendants appears to be secluded, confined and isolated to the John Middleton Unit, the Gang Style Criminal Justice System Code of Silence Criminal Conspiracy Cover Up Attempt' has run it's course through seven (7) Texas Department of Criminal Justice-Institutional Division Facilities leaving

Plaintiff with everyday eating and digestive problems where Plaintiff have to watch what he eats, how much and to make sure that his digestive system can handle what he eats, coupled with shortened intestines because of blocked intestines as a direct result of Defendant's actions and omissions set forth in this document, which has left Plaintiff with a drastic and sadistic butchered indefinite disfigurement stomach scar. This Gang Style Criminal Justice System Code of Silence Criminal Conspiracy Cover Up Attempt' should be broken down into seven (7) different traits of each conspirator, being (1) 'Gang Style '— Each conspirator is acting as a member of a Criminal Justice System company of persons who go about together acting in concert with one another in modern use for their criminal purposes; (2) Criminal Justice System '—Each conspirator is a member of the network of courts and law enforcement tribunals which deals with criminal law and its enforcement; (3)' Organization '—Each conspirator is a member of an Criminal Justice System body of persons organized for some end and work to form into a whole united action arranged in systematic manner having organic structure and character of a unified Criminal Justice System body of persons; (4)' Code of Silence '—Each conspirator is acting under a Criminal Justice System ' Code of Silence' to fraudulently commit, suppress, impede, illegally dismiss and conceal their own organized criminal activity which has nothing to do with their obligated duty under the' Rules of Professional Conduct' to avoid any and all law suits at any cost even to commit criminal offenses themselves; (5)' Criminal '—Each conspirator is a' Criminal' committing criminal offenses pertaining to and connected with the laws of the land of crimes and indeed obstructs the administration of true penal justice for all; (6)' Conspiracy '— Each conspirator is a member of the lodged' Criminal Conspiracy'in this document,conspiring with co-conspirators as a member of a' Gang Style Criminal Justice System Organization ' to fraudulently commit, suppress, impede, illegally dismiss and conceal their own organized criminal activity which is not connected to any obligated duty under the' Rules of Professional Conduct'; (7) 'Cover Up '—Each conspirator is a member of the existing' Cover Up' attempt to fraudulently commit, suppress, impede, illegally dismiss and conceal each conspirator's true motive in participation in this cover up attempt.

(3)   Defendant Sergeant Hogg accepted a False Report to Peace Officer or Law Enforcement Employee from J. Lopez, and while acting under color of State, Sergeant Hogg was to Investigate the false disciplinary case, knowing the information to be false and incorrect, during a Criminal Investigation. The false statements and information was material to the Criminal Investigation;

(4)   Defendant J. Stewards accepted the False Report to Peace Officer or Law Enforcement Employee from Sergeant Hogg, and while acting under color of State, Defendant J. Stewards convicted Plaintiff of the false disciplinary case, knowing the information to be false and incorrect, during a Criminal Investigation. The false statements and information was material to the Criminal Investigation;
allowed the Unit Classification Department to override my medical evaluation, medical restrictions, disabilities, and placed my life and safety in danger;

(5)   Both Defendants after becoming aware that I had filed a Civil Rights Complaint against the Texas Department of Criminal Justice-Institutional Division John Middleton Unit, the listed Defendants of the John Middleton Unit began their harassment and retaliation;

(6)   Working in concert, both Defendants engaging in the specific malicious organized criminal activity misconduct with their subordinates to fraudulently help conceal the kitchen personnel's negligence by use of conspiracy, fraud, and actually committing illegal criminal acts once they had knowledge of the food borne poisoning illness issue on the John Middleton Unit;

(7)   Working in concert, both Defendants engaging in the specific malicious organized criminal activity misconduct with their subordinates, both Defendants retaliated against Plaintiff, in that they both acted on a false, altered and fabricated disciplinary case written by J. Lopez in an attempt to cover up the food borne poisoning illness issue because they knew that Plaintiff was filing on the persons involved on the John Middleton Unit. Both Defendants condoned and allowed J. Lopez, one of the correctional guards guarding Plaintiff, as well as, Administrative Security Officials to maliciously retaliate against Plaintiff by means of denial of prescribed medication prescribed by a professional medical physician;   verbal abuse, and the inappropriate disciplinary measures;

(8)   Violated Title 8, Chapter 39, Article 39.06--- 'Misuse of Official Information', by both Defendants knowingly with full intent to deceive, placed their reliance on information on their subordinate, J. Lopez's act of 'Perjury' to which they had access by virtue of their office and employment and that has not been made public, acquiring and aiding each other and other Administrative Officials to acquire a pecuniary interest in reassignment of Plaintiff's work assignment, that was affected by the information; and speculates and aids another to speculate on the basis of the information; coercing another into suppressing and failing to report

information to correct law enforcement agency, to conceal the food borne poisoning illness issue. Both Defendants committed this offense with intent to obtain unconstitutional reassignment of Plaintiff's work assignment contrary to his medical condition with intent to harm and defraud Plaintiff disclosing and using the information for a nongovernmental purpose of retaliation against Plaintiff for filing on the food poisoning and for the illegal disciplinary case, that they had access to by means of their office and employment; and has not been made public. Both Defendants with intent to obtain the unconstitutional reassignment of Plaintiff's work assignment with intent to harm and defraud Plaintiff they solicited and received the information from other public servants working for TDCJ-ID, which they had access to by means of their office and employment; and has not been made public;

(9)   Violated Title 2, Chapter 7, Subchapter A, Article 7.02(a)(1),(2),(3)— 'Criminal Responsibility for Conduct of Another'; Both Defendants being high managerial agents for TDCJ-ID, by agreeing with all co-conspirators named in this document to engage in organized criminal activity conduct that constitutes this criminal offense is criminally responsible for the offense committed by the conduct of each other and other subordinate TDCJ-ID Officials by acting with the kind of culpability required for the offense, they caused and aided other non-responsible persons to engage in conduct prohibited by the definition of the offense; and acting with intent to promote and assist the commission of the offense, they solicited, encouraged, directs, aids, and attempts to aid the other persons to commit the offense; having a legal duty to prevent commission of the offense and acting with intent to promote or assist its commission, they failed to make a reasonable effort to prevent commission of the offense;

(10)   Violated Title 2, Chapter 7, Subchapter B, Article 7.23(a)(b)— 'Criminal Responsibility of Person for Conduct in Behalf of Corporation or Association'; Both Defendants placed themselves liable for 'Criminal Responsibility of Person for Conduct in Behalf of Corporation or Association', being a high managerial agent for TDCJ-ID, by being criminally responsible for conduct that they performed in the name of and in behalf of TDCJ-ID to the same extent as if the conduct were performed in themselves own name and behalf, having primary responsibility for the discharge of a duty to act imposed by law on a corporation or association is criminally responsible for omission to discharge the duty to the same extent as if the duty were imposed by law directly on themselves, agreeing with all co-conspirators named in this document to engage in organized criminal activity;

(11)   Violated Title 8, Chapter 36, Article 36.03(a)(1)— 'Coercion of Public Servant''. Both Defendants committed this offense by means of coercion as they influenced TDCJ-ID Administrative Officials, being public servants, in a specific exercise of their official power and specific performance of their official duty to violate the public servants known legal duty instituting unconstitutionally reassignment of Plaintiff's work assignment contrary to his medical condition with intent to harm and defraud Plaintiff;

(12)   Violated Title 8, Chapter 36, Article 36.04(a)— 'Improper Influence'. Both Defendants committed this offense as they privately entreated, TDCJ-ID public servants who exercised official discretion in an adjudicatory proceeding unconstitutionally reassigning Plaintiff's work assignment contrary to his medical condition with intent to harm and defraud Plaintiff; with an intent to influence the outcome of the proceeding on the basis of retaliatory considerations not authorized by law;

(13)   Violated Title 8, Chapter 36, Article 36.06(a)(1)(A),(B)— 'Obstruction or Retaliation'. Both Defendants committed this offense by intentionally and knowingly harming Plaintiff by an unlawful act in retaliation for account of the service and status of Plaintiff as a witness, prospective witness, and prospective informant who has reported the wrongdoings of both Defendants and other TDCJ-ID, and Hendrick's Medical Center Hospital Officials, and the report of the occurrence of crimes set forth in this document. Both Defendants committed this offense to delay or eliminate the service of Plaintiff on crimes committed and the inadequate minimum standard of medical care treatment practice by TDCJ-ID and Hendrick's Medical Center Hospital; also to cover up the food borne poisoning illness issue;

(14)   Violated Title 8, Chapter 37, Article 37.02(a)(1),(2)— 'Perjury'. Both Defendants knowingly with full intent, allowed an altered and falsified Disciplinary Case, written by J. Lopez, being an 'Official Government Document' into the Governmental Record, and acted on the altered and falsified 'Official Government Document', that had been tampered with and had fabricating physical evidence in making their decision to convict Plaintiff of the false, fabricated and retaliatory disciplinary case and to have Plaintiff unconstitutionally assign to Work Assignment contrary to Plaintiff's Medical Condition;

(15)   Violated Title 8, Chapter 37, Article 37.03(a)(1),(2)— 'Aggravated Perjury', being in connection with an official proceeding with both Defendants knowingly with full intent, acted on an altered and falsified Disciplinary Case, written by J. Lopez, being an 'Official Government Document', that had been tampered with and had

fabricating physical evidence in their decision to convict Plaintiff of the false, fabricated and retaliatory disciplinary case and have Plaintiff unconstitutionally assigned to Work Assignment contrary to Plaintiff's Medical Condition;

(16) Violated Title 8, Chapter 37, Article 37.10(a)(1),(2),(3),(5)— 'Tampering With Governmental Record'. Both Defendants committed the offense knowingly condoning and allowing an altered and falsified Disciplinary Case, written by J. Lopez, entry into the governmental record; presenting, and using the records document, with knowledge of its falsity and with intent that it be taken as a genuine governmental record; intentionally conceals the verity, legibility; and uses the governmental record with knowledge of its falsity in making their decision to convict Plaintiff of the false, fabricated and retaliatory disciplinary case and have Plaintiff unconstitutionally assigned to Work Assignment contrary to Plaintiff's Medical Condition;

(17) Violated Title 8, Chapter 39, Article 39.02(a)(1),(2)— 'Abuse of Official Capacity'. Both Defendants committed this offense, with intent to obtain a benefit of unconstitutional reassignment of Plaintiff's work assignment contrary to his medical condition with intent to harm and defraud Plaintiff, they intentionally and knowingly violated numerous laws relating to the both Defendants office and employment; Both Defendants misused government record document belonging to the government that has come into their custody and possession by virtue of their office and employment;

(18) Violated Title 8, Chapter 39, Article 39.03(a)(1),(2)— 'Official Oppression'. Both Defendants acting under color of their office and employment committed this offense by intentionally subjecting Plaintiff to mistreatment, assessment, that they knew was unlawful; and has intentionally denied and impeded Plaintiff in the exercise and enjoyment of his rights, privileges, powers, and immunities, knowing their conduct was unlawful;

(19) Violated Title 8, Chapter 39, Article 39.04(a)(1)— 'Violations of the Civil Rights of Person in Custody'. Both Defendants being an official and employee of TDCJ-ID correctional facility committed this offense by intentionally denying and impeding Plaintiff while in custody in the exercise and enjoyment of his rights, privileges, and immunities knowing their conduct was unlawful;

(20) Violated Eighth (8) Amendment— 'Cruel and Unusual Punishment'. Both Defendants violated Plaintiff's Civil Rights by infliction of Cruel and Unusual Punishment by an ongoing practice of unconstitutionally reassigning Plaintiff and other Inmates to work assignments contrary to Plaintiff's and other Inmate's medical condition;

(21) Violated Title 11, Chapter 71, Article 71.02(a)(1),(9)— 'Organized Criminal Activity'. Both Defendants committed this offense with the intent to establish, maintain, and participate in a 'Criminal Institutional Division Justice System Organization Code of Silence Criminal Conspiracy and Fraud Cover Up Attempt' of the food borne poisoning illness issue on the TDCJ-ID John Middleton Unit; engaging in the specific malicious organized criminal activity misconduct with his subordinates to fraudulently help conceal the kitchen personnel's negligence by use of conspiracy, fraud, and actually committing illegal criminal acts once they had knowledge of the food borne poisoning illness issue on the John Middleton Unit; also to have Plaintiff unconstitutionally reassigned to work assignments contrary to Plaintiff's medical condition; also to cover up the commission of crimes under Title 2, Chapter 7, Subchapter A; Title 2, Chapter 7, Subchapter B; Title 8, Chapter 36; Title 8, Chapter 37; Title 8, Chapter 39; Title 11, Chapter 71, of the Penal Code;

Defendant #8: J. Lopez; John Middleton Security Correctional Officer; Texas Department of Criminal Justice-Institutional Division; John Middleton Unit; 13055 FM 3522; Abilene, Texas 79601

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
(1)   Failed to expose the food borne poisoning illness issue to the proper authorities;
(2)   The failure to act resulted in Plaintiff's extreme serious and permanent disfigurement injury; in that, if the Defendants on the John Middleton Unit would have promptly sent Plaintiff to the Hendricks Medical Center Hospital instead of delaying Plaintiff's treatment for the food borne poisoning illness from the Unit Kitchen Captain, Sandra Haynes serving contaminated chicken salad and spoiled milk, Plaintiff's stomach could have been pumped out and the surgeries Plaintiff went through would not have been necessary at all. Although the actions and omissions of these Defendants appears to be secluded, confined and isolated to the John Middleton Unit, the Gang Style Criminal Justice System Code of Silence Criminal Conspiracy Cover Up Attempt' has run it's course through seven (7) Texas Department of Criminal Justice-Institutional Division Facilities leaving Plaintiff with everyday eating and digestive problems where Plaintiff have to watch what he eats, how much and to make sure that his digestive system can handle what he eats, coupled with shortened intestines because of

blocked intestines as a direct result of Defendant's actions and omissions set forth in this document, which has left Plaintiff with a drastic and sadistic butchered indefinite disfigurement stomach scar. This Gang Style Criminal Justice System Code of Silence Criminal Conspiracy Cover Up Attempt' should be broken down into seven (7) different traits of each conspirator, being (1) 'Gang Style '-- Each conspirator is acting as a member of a Criminal Justice System company of persons who go about together acting in concert with one another in modern use for their criminal purposes; (2) Criminal Justice System '--Each conspirator is a member of the network of courts and law enforcement tribunals which deals with criminal law and its enforcement; (3)' Organization '--Each conspirator is a member of an Criminal Justice System body of persons organized for some end and work to form into a whole united action arranged in systematic manner having organic structure and character of a unified Criminal Justice System body of persons; (4)' Code of Silence '--Each conspirator is acting under a Criminal Justice System ' Code of Silence' to fraudulently commit, suppress, impede, illegally dismiss and conceal their own organized criminal activity which has nothing to do with their obligated duty under the' Rules of Professional Conduct' to avoid any and all law suits at any cost even to commit criminal offenses themselves; (5)' Criminal '---Each conspirator is a' Criminal' committing criminal offenses pertaining to and connected with the laws of the land of crimes and indeed obstructs the administration of true penal justice for all; (6)' Conspiracy '-- Each conspirator is a member of the lodged' Criminal Conspiracy'in this document,conspiring with co-conspirators as a member of a' Gang Style Criminal Justice System Organization ' to fraudulently commit, suppress, impede, illegally dismiss and conceal their own organized criminal activity which is not connected to any obligated duty under the' Rules of Professional Conduct'; (7) 'Cover Up '--Each conspirator is a member of the existing' Cover Up' attempt to fraudulently commit, suppress, impede, illegally dismiss and conceal each conspirator's true motive in participation in this cover up attempt.

(3)    Defendant after becoming aware that I had filed a Civil Rights Complaint against the Texas Department of Criminal Justice-Institutional Division John Middleton Unit, this John Middleton Unit Defendant began her harassment and retaliation;

(4)    Working in concert, Defendant engaged in the specific malicious organized criminal activity misconduct with her subordinates not only to fraudulently help conceal the kitchen personnel's negligence, but also to retaliate against Plaintiff for his filing on the food borne poisoning illness issue by her use of conspiracy, fraud, and actually committing illegal criminal acts once she had knowledge of the food borne poisoning illness issue on the John Middleton Unit;

(5)    Working in concert, engaging in the specific malicious organized criminal activity misconduct with her subordinates J. Lopez maliciously retaliated against Plaintiff by means of denial of prescribed medication prescribed by a professional medical physician;  verbal abuse, inappropriate disciplinary measures;

(6)    Violated Texas Penal Code, Title 8, Chapter 37, Article 37.08(a)(I),(2), by making a 'False Report to Peace Officer or Law Enforcement Employee', while acting under color of State; Defendant J. Lopez gave information to Unit Security Lieutenant of Correctional Official, J. Stewards, with Defendant J. Lopez knowing the information to be false and incorrect;

(7)    Violated Title 8, Chapter 39, Article 39.06--- 'Misuse of Official Information', by J. Lopez knowingly with full intent to deceive,  presented the false, fabricated disciplinary case for other TDCJ-ID Officials to act on her act of 'Perjury' to which she had access by virtue of her office and employment and that has not been made public, acquiring and aiding J. Stewards and Sergeant Hogg  and higher TDCJ-ID Administrative Officials to acquire a pecuniary interest in convicting Plaintiff unconstitutionally, resulting in reassignment of Plaintiff's work assignment, that was affected by the information; and speculated and aided another to speculate on the basis of the information; coercing another into suppressing and failing to report information to correct law enforcement agency, to conceal the food borne poisoning illness issue. J. Lopez committed this offense with intent to obtain unconstitutional reassignment of Plaintiff's work assignment contrary to his medical condition with intent to harm and defraud Plaintiff disclosing and using the information for a nongovernmental purpose of retaliation against Plaintiff for filing on the food poisoning, that she had access to by means of her office and employment; and had not been made public, doing this with the aid of other TDCJ-ID Officials with intent to harm and defraud Plaintiff;

(8)    Violated Title 2, Chapter 7, Subchapter A, Article 7.02(a)(1),(2),(3)--- 'Criminal Responsibility for Conduct of Another'; J. Lopez, being a Correctional Officer Agent for TDCJ-ID, by agreeing with all co-conspirators named in this document to engage in organized criminal activity conduct that constitutes this criminal offense is criminally responsible for the offense committed by the conduct of another by acting with the kind of culpability required for the offense, she caused and aided J. Stewards and Sergeant Hogg being non-responsible persons to

engage in conduct prohibited by the definition of the offense; and acting with intent to promote or assist the commission of the offense, she solicited, encouraged, directs, aided the other persons to commit the offense; having a legal duty to prevent commission of the offense and acting with intent to promote or assist its commission, she failed to make a reasonable effort to prevent commission of the offense,

(9)   Violated Title 2, Chapter 7, Subchapter B, Article 7.23(a)(b)--- 'Criminal Responsibility of Person for Conduct in Behalf of Corporation or Association'; J. Lopez placed herself liable for 'Criminal Responsibility of Person for Conduct in Behalf of Corporation or Association', being a high managerial agent for TDCJ-ID, by being criminally responsible for conduct that she performed in the name of and in behalf of TDCJ-ID to the same extent as if the conduct were performed in her own name and behalf, having primary responsibility for the discharge of a duty to act imposed by law on a corporation or association is criminally responsible for omission to discharge the duty to the same extent as if the duty were imposed by law directly on herself, agreeing with all co-conspirators named in this document to engage in organized criminal activity conduct that constitutes the criminal offenses by performing the lodged 'Criminal Overt Acts' against Plaintiff;

(10)   Violated Title 8, Chapter 36, Article 36.03(a)(1)--- 'Coercion of Public Servant', J. Lopez committed this offense by means of coercion as she influenced TDCJ-ID Administrative Officials, being public servants, in a specific exercise of their official power and specific performance of their official duty to violate the public servants known legal duty instituting unconstitutionally reassignment of Plaintiff's work assignment contrary to his medical condition with intent to harm and defraud Plaintiff;

(11)   Violated Title 8, Chapter 36, Article 36.04(a)--- 'Improper Influence', J. Lopez committed this offense as she privately entreated, TDCJ-ID public servants who exercised official discretion in an adjudicatory proceeding unconstitutionally reassigning Plaintiff's work assignment contrary to his medical condition with intent to harm and defraud Plaintiff; with an intent to influence the outcome of the proceeding on the basis of retaliatory considerations not authorized by law;

(12)   Violated Title 8, Chapter 36, Article 36.06(a)(1)(A),(B)--- 'Obstruction or Retaliation', J. Lopez committed this offense by intentionally and knowingly harming Plaintiff by an unlawful act in retaliation for account of the service and status of Plaintiff as a witness, prospective witness, and prospective informant who has reported the wrongdoings of J. Lopez and other TDCJ-ID, and Hendrick's Medical Center Hospital Officials, and the report of the occurrence of crimes set forth in this document. J. Lopez committed this offense to delay or eliminate  the service of Plaintiff on crimes committed and the inadequate minimum standard of medical care treatment practice by TDCJ-ID and Hendrick's Medical Center Hospital;

(13)   Violated Title 8, Chapter 37, Article 37.02(a)(1),(2)--- 'Perjury', J. Lopez knowingly with full intent, wrote an altered and falsified disciplinary case, being an 'Official Government Document' and placed it into the Governmental Record, for other TDCJ-ID Officials to act on the altered and falsified 'Official Government Document', that had been tampered with and had fabricating physical evidence to make their decision to unconstitutionally assign Plaintiff to Work Assignment contrary to Plaintiff's Medical Condition;

(14)   Violated Title 8, Chapter 37, Article 37.03(a)(1),(2)--- 'Aggravated Perjury', being in connection with an official proceeding with J. Lopez knowingly with full intent, presented the altered and falsified 'Official Government Document', that had been tampered with and had fabricating physical evidence for other TDCJ-ID Officials to make their decision to unconstitutionally assigned  Plaintiff to Work Assignment contrary to Plaintiff's Medical Condition;

(15)   Violated Title 8, Chapter 37, Article 37.10(a)(1),(2),(3),(5)--- 'Tampering With Governmental Record', J. Lopez committed the offense knowingly presenting the false entry and false alteration of the governmental record; presenting, and using the records document, with knowledge of its falsity and with intent that it be taken as a genuine governmental record; intentionally conceals the verity, legibility; and uses the governmental record with knowledge of its falsity for other TDCJ-ID Officials to make their decision to unconstitutionally assigned Plaintiff to Work Assignment contrary to Plaintiff's Medical Condition;

(16)   Violated Title 8, Chapter 39, Article 39.02(a)(1),(2)--- 'Abuse of Official Capacity', J. Lopez committed this offense, with intent to obtain a benefit of unconstitutional reassignment of Plaintiff's work assignment contrary to his medical condition with intent to harm and defraud Plaintiff, she intentionally and knowingly violated numerous laws relating to the public servant's office and employment; J. Lopez misused government record document belonging to the government that has come into the public servant's custody and possession by virtue of the public servant's, office and employment;

(17)   Violated Title 8, Chapter 39, Article 39.03(a)(1),(2)--- 'Official Oppression', J. Lopez acting under color of her office and employment committed this offense by intentionally subjecting Plaintiff to mistreatment,

assessment, that she knows is unlawful; and has intentionally denied and impeded Plaintiff in the exercise and enjoyment of his rights, privileges, powers, and immunities, knowing her conduct is unlawful;

(18) Violated Title 8, Chapter 39, Article 39.04(a)(1)— 'Violations of the Civil Rights of Person in Custody', J. Lopez being an official and employee of TDCJ-ID correctional facility committed this offense by intentionally denying and impeding Plaintiff while in custody in the exercise and enjoyment of his rights, privileges, and immunities knowing her conduct was unlawful;

(19) Violated Eighth (8) Amendment— 'Cruel and Unusual Punishment', J. Lopez violated Plaintiff's Civil Rights by infliction of Cruel and Unusual Punishment by an ongoing practice of unconstitutionally reassigning Plaintiff and other Inmates to work assignments contrary to Plaintiff's and the other Inmate's medical condition;

(20) Violated Title 11, Chapter 71, Article 71.02(a)(1),(9)— 'Organized Criminal Activity', J. Lopez committed this offense with the intent to establish, maintain, and participate in a 'Criminal Institutional Division Justice System Organization Code of Silence Criminal Conspiracy and Fraud Cover Up Attempt' of the food borne poisoning illness issue on the TDCJ-ID John Middleton Unit and the unconstitutional conviction of Plaintiff of a falsified fabricated disciplinary case, engaging in the specific malicious organized criminal activity misconduct with her subordinates to fraudulently help conceal the kitchen personnel's negligence by use of conspiracy, fraud, and actually committing illegal criminal acts once she had knowledge of the food borne poisoning illness issue on the John Middleton Unit; also to cover up the commission of crimes under Title 2, Chapter 7, Subchapter A; Title 2, Chapter 7, Subchapter B; Title 8, Chapter 36; Title 8, Chapter 37; Title 8, Chapter 39; Title 11, Chapter 71, of the Penal Code;

### Hendrick's Medical Center Hospital
### In Abilene, Texas

(This facility was treating Plaintiff in compliance to TDCJ-ID Standards. These Defendants care for and treated Plaintiff's food borne poisoning illness including all medications from August 31, 2001 thru September 14, 2001. Treatment was documented for old gunshot wound difficulties, however, all medication, tests and treatment given was for food borne poisoning illness. Treatment at this facility was successful to a point, however fell short because of failure to properly care for Plaintiff medically, resulting in another surgery to correct infection that had set up. Plaintiff was transferred to French Robertson Unit because TDCJ-ID alleged Plaintiff was costing them too much money, and Plaintiff had filed suit on TDCJ-ID.)

Defendant #9,10,11,12,13,14,15,16,17,18: Robert Lawson, Hendrick's Medical Center Hospital Physician/ Surgeon; Leigh Taliaverro, Hendrick's Medical Center Hospital Head Physician/Surgeon; Gary Walker, Hendrick's Medical Center Hospital Head Physician/Surgeon; Johnny Bliznak, Hendrick's Medical Center Hospital Medical Radiologist; M. Reyna, Hendrick's Medical Center Hospital L.V.N. Nurse;B. Kearney, Hendrick's Medical Center Hospital L.V.N. Nurse; A. Slauenwhite, Hendrick's Medical Center Hospital L.V.N. Nurse; B. Bateman, Hendrick's Medical Center Hospital L.V.N. Nurse; T. Coleman, Hendrick's Medical Center Hospital Registered Nurse; A. Wallace, Hendrick's Medical Center Hospital Registered Nurse; Hendrick's Medical Center Hospital; 1242 North 19th, Abilene, Texas 79601-2316

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

(1)   Listed Defendants failed to provide adequate minimum standards of medical care and treatment required by law for prisoners while in custody;

(2)   Listed Defendants failed to follow proper medical procedures in a timely manner;

(3)   All L.V.N. and R.N. Nurses refused to drain, clean and dress Plaintiff's wound because of the astounding smell from the open wound. The draining, cleaning and dressing of Plaintiff's wound being an existence of required duty of their profession and part of the Physician-Patient relationship, which harmed Plaintiff; Plaintiff had to do it himself;

(4)   Listed Defendants failed to expose the food borne poisoning illness to the proper authorities;

(5)   Hendrick's Medical Center Hospital Medical Physician Robert Lawson failed in his duties to supervise Hendrick's Medical Center Hospital Medical Nurses;

(6)   Hendrick's Medical Center Hospital Medical Physician Leigh Taliaverro failed in his duties to supervise Hendrick's Medical Center Hospital Medical Nurses;

(7)   Hendrick's Medical Center Hospital Medical Physician Gary Walker failed in his duties to supervise

Hendrick's Medical Center Hospital Medical Nurses;

(8)   Hendrick's Medical Center Hospital Medical Radiologist, Johnny Bliznak failed in his duties to provide a detailed opinion concerning the food borne poisoning illnesses Plaintiff was suffering from, and to provide complete details of Plaintiff's medical condition and why;

(9)   Listed Defendants working in concert, engaging in the specific malicious organized criminal activity misconduct with their subordinates, and under medical orders from TDCJ-ID on Plaintiff, helped to fraudulently conceal the kitchen personnel's negligence by use of conspiracy and fraud, and actually committing illegal criminal acts once they had knowledge of the food borne poisoning illness on the John Middleton Unit;

(10) Listed Defendants delay and failure to act resulted in Plaintiff's extreme serious and permanent disfigurement injury; in that, if the Defendants on the John Middleton Unit would have promptly sent Plaintiff to the Hendricks Medical Center Hospital instead of delaying Plaintiff's treatment for the food borne poisoning illness from the Unit Kitchen Captain, Sandra Haynes serving contaminated chicken salad and spoiled milk, Plaintiff's stomach could have been pumped out and the surgeries Plaintiff went through would not have been necessary at all. Although the actions and omissions of these Defendants appears to be secluded, confined and isolated to the Hendrick's Medical Center Hospital; appearing to have no bearing on this facility; however, the actions and omissions of these Defendants definitely entangles, the Gang Style Criminal Justice System Code of Silence Criminal Conspiracy Cover Up Attempt' that has run it's course through seven (7) Texas Department of Criminal Justice-Institutional Division Facilities including this facility, leaving Plaintiff with everyday eating and digestive problems where Plaintiff have to watch what he eats, how much and to make sure that his digestive system can handle what he eats, coupled with shortened intestines because of blocked intestines as a direct result of Defendant's actions and omissions set forth in this document, which has left Plaintiff with a drastic and sadistic butchered indefinite disfigurement stomach scar. This Gang Style Criminal Justice System Code of Silence Criminal Conspiracy Cover Up Attempt' should be broken down into seven (7) different traits of each conspirator, being (1) 'Gang Style '-- Each conspirator is acting as a member of a Criminal Justice System company of persons who go about together acting in concert with one another in modern use for their criminal purposes; (2) Criminal Justice System '--Each conspirator is a member of the network of courts and law enforcement tribunals which deals with criminal law and its enforcement; (3)' Organization '--Each conspirator is a member of an Criminal Justice System body of persons organized for some end and work to form into a whole united action arranged in systematic manner having organic structure and character of a unified Criminal Justice System body of persons; (4)' Code of Silence '--Each conspirator is acting under a Criminal Justice System ' Code of Silence' to fraudulently commit, supress, impede, illegally dismiss and conceal their own organized criminal activity which has nothing to do with their obligated duty under the' Rules of Professional Conduct' to avoid any and all law suits at any cost even to commit criminal offenses themselves; (5)' Criminal '--Each conspirator is a' Criminal' committing criminal offenses pertaining to and connected with the laws of the land of crimes and indeed obstructs the administration of true penal justice for all; (6)' Conspiracy '-- Each conspirator is a member of the lodged' Criminal Conspiracy'in this document,conspiring with co-conspirators as a member of a' Gang Style Criminal Justice System Organization ' to fraudulently commit, suppress, impede, illegally dismiss and conceal their own organized criminal activity which is not connected to any obligated duty under the' Rules of Professional Conduct'; (7) 'Cover Up '--Each conspirator is a member of the existing' Cover Up' attempt to fraudulently commit, suppress, impede, illegally dismiss and conceal each conspirator's true motive in participation in this cover up attempt.

(11) Listed Defendants violated Title 8, Chapter 39, Article 39.02(a)(1),(2)--- 'Abuse of Official Capacity'. Listed Defendants committed  this offense, with intent to obtain a benefit to help TDCJ-ID Officials to conceal the kitchen personnel's negligence by use of conspiracy, fraud, and actually committing illegal criminal acts once they had knowledge of the food borne poisoning illness on the John Middleton Unit; they intentionally and knowingly violated numerous laws relating to the public servant's office and employment. Listed Defendants misused government record documents belonging to the government that has come into the public servant's custody and possession by virtue of the public servant's office and employment;

(12) Listed Defendants violated Title 8, Chapter 39, Article 39.03--- 'Official Oppression'. Listed Defendants acting under color of their office and employment committed this offense by intentionally subjecting Plaintiff to mistreatment, assessment, that they knew was unlawful; and has intentionally denied and impeded Plaintiff in the exercise and enjoyment of his rights, privileges, powers, and immunities, knowing their conduct was unlawful;

(13) Listed Defendants violated Title 8, Chapter 39, Article 39.04(a)(1)--- 'Violations of the Civil Rights of Person in Custody'. Listed Defendants committed this offense by intentionally denying and impeding Plaintiff

while in custody in the exercise and enjoyment of his rights, privileges, and immunities knowing their conduct was unlawful;

(14) Listed Defendants violated Eighth (8) Amendment— 'Cruel and Unusual Punishment', Listed Defendants violated Plaintiff's Civil Rights by infliction of Cruel and Unusual Punishment by engaging in organized criminal activity working in concert with TDCJ-ID Officials, being parties to an ongoing practice of unconstitutionally reassigning Plaintiff and other Inmates to work assignments contrary to Plaintiff's and the other Inmate's medical condition;

(15) Listed Defendants violated Title 11, Chapter 71, Article 71.02(a)— 'Organized Criminal Activity', Listed Defendants committed this offense with the intent to establish, maintain, and participate in a 'Criminal Institutional Division Justice System Organization Code of Silence Criminal Conspiracy and Fraud Cover Up Attempt' of the food borne poisoning illness on the TDCJ-ID John Middleton Unit; engaging in the specific malicious organized criminal activity misconduct with their subordinates to fraudulently help TDCJ-ID Officials to conceal the kitchen personnel's negligence by use of conspiracy, fraud, and actually committing illegal criminal acts once they had knowledge of the food borne poisoning illness on the John Middleton Unit; also engaging in the cover up of commission of crimes under Title 2, Chapter 7, Subchapter A; Title 2, Chapter 7, Subchapter B; Title 8, Chapter 36; Title 8, Chapter 37; Title 8, Chapter 39; Title 11, Chapter 71, of the Penal Code;

**Texas Department of Criminal Justice-Institutional Division**
**French Robertson Unit**
**(This facility was treating Plaintiff in strict compliance to TDCJ-ID Standards. These Defendants care for and treated Plaintiff's food borne poisoning illness and surgery infection, including all medications from September 14, 2001 thru October 10, 2001. Treatment was documented for old gunshot wound difficulties, however, all medication, tests and treatment given was for food borne poisoning illness. Treatment at this facility was successful to a point also, however fell short because of failure to properly care for Plaintiff medically, resulting Plaintiff being transferred to the Byrd Unit to get Plaintiff on an Assigned Unit to follow up on retaliation issue and the denial of medical treatment and Plaintiff had filed suit on TDCJ-ID.)**

Defendant #19,20,21,22,23,24,25,26,27: Stephen Peck, Unit Infirmary Head Physician; W. Autery, Unit Infirmary Physician; J. Taylor, Unit Infirmary L.V.N. Nurse; R. Powell, Unit Infirmary L.V.N. Nurse; K. Hosley, Unit Infirmary L.V.N. Nurse; K. Woods, Unit Infirmary L.V.N. Nurse; B. Howard, Unit Infirmary L.V.N. Nurse; B. Bounds, Unit Infirmary L.V.N. Nurse; M. Gray, Unit Infirmary L.V.N. Nurse; Texas Department of Criminal Justice-Institutional Division; French Robertson Unit; 12071 FM 3522; Abilene, Texas 79601

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

(1)    Listed Defendants failed to provide adequate minimum standards of medical care and treatment required by law for prisoners while in custody;

(2)    Listed Defendants failed to follow proper medical procedures in a timely manner;

(3)    All L.V.N. and R.N. Nurses refused to drain, clean and dress Plaintiff's wound because of the astounding smell from the open wound. The draining, cleaning and dressing of Plaintiff's wound being an existence of required duty of their profession and part of the Physician-Patient relationship, which harmed Plaintiff. Plaintiff had to do it himself;

(4)    Listed Defendants failed to expose the food borne poisoning illness to the proper authorities;

(5)    Listed Defendants after becoming aware that I had filed a Civil Rights Complaint against the Texas Department of Criminal Justice-Institutional Division John Middleton Unit, the listed Defendants of the French Robertson Unit began their harassment and retaliation;

(6)    Unit Infirmary Head Physician; Stephen Peck failed in his duties to supervise French Robertson Unit Infirmary Nurses;

(7)    Unit Infirmary Head Physician; W. Autery failed in his duties to supervise French Robertson Unit Infirmary Nurses;

(8)    Listed Defendants working in concert, engaging in the specific malicious organized criminal activity misconduct with their subordinates, helped to fraudulently conceal the kitchen personnel's negligence by use of conspiracy and fraud, and actually committing illegal criminal acts once they had knowledge of the food borne poisoning illness on the John Middleton Unit;

(9) Listed Defendants delay and failure to act resulted in Plaintiff's extreme serious and permanent disfigurement injury; in that, if the Defendants on the John Middleton Unit would have promptly sent Plaintiff to the Hendricks Medical Center Hospital instead of delaying Plaintiff's treatment for the food borne poisoning illness from the Unit Kitchen Captain, Sandra Haynes serving contaminated chicken salad and spoiled milk, Plaintiff's stomach could have been pumped out and the surgeries Plaintiff went through would not have been necessary at all. Although the actions and omissions of these Defendants appears to be secluded, confined and isolated to the French Robertson Unit, the Gang Style Criminal Justice System Code of Silence Criminal Conspiracy Cover Up Attempt' has run it's course through seven (7) Texas Department of Criminal Justice-Institutional Division Facilities leaving Plaintiff with everyday eating and digestive problems where Plaintiff have to watch what he eats, how much and to make sure that his digestive system can handle what he eats, coupled with shortened intestines because of blocked intestines as a direct result of Defendant's actions and omissions set forth in this document, which has left Plaintiff with a drastic and sadistic butchered indefinite disfigurement stomach scar. This Gang Style Criminal Justice System Code of Silence Criminal Conspiracy Cover Up Attempt' should be broken down into seven (7) different traits of each conspirator, being (1) 'Gang Style '-- Each conspirator is acting as a member of a Criminal Justice System company of persons who go about together acting in concert with one another in modern use for their criminal purposes; (2) Criminal Justice System '--Each conspirator is a member of the network of courts and law enforcement tribunals which deals with criminal law and its enforcement; (3)' Organization '--Each conspirator is a member of an Criminal Justice System body of persons organized for some end and work to form into a whole united action arranged in systematic manner having organic structure and character of a unified Criminal Justice System body of persons; (4)' Code of Silence '--Each conspirator is acting under a Criminal Justice System ' Code of Silence' to fraudulently commit, supress, impede, illegally dismiss and conceal their own organized criminal activity which has nothing to do with their obligated duty under the' Rules of Professional Conduct' to avoid any and all law suits at any cost even to commit criminal offenses themselves; (5)' Criminal '--Each conspirator is a' Criminal' committing criminal offenses pertaining to and connected with the laws of the land of crimes and indeed obstructs the administration of true penal justice for all; (6)' Conspiracy '-- Each conspirator is a member of the lodged' Criminal Conspiracy'in this document,conspiring with co-conspirators as a member of a' Gang Style Criminal Justice System Organization ' to fraudulently commit, suppress, impede, illegally dismiss and conceal their own organized criminal activity which is not connected to any obligated duty under the' Rules of Professional Conduct'; (7) 'Cover Up '--Each conspirator is a member of the existing' Cover Up' attempt to fraudulently commit, suppress, impede, illegally dismiss and conceal each conspirator's true motive in participation in this cover up attempt.

(10) Listed Defendants violated Title 8, Chapter 39, Article 39.02(a)(1),(2)--- 'Abuse of Official Capacity', Listed Defendants committed  this offense, with intent to obtain a benefit to conceal the kitchen personnel's negligence by use of conspiracy, fraud, and actually committing illegal criminal acts once they had knowledge of the food borne poisoning illness on the John Middleton Unit; they intentionally and knowingly violated numerous laws relating to the public servant's office and employment. Listed Defendants misused government record documents belonging to the government that has come into the public servant's custody and possession by virtue of the public servant's, office and employment;

(11) Listed Defendants violated Title 8, Chapter 39, Article 39.03--- 'Official Oppression', Listed Defendants acting under color of their office and employment committed this offense by intentionally subjecting Plaintiff to mistreatment, assessment, that they knew was unlawful; and has intentionally denied and impeded Plaintiff in the exercise and enjoyment of his rights, privileges, powers, and immunities, knowing their conduct was unlawful;

(12) Listed Defendants violated Title 8, Chapter 39, Article 39.04(a)(1)--- 'Violations of the Civil Rights of Person in Custody', Listed Defendants being a contract entity of TDCJ-ID correctional facility committed this offense by intentionally denying and impeding Plaintiff while in custody in the exercise and enjoyment of his rights, privileges, and immunities knowing their conduct was unlawful;

(13) Listed Defendants violated Eighth (8) Amendment--- 'Cruel and Unusual Punishment', Listed Defendants violated Plaintiff's Civil Rights by infliction of Cruel and Unusual Punishment by engaging in organized criminal activity working in concert with TDCJ-ID Officials, being parties to an ongoing practice of unconstitutionally reassigning Plaintiff and other Inmates to work assignments contrary to Plaintiff's and the other Inmate's medical condition;

(14) Listed Defendants violated Title 11, Chapter 71, Article 71.02(a)--- 'Organized Criminal Activity', Listed Defendants committed this offense with the intent to establish, maintain, and participate in a 'Criminal

Institutional Division Justice System Organization Code of Silence Criminal Conspiracy and Fraud Cover Up Attempt' of the food borne poisoning illness on the TDCJ-ID John Middleton Unit; engaging in the specific malicious organized criminal activity misconduct with their subordinates to fraudulently help conceal the kitchen personnel's negligence by use of conspiracy, fraud, and actually committing illegal criminal acts once they had knowledge of the food borne poisoning illness on the John Middleton Unit; also engaging in the cover up of commission of crimes under Title 2, Chapter 7, Subchapter A; Title 2, Chapter 7, Subchapter B; Title 8, Chapter 36; Title 8, Chapter 37; Title 8, Chapter 39; Title 11, Chapter 71, of the Penal Code;

**Texas Department of Criminal Justice-Institutional Division**
**Byrd Unit**
**(This facility was treating Plaintiff in strict compliance to TDCJ-ID Standards. These Defendants care for and treated Plaintiff's food borne poisoning illness and surgery infection, including all medications from October 10, 2001 thru October 29, 2001. Treatment was documented for old gunshot wound difficulties, however, all medication, tests and treatment given was for food borne poisoning illness. Treatment at this facility was successful to a point, however fell short because of failure to properly care for Plaintiff medically, resulting in Plaintiff being transferred to Wayne Scott Unit get Plaintiff on an Assigned Unit to follow up on retaliation issue and the denial of medical treatment and Plaintiff had filed suit on TDCJ-ID.)**

Defendant #28,29,30,31: A. Shabaaz, Unit Infirmary Nurse Practitioner; B. Kinard, Unit Infirmary Registered Nurse; K. Jenninsche, Unit Infirmary L.V.N. Nurse; R. Trinci, Unit Infirmary L.V.N. Nurse; Texas Department of Criminal Justice-Institutional Division; Byrd Unit; P.O. Box 100; Huntsville, Texas 77340

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
(1)    Listed Defendants failed to provide adequate minimum standards of medical care and treatment required by law for prisoners while in custody;
(2)    Listed Defendants failed to follow proper medical procedures in a timely manner;
(3)    All L.V.N. and R.N. Nurses refused to drain, clean and dress Plaintiff's wound because of the astounding smell from the open wound. The draining, cleaning and dressing of Plaintiff's wound being an existence of required duty of their profession and part of the Physician-Patient relationship, which harmed Plaintiff. Plaintiff had to do it himself;
(4)    Listed Defendants failed to expose the food borne poisoning illness to the proper authorities;
(5)    Unit Infirmary Head Physician; A. Shabaaz failed in his duties to supervise Byrd Unit Infirmary Nurses;
(6)    Listed Defendants after becoming aware that I had filed a Civil Rights Complaint against the Texas Department of Criminal Justice-Institutional Division John Middleton Unit, the listed Defendants of the Byrd Unit began their harassment and retaliation;
(7)    Listed Defendants working in concert, engaging in the specific malicious organized criminal activity misconduct with their subordinates, helped to fraudulently conceal the kitchen personnel's negligence by use of conspiracy and fraud, and actually committing illegal criminal acts once they had knowledge of the food borne poisoning illness on the John Middleton Unit;
(8)    Listed Defendants delay and failure to act resulted in Plaintiff's extreme serious and permanent disfigurement injury; in that, if the Defendants on the John Middleton Unit would have promptly sent Plaintiff to the Hendricks Medical Center Hospital instead of delaying Plaintiff's treatment for the food borne poisoning illness from the Unit Kitchen Captain, Sandra Haynes serving contaminated chicken salad and spoiled milk, Plaintiff's stomach could have been pumped out and the surgeries Plaintiff went through would not have been necessary at all. Although the actions and omissions of these Defendants appears to be secluded, confined and isolated to the Byrd Unit, the Gang Style Criminal Justice System Code of Silence Criminal Conspiracy Cover Up Attempt' has run it's course through seven (7) Texas Department of Criminal Justice-Institutional Division Facilities leaving Plaintiff with everyday eating and digestive problems where Plaintiff have to watch what he eats, how much and to make sure that his digestive system can handle what he eats, coupled with shortened intestines because of blocked intestines as a direct result of Defendant's actions and omissions set forth in this document, which has left Plaintiff with a drastic and sadistic butchered indefinite disfigurement stomach scar. This Gang Style Criminal Justice System Code of Silence Criminal Conspiracy Cover Up Attempt' should be broken down into seven (7) different traits of each conspirator, being (1) 'Gang Style '— Each conspirator is acting as a member of a Criminal Justice System company of persons who go about together acting in concert

with one another in modern use for their criminal purposes; (2) Criminal Justice System '--Each conspirator is a member of the network of courts and law enforcement tribunals which deals with criminal law and its enforcement; (3)' Organization '--Each conspirator is a member of an Criminal Justice System body of persons organized for some end and work to form into a whole united action arranged in systematic manner having organic structure and character of a unified Criminal Justice System body of persons; (4)' Code of Silence '-- Each conspirator is acting under a Criminal Justice System ' Code of Silence' to fraudulently commit, suppress, impede, illegally dismiss and conceal their own organized criminal activity which has nothing to do with their obligated duty under the' Rules of Professional Conduct' to avoid any and all law suits at any cost even to commit criminal offenses themselves; (5)' Criminal '--Each conspirator is a' Criminal' committing criminal offenses pertaining to and connected with the laws of the land of crimes and indeed obstructs the administration of true penal justice for all; (6)' Conspiracy '-- Each conspirator is a member of the lodged' Criminal Conspiracy'in this document,conspiring with co-conspirators as a member of a' Gang Style Criminal Justice System Organization ' to fraudulently commit, suppress, impede, illegally dismiss and conceal their own organized criminal activity which is not connected to any obligated duty under the' Rules of Professional Conduct'; (7) 'Cover Up '--Each conspirator is a member of the existing' Cover Up' attempt to fraudulently commit, suppress, impede, illegally dismiss and conceal each conspirator's true motive in participation in this cover up attempt.

(9) Listed Defendants violated Title 8, Chapter 39, Article 39.02(a)(1),(2)— 'Abuse of Official Capacity', Listed Defendants committed  this offense, with intent to obtain a benefit to conceal the kitchen personnel's negligence by use of conspiracy, fraud, and actually committing illegal criminal acts once they had knowledge of the food borne poisoning illness on the John Middleton Unit; they intentionally and knowingly violated numerous laws relating to the public servant's office and employment. Listed Defendants misused government record documents belonging to the government that has come into the public servant's custody and possession by virtue of the public servant's office and employment;

(10) Listed Defendants violated Title 8, Chapter 39, Article 39.03— 'Official Oppression', Listed Defendants acting under color of their office and employment committed this offense by intentionally subjecting Plaintiff to mistreatment, assessment, that they knew was unlawful; and has intentionally denied and impeded Plaintiff in the exercise and enjoyment of his rights, privileges, powers, and immunities, knowing their conduct was unlawful;

(11) Listed Defendants violated Title 8, Chapter 39, Article 39.04(a)(1)— 'Violations of the Civil Rights of Person in Custody', Listed Defendants being a contract entity of TDCJ-ID correctional facility committed this offense by intentionally denying and impeding Plaintiff while in custody in the exercise and enjoyment of his rights, privileges, and immunities knowing their conduct was unlawful;

(12) Listed Defendants violated Eighth (8) Amendment— 'Cruel and Unusual Punishment', Listed Defendants violated Plaintiff's Civil Rights by infliction of Cruel and Unusual Punishment by engaging in organized criminal activity working in concert with TDCJ-ID Officials, being parties to an ongoing practice of unconstitutionally reassigning Plaintiff and other Inmates to work assignments contrary to Plaintiff's and the other Inmate's medical condition;

(13) Listed Defendants violated Title 11, Chapter 71, Article 71.02(a)— 'Organized Criminal Activity', Listed Defendants committed this offense with the intent to establish, maintain, and participate in a 'Criminal Institutional Division Justice System Organization Code of Silence Criminal Conspiracy and Fraud Cover Up Attempt' of  the food borne poisoning illness on the TDCJ-ID John Middleton Unit; engaging in the specific malicious organized criminal activity misconduct with their subordinates to fraudulently help conceal the kitchen personnel's negligence by use of conspiracy, fraud, and actually committing illegal criminal acts once they had knowledge of the food borne poisoning illness on the John Middleton Unit; also engaging in the cover up of commission of crimes under Title 2, Chapter 7, Subchapter A; Title 2, Chapter 7, Subchapter B; Title 8, Chapter 36; Title 8, Chapter 37; Title 8, Chapter 39; Title 11, Chapter 71, of the Penal Code;

## Texas Department of Criminal Justice-Institutional Division
### Huntsville Unit

(This facility was not actually treating Plaintiff, however, these Defendants were Plaintiff's only source of resolution to his medical, and legal resolutions before filing his Law Suit. These Defendants did nothing to resolve Plaintiff's issues for Plaintiff's food borne poisoning illness and surgery infection in retaliation for Plaintiff filing a Law Suit against TDCJ-ID John Middleton Unit Officials.)

Defendant #32,33: Lannette Linthicum, Division Director of Health Services; R.W. Rochelle McKinnen, Director

of Health Service Liaison Program Professional Standard; Texas Department of Criminal Justice-Institutional Division; P.O.Box 99; Huntsville, Texas 77342

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

(1)    Listed Defendants failed to provide adequate minimum standards of medical care and treatment required by law for prisoners while in custody;

(2)    Listed Defendants failed to follow proper medical procedures in a timely manner;

(3)    Listed Defendants failed to expose the food borne poisoning illness to the proper authorities;

(4)    Listed Defendants failed in their duties to supervise TDCJ-ID Medical Infirmary Staff on each Unit involved;

(5)    Listed Defendants failure to act resulted in Plaintiff's extreme serious and permanent disfigurement injury; in that, if the Defendants on the John Middleton Unit would have promptly sent Plaintiff to the Hendricks Medical Center Hospital instead of delaying Plaintiff's treatment for the food borne poisoning illness from the Unit Kitchen Captain, Sandra Haynes serving contaminated chicken salad and spoiled milk, Plaintiff's stomach could have been pumped out and the surgeries Plaintiff went through would not have been necessary at all. Although the actions and omissions of these Defendants appears to be secluded, confined and isolated to the Huntsville Unit, the Gang Style Criminal Justice System Code of Silence Criminal Conspiracy Cover Up Attempt' has run it's course through seven (7) Texas Department of Criminal Justice-Institutional Division Facilities leaving Plaintiff with everyday eating and digestive problems where Plaintiff have to watch what he eats, how much and to make sure that his digestive system can handle what he eats, coupled with shortened intestines because of blocked intestines as a direct result of Defendant's actions and omissions set forth in this document, which has left Plaintiff with a drastic and sadistic butchered indefinite disfigurement stomach scar. This Gang Style Criminal Justice System Code of Silence Criminal Conspiracy Cover Up Attempt' should be broken down into seven (7) different traits of each conspirator, being (1) 'Gang Style '-- Each conspirator is acting as a member of a Criminal Justice System company of persons who go about together acting in concert with one another in modern use for their criminal purposes; (2) Criminal Justice System '--Each conspirator is a member of the network of courts and law enforcement tribunals which deals with criminal law and its enforcement; (3)' Organization '--Each conspirator is a member of an Criminal Justice System body of persons organized for some end and work to form into a whole united action arranged in systematic manner having organic structure and character of a unified Criminal Justice System body of persons; (4)' Code of Silence '-- Each conspirator is acting under a Criminal Justice System ' Code of Silence' to fraudulently commit, supress, impede, illegally dismiss and conceal their own organized criminal activity which has nothing to do with their obligated duty under the' Rules of Professional Conduct' to avoid any and all law suits at any cost even to commit criminal offenses themselves; (5)' Criminal '--Each conspirator is a' Criminal' committing criminal offenses pertaining to and connected with the laws of the land of crimes and indeed obstructs the administration of true penal justice for all; (6)' Conspiracy '-- Each conspirator is a member of the lodged' Criminal Conspiracy'in this document,conspiring with co-conspirators as a member of a' Gang Style Criminal Justice System Organization ' to fraudulently commit, suppress, impede, illegally dismiss and conceal their own organized criminal activity which is not connected to any obligated duty under the' Rules of Professional Conduct'; (7) 'Cover Up '--Each conspirator is a member of the existing' Cover Up' attempt to fraudulently commit, suppress, impede, illegally dismiss and conceal each conspirator's true motive in participation in this cover up attempt.

(6)    Listed Defendants allowed the Unit Classification Department to override my medical evaluation, medical restrictions, disabilities, and placed my life and safety in danger;

(7)    Listed Defendants after becoming aware that I had filed a Civil Rights Complaint against the Texas Department of Criminal Justice-Institutional Division John Middleton Unit, the listed Defendants of the Huntsville Unit began their harassment and retaliation;

(8)    Listed Defendants working in concert, engaging in the specific malicious organized criminal activity misconduct with their subordinates, to fraudulently conceal the kitchen personnel's negligence by use of conspiracy and fraud, and actually committing illegal criminal acts once they had knowledge of the food borne poisoning illness on the John Middleton Unit;

(9)    Violated Title 2, Chapter 7, Subchapter A, Article 7.02(a)(1),(2),(3)— 'Criminal Responsibility for Conduct of Another'; Listed Defendants being high managerial agents for TDCJ-ID, by agreeing with all co-conspirators named in this document to engage in organized criminal activity conduct that constitutes this criminal offense is criminally responsible for the offense committed by the conduct of each other and other subordinate TDCJ-ID

Officials by acting with the kind of culpability required for the offense, they caused and aided other non-responsible persons to engage in conduct prohibited by the definition of the offense; and acting with intent to promote and assist the commission of the offense, they solicited, encouraged, directs, aids, and attempts to aid the other persons to commit the offense; having a legal duty to prevent commission of the offense and acting with intent to promote or assist its commission, they failed to make a reasonable effort to prevent commission of the offense;

(10) Violated Title 2, Chapter 7, Subchapter B, Article 7.23(a)(b)— 'Criminal Responsibility of Person for Conduct in Behalf of Corporation or Association': Listed Defendants placed themselves liable for 'Criminal Responsibility of Person for Conduct in Behalf of Corporation or Association', being a high managerial agents for TDCJ-ID, by being criminally responsible for conduct that they performed in the name of and in behalf of TDCJ-ID to the same extent as if the conduct were performed in themselves own name and behalf, having primary responsibility for the discharge of a duty to act imposed by law on a corporation or association is criminally responsible for omission to discharge the duty to the same extent as if the duty were imposed by law directly on themselves, agreeing with all co-conspirators named in this document to engage in organized criminal activity;

(11) Listed Defendants violated Title 8, Chapter 39, Article 39.02(a)(1),(2)— 'Abuse of Official Capacity', Listed Defendants committed this offense, with intent to obtain a benefit to conceal the kitchen personnel's negligence by use of conspiracy, fraud, and actually committing illegal criminal acts once they had knowledge of the food borne poisoning illness on the John Middleton Unit; they intentionally and knowingly violated numerous laws relating to the public servant's office and employment. Listed Defendants misused government record documents belonging to the government that has come into the public servant's custody and possession by virtue of the public servant's, office and employment;

(12) Listed Defendants violated Title 8, Chapter 39, Article 39.03— 'Official Oppression', Listed Defendants acting under color of their office and employment committed this offense by intentionally subjecting Plaintiff to mistreatment, assessment, that they knew is unlawful; and has intentionally denied and impeded Plaintiff in the exercise and enjoyment of his rights, privileges, powers, and immunities, knowing their conduct is unlawful;

(13) Listed Defendants violated Title 8, Chapter 39, Article 39.04(a)(1)— 'Violations of the Civil Rights of Person in Custody', Listed Defendants being an official and employee of TDCJ-ID correctional facility committed this offense by intentionally denying and impeding Plaintiff while in custody in the exercise and enjoyment of his rights, privileges, and immunities knowing their conduct was unlawful;

(13) Listed Defendants violated Eighth (8) Amendment— 'Cruel and Unusual Punishment', Listed Defendants violated Plaintiff's Civil Rights by infliction of Cruel and Unusual Punishment by engaging in an ongoing practice of unconstitutionally reassigning Plaintiff and other Inmates to work assignments contrary to Plaintiff's and the other Inmate's medical condition;

(14) Listed Defendants violated Title 11, Chapter 71, Article 71.02(a)— 'Organized Criminal Activity', Listed Defendants committed this offense with the intent to establish, maintain, and participate in a 'Criminal Institutional Division Justice System Organization Code of Silence Criminal Conspiracy and Fraud Cover Up Attempt' of the food borne poisoning illness on the TDCJ-ID John Middleton Unit; engaging in the specific malicious organized criminal activity misconduct with their subordinates to fraudulently help conceal the kitchen personnel's negligence by use of conspiracy, fraud, and actually committing illegal criminal acts once they had knowledge of the food borne poisoning illness on the John Middleton Unit; also to cover up the commission of crimes under Title 2, Chapter 7, Subchapter A; Title 2, Chapter 7, Subchapter B; Title 8, Chapter 36; Title 8, Chapter 37; Title 8, Chapter 39; Title 11, of the Penal Code;

**Texas Department of Criminal Justice-Institutional Division**
**Ramsey II Unit**

(This facility was not actually treating Plaintiff, however, these Defendants were Plaintiff's only source of resolution to his medical, and legal resolutions before filing his Law Suit. These Defendants did nothing to resolve Plaintiff's issues for Plaintiff's food borne poisoning illness and surgery infection in retaliation for Plaintiff filing a Law Suit against TDCJ-ID John Middleton Unit Officials.)

Defendant #34,35,36,37: Charles Adams, Southern Regional Director; Kelli Ward, Regional III Director; Margo Green, Region III Director; J.P. Guyton, Assistant Region III Director; Texas Department of Criminal Justice-Institutional Division; 400 Darrington Road; Rosharon, Texas 77583

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

(1)   Listed Defendants failed to provide adequate minimum standards of medical care and treatment required by law for prisoners while in custody;

(2)   Listed Defendants failed to follow proper medical procedures in a timely manner;

(3)   Listed Defendants failed to expose the food borne poisoning illness to the proper authorities;

(4)   Listed Defendants failed in their duties to supervise TDCJ-ID Medical Infirmary Staff on each Unit involved;

(5)   Listed Defendants failure to act resulted in Plaintiff's extreme serious and permanent disfigurement injury; in that, if the Defendants on the John Middleton Unit would have promptly sent Plaintiff to the Hendricks Medical Center Hospital instead of delaying Plaintiff's treatment for the food borne poisoning illness from the Unit Kitchen Captain, Sandra Haynes serving contaminated chicken salad and spoiled milk, Plaintiff's stomach could have been pumped out and the surgeries Plaintiff went through would not have been necessary at all. Although the actions and omissions of these Defendants appears to be secluded, confined and isolated to the Ramsey II Unit, the Gang Style Criminal Justice System Code of Silence Criminal Conspiracy Cover Up Attempt' has run it's course through seven (7) Texas Department of Criminal Justice-Institutional Division Facilities leaving Plaintiff with everyday eating and digestive problems where Plaintiff have to watch what he eats, how much and to make sure that his digestive system can handle what he eats, coupled with shortened intestines because of blocked intestines as a direct result of Defendant's actions and omissions set forth in this document, which has left Plaintiff with a drastic and sadistic butchered indefinite disfigurement stomach scar. This Gang Style Criminal Justice System Code of Silence Criminal Conspiracy Cover Up Attempt' should be broken down into seven (7) different traits of each conspirator, being (1) 'Gang Style '-- Each conspirator is acting as a member of a Criminal Justice System company of persons who go about together acting in concert with one another in modern use for their criminal purposes; (2) Criminal Justice System '--Each conspirator is a member of the network of courts and law enforcement tribunals which deals with criminal law and its enforcement; (3)' Organization '--Each conspirator is a member of an Criminal Justice System body of persons organized for some end and work to form into a whole united action arranged in systematic manner having organic structure and character of a unified Criminal Justice System body of persons; (4)' Code of Silence '-- Each conspirator is acting under a Criminal Justice System ' Code of Silence' to fraudulently commit, supress, impede, illegally dismiss and conceal their own organized criminal activity which has nothing to do with their obligated duty under the' Rules of Professional Conduct' to avoid any and all law suits at any cost even to commit criminal offenses themselves; (5)' Criminal '---Each conspirator is a' Criminal' committing criminal offenses pertaining to and connected with the laws of the land of crimes and indeed obstructs the administration of true penal justice for all; (6)' Conspiracy '-- Each conspirator is a member of the lodged' Criminal Conspiracy'in this document.conspiring with co-conspirators as a member of a' Gang Style Criminal Justice System Organization ' to fraudulently commit, suppress, impede, illegally dismiss and conceal their own organized criminal activity which is not connected to any obligated duty under the' Rules of Professional Conduct'; (7) 'Cover Up '--Each conspirator is a member of the existing' Cover Up' attempt to fraudulently commit, suppress, impede, illegally dismiss and conceal each conspirator's true motive in participation in this cover up attempt.

(6)   Listed Defendants allowed the Unit Classification Department to override my medical evaluation, medical restrictions, disabilities, and placed my life and safety in danger;

(7)   Listed Defendants after becoming aware that I had filed a Civil Rights Complaint against the Texas Department of Criminal Justice-Institutional Division John Middleton Unit, the listed Defendants of the Ramsey II Unit began their harassment and retaliation;

(8)   Listed Defendants working in concert, engaging in the specific malicious organized criminal activity misconduct with his/her subordinates, to fraudulently conceal the kitchen personnel's negligence by use of conspiracy and fraud, and actually committing illegal criminal acts once he/she had knowledge of the food borne poisoning illness on the John Middleton Unit;

(9)   Listed Defendants violated Title 8, Chapter 39, Article 39.02(a)(1),(2)--- 'Abuse of Official Capacity'. Listed Defendants committed  this offense, with intent to obtain a benefit to conceal the kitchen personnel's negligence by use of conspiracy, fraud, and actually committing illegal criminal acts once he/she had knowledge of the food borne poisoning illness on the John Middleton Unit; he/she intentionally and knowingly violated numerous laws relating to the public servant's office and employment. Listed Defendants misused government record documents belonging to the government that has come into the public servant's custody and possession by

virtue of the public servant's office and employment;

(10) Listed Defendants violated Title 8, Chapter 39, Article 39.03--- 'Official Oppression'. Listed Defendants acting under color of his/her office and employment committed this offense by intentionally subjecting Plaintiff to mistreatment, assessment, that he/she knows is unlawful; and has intentionally denied and impeded Plaintiff in the exercise and enjoyment of his rights, privileges, powers, and immunities, knowing his/her conduct is unlawful;

(11) Listed Defendants violated Title 8, Chapter 39, Article 39.04(a)(1)--- 'Violations of the Civil Rights of Person in Custody'. Listed Defendants being an official and employee of TDCJ-ID correctional facility committed this offense by intentionally denying and impeding Plaintiff while in custody in the exercise and enjoyment of his rights, privileges, and immunities knowing his/her conduct was unlawful;

(12) Listed Defendants violated Eighth (8) Amendment--- 'Cruel and Unusual Punishment'. Listed Defendants violated Plaintiff's Civil Rights by infliction of Cruel and Unusual Punishment by engaging in an ongoing practice of unconstitutionally reassigning Plaintiff and other Inmates to work assignments contrary to Plaintiff's and the other Inmate's medical condition;

(13) Listed Defendants violated Title 11, Chapter 71, Article 71.02(a)--- 'Organized Criminal Activity'. Listed Defendants committed this offense with the intent to establish, maintain, and participate in a 'Criminal Institutional Division Justice System Organization Code of Silence Criminal Conspiracy and Fraud Cover Up Attempt' of the food borne poisoning illness on the TDCJ-ID John Middleton Unit; engaging in the specific malicious organized criminal activity misconduct with his/her subordinates to fraudulently helped conceal the kitchen personnel's negligence by use of conspiracy, fraud, and actually committing illegal criminal acts once he/she had knowledge of the food borne poisoning illness on the John Middleton Unit; also to cover up the commission of crimes under Title 2, Chapter 7, Subchapter A; Title 2, Chapter 7, Subchapter B; Title 8, Chapter 36; Title 8, Chapter 37; Title 8, Chapter 39; Title 11, Chapter 71, of the Penal Code;

**Texas University of Texas Medical Branch Hospital**
**Galveston Correctional Managed Care Department of Quality Assurance Service**
**(This facility was not actually treating Plaintiff, however, these Defendant were Plaintiff's only source of resolution to his medical, and legal resolutions before filing his Law Suit. These Defendant did nothing to resolve Plaintiff's issues for Plaintiff's food borne poisoning illness and surgery infection in retaliation for Plaintiff filing a Law Suit against TDCJ-ID John Middleton Unit Officials.)**

Defendant #38: Owen Murray, D.O.; Director of Texas University of Texas Medical Branch Galveston Correctional Managed Care Department of Quality Assurance Service; P.O. Box 48; Substation 1; Galveston, Texas 77555

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
(1)  Defendant failed to provide adequate minimum standards of medical care and treatment required by law for prisoners while in custody;
(2)  Defendant failed to follow proper medical procedures in a timely manner;
(3)  Defendant failed to expose the food borne poisoning illness to the proper authorities;
(4)  Defendant failed in his duties to supervise TDCJ-ID Medical Infirmary Staff on each Unit involved;
(5)  Defendant failure to act resulted in Plaintiff's extreme serious and permanent disfigurement injury; in that, if the Defendants on the John Middleton Unit would have promptly sent Plaintiff to the Hendricks Medical Center Hospital instead of delaying Plaintiff's treatment for the food borne poisoning illness from the Unit Kitchen Captain, Sandra Haynes serving contaminated chicken salad and spoiled milk, Plaintiff's stomach could have been pumped out and the surgeries Plaintiff went through would not have been necessary at all. Although the actions and omissions of this Defendant appears to be secluded, confined and isolated to the Texas University of Texas Medical Branch Galveston Managed Care Department of Quality Assurance Service, appearing to have no bearing on this facility, however, the actions and ommissions of this Defendant definitely entangles the Gang Style Criminal Justice System Code of Silence Criminal Conspiracy Cover Up Attempt' that has run it's course through seven (7) Texas Department of Criminal Justice-Institutional Division Facilities including this facility, leaving Plaintiff with everyday eating and digestive problems where Plaintiff have to watch what he eats, how much and to make sure that his digestive system can handle what he eats, coupled with shortened intestines because of blocked intestines as a direct result of Defendant's actions and omissions set forth in this document.

which has left Plaintiff with a drastic and sadistic butchered indefinite disfigurement stomach scar. This Gang Style Criminal Justice System Code of Silence Criminal Conspiracy Cover Up Attempt' should be broken down into seven (7) different traits of each conspirator, being (1) 'Gang Style '-- Each conspirator is acting as a member of a Criminal Justice System company of persons who go about together acting in concert with one another in modern use for their criminal purposes; (2) Criminal Justice System '--Each conspirator is a member of the network of courts and law enforcement tribunals which deals with criminal law and its enforcement; (3)' Organization '--Each conspirator is a member of an Criminal Justice System body of persons organized for some end and work to form into a whole united action arranged in systematic manner having organic structure and character of a unified Criminal Justice System body of persons; (4)' Code of Silence '--Each conspirator is acting under a Criminal Justice System ' Code of Silence ' to fraudulently commit, supress, impede, illegally dismiss and conceal their own organized criminal activity which has nothing to do with their obligated duty under the' Rules of Professional Conduct' to avoid any and all law suits at any cost even to commit criminal offenses themselves; (5)' Criminal '--Each conspirator is a' Criminal' committing criminal offenses pertaining to and connected with the laws of the land of crimes and indeed obstructs the administration of true penal justice for all; (6)' Conspiracy '-- Each conspirator is a member of the lodged' Criminal Conspiracy'in this document,conspiring with co-conspirators as a member of a' Gang Style Criminal Justice System Organization ' to fraudulently commit, suppress, impede, illegally dismiss and conceal their own organized criminal activity which is not connected to any obligated duty under their' Rules of Professional Conduct'; (7) 'Cover Up '--Each conspirator is a member of the existing' Cover Up' attempt to fraudulently commit, suppress, impede, illegally dismiss and conceal each conspirator's true motive in participation in this cover up attempt.

(6)   Defendant allowed the Unit Classification Department to override my medical evaluation, medical restrictions, disabilities, and placed my life and safety in danger;

(7)   Defendant working in concert, engaging in the specific malicious organized criminal activity misconduct with his subordinates, to fraudulently conceal the kitchen personnel's negligence by use of conspiracy and fraud, and actually committing illegal criminal acts once he had knowledge of the food borne poisoning illness on the John Middleton Unit;

(8)   Defendant violated Title 8, Chapter 39, Article 39.02(a)(1),(2)--- 'Abuse of Official Capacity', Defendant committed  this offense, with intent to obtain a benefit to conceal the kitchen personnel's negligence by use of conspiracy, fraud, and actually committing illegal criminal acts once he had knowledge of the food borne poisoning illness on the John Middleton Unit; he intentionally and knowingly violated numerous laws relating to the public servant's office and employment, Defendant misused government record documents belonging to the government that has come into the public servant's custody and possession by virtue of the public servant's, office and employment;

(9)   Defendant violated Title 8, Chapter 39, Article 39.03--- 'Official Oppression', Defendant acting under color of his office and employment committed this offense by intentionally subjecting Plaintiff to mistreatment, assessment, that he knows is unlawful; and has intentionally denied and impeded Plaintiff in the exercise and enjoyment of his rights, privileges, powers, and immunities, knowing his conduct is unlawful;

(10)   Defendant violated Title 8, Chapter 39, Article 39.04(a)(1)--- 'Violations of the Civil Rights of Person in Custody', Defendant being an official and employee of TDCJ-ID correctional facility committed this offense by intentionally denying and impeding Plaintiff while in custody in the exercise and enjoyment of his rights, privileges, and immunities knowing his conduct was unlawful;

(11)   Defendant violated Eighth (8) Amendment--- 'Cruel and Unusual Punishment', Defendant violated Plaintiff's Civil Rights by infliction of Cruel and Unusual Punishment by engaging in an ongoing practice of unconstitutionally reassigning Plaintiff and other Inmates to work assignments contrary to Plaintiff's and the other Inmate's medical condition;

(12)   Defendant violated Title 11, Chapter 71, Article 71.02(a)-- 'Organized Criminal Activity', Defendant committed this offense with the intent to establish, maintain, and participate in a 'Criminal Institutional Division Justice System Organization Code of Silence Criminal Conspiracy and Fraud Cover Up Attempt' of  the food borne poisoning illness on the TDCJ-ID John Middleton Unit; engaging in the specific malicious organized criminal activity misconduct with his subordinates to fraudulently help conceal the kitchen personnel's negligence by use of conspiracy, fraud, and actually committing illegal criminal acts once he had knowledge of the food borne poisoning illness on the John Middleton Unit; also to cover up the commission of crimes under Title 2, Chapter 7, Subchapter A; Title 2, Chapter 7, Subchapter B; Title 8, Chapter 36; Title 8, Chapter 37; Title 8, Chapter 39; Title 11, Chapter 71, of the Penal Code;

**Texas Department of Criminal Justice-Institutional Division**
**Wayne Scott Unit**
**(This facility was treating Plaintiff below standards. These Defendants called themselves to care for and treat Plaintiff's food borne poisoning illness and surgery infection, including all medications from October 29, 2001 thru July, 2009, when Plaintiff was paroled out of TDCJ-ID. Treatment at this facility was never adequate nor up to minimum standards at all, and fell short because of failure of Defendants to properly care for Plaintiff medically, and to properly assign Plaintiff to work details he was able to perform without endangering his health and safety as well as his life. All Defendants on the Wayne Scott Unit followed up on retaliation issue and the denial of medical treatment, endangering Plaintiff's health, safety and his life.)**

Defendant #39,40,41,42: Richard A. Trinci, Senior Warden of the Wayne Scott Unit; Kathryn Bell, Assistant Senior Warden of the Wayne Scott Unit; Samuel Seals, Unit Security Major of Correctional Officers; James B. Thomas, Unit Security Building Sergeant of Correctional Officers; Texas Department of Criminal Justice-Institutional Division; Wayne Scott Unit; Route 5, Box 1500; Angleton, Texas 77515

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
(1)   Listed Defendants failed to provide adequate minimum standards of medical care and treatment required by law for prisoners while in custody;
(2)   Listed Defendants failed to follow proper medical procedures in a timely manner;
(3)   Listed Defendants failed to expose the food borne poisoning illness to the proper authorities;
(4)   Listed Defendants failed in their duties to supervise TDCJ-ID Medical Infirmary Staff on each Unit involved;
(5)   Listed Defendants failure to act resulted in Plaintiff's extreme serious and permanent disfigurement injury; in that, if the Defendants on the John Middleton Unit would have promptly sent Plaintiff to the Hendricks Medical Center Hospital instead of delaying Plaintiff's treatment for the food borne poisoning illness from the Unit Kitchen Captain, Sandra Haynes serving contaminated chicken salad and spoiled milk, Plaintiff's stomach could have been pumped out and the surgeries Plaintiff went through would not have been necessary at all. Although the actions and omissions of these Defendants appears to be secluded, confined and isolated to the Wayne Scott Unit, the Gang Style Criminal Justice System Code of Silence Criminal Conspiracy Cover Up Attempt' has run it's course through seven (7) Texas Department of Criminal Justice-Institutional Division Facilities leaving Plaintiff with everyday eating and digestive problems where Plaintiff have to watch what he eats, how much and to make sure that his digestive system can handle what he eats, coupled with shortened intestines because of blocked intestines as a direct result of Defendant's actions and omissions set forth in this document, which has left Plaintiff with a drastic and sadistic butchered indefinite disfigurement stomach scar. This Gang Style Criminal Justice System Code of Silence Criminal Conspiracy Cover Up Attempt' should be broken down into seven (7) different traits of each conspirator, being (1) 'Gang Style '-- Each conspirator is acting as a member of a Criminal Justice System company of persons who go about together acting in concert with one another in modern use for their criminal purposes; (2) Criminal Justice System '--Each conspirator is a member of the network of courts and law enforcement tribunals which deals with criminal law and its enforcement; (3)' Organization '--Each conspirator is a member of an Criminal Justice System body of persons organized for some end and work to form into a whole united action arranged in systematic manner having organic structure and character of a unified Criminal Justice System body of persons; (4)' Code of Silence '-- Each conspirator is acting under a Criminal Justice System ' Code of Silence' to fraudulently commit, supress, impede, illegally dismiss and conceal their own organized criminal activity which has nothing to do with their obligated duty under the' Rules of Professional Conduct' to avoid any and all law suits at any cost even to commit criminal offenses themselves; (5)' Criminal '--Each conspirator is a' Criminal' committing criminal offenses pertaining to and connected with the laws of the land of crimes and indeed obstructs the administration of true penal justice for all; (6)' Conspiracy '-- Each conspirator is a member of the lodged' Criminal Conspiracy'in this document,conspiring with co-conspirators as a member of a' Gang Style Criminal Justice System Organization ' to fraudulently commit, suppress, impede, illegally dismiss and conceal their own organized criminal activity which is not connected to any obligated duty under the' Rules of Professional Conduct'; (7) 'Cover Up '--Each conspirator is a member of the existing' Cover Up' attempt to fraudulently commit, suppress, impede, illegally dismiss and conceal each conspirator's true motive in participation in this cover up attempt.
(6)   after becoming aware that I had filed a Civil Rights Complaint against the Texas Department of Criminal

Justice-Institutional Division John Middleton Unit, the Wayne Scott Unit Officials as well as, the Wayne Scott Unit Medical Department Officials began their harassment and retaliation;

(7)  Once I began to complain to the Administration and the Medical Department about the job I was performing is causing me severe pain and discomfort because of the location of the two bullets listed Defendants gave their consent to the Field Force Officers to harass and retaliate against me for participating in the Inmate Grievance Procedure;

(8)  Listed Defendants by way of 'Coercion of Public Servant', listed Defendants influenced Donald Henry, Classification Department Committee Board Member of the Wayne Scott Unit and Jana Henry, Classification Department Committee Board Member of the Wayne Scott Unit; in a specific exercise of their official power and specific performance of their official duty. By their improper influence listed Defendants had the Unit Classification Department Officials, Donald Henry and Jana Henry to override my medical evaluation, medical restrictions, disabilities, violating their known legal duty and unconstitutionally reassigned me from the Building Utility Squad performing sedentary work to the Field Force Hoe Squad forcing me to perform Field Hoe Squad duties which caused the two (2) bullets in my body to move from their original position placing my life and safety in more danger with intent to harm and defraud Plaintiff;

(9)  Listed Defendants after becoming aware that I had filed a Civil Rights Complaint against the Texas Department of Criminal Justice-Institutional Division John Middleton Unit, the listed Defendants of the Ramsey II Unit began their harassment and retaliation;

(9)  Listed Defendants working in concert, engaging in the specific malicious organized criminal activity misconduct with his/her subordinates, to fraudulently conceal the kitchen personnel's negligence by use of conspiracy and fraud, and actually committing illegal criminal acts once he/she had knowledge of the food borne poisoning illness on the John Middleton Unit;

(10)  Listed Defendants violated Title 8, Chapter 39, Article 39.02(a)(1),(2)--- 'Abuse of Official Capacity', Listed Defendants committed this offense, with intent to obtain a benefit to conceal the kitchen personnel's negligence by use of conspiracy, fraud, and actually committing illegal criminal acts once he/she had knowledge of the food borne poisoning illness on the John Middleton Unit; he/she intentionally and knowingly violated numerous laws relating to the public servant's office and employment. Listed Defendants misused government record documents belonging to the government that has come into the public servant's custody and possession by virtue of the public servant's, office and employment;

(11)  Listed Defendants violated Title 8, Chapter 39, Article 39.03--- 'Official Oppression', Listed Defendants acting under color of his/her office and employment committed this offense by intentionally subjecting Plaintiff to mistreatment, assessment, that he/she knows is unlawful; and has intentionally denied and impeded Plaintiff in the exercise and enjoyment of his rights, privileges, powers, and immunities, knowing his/her conduct is unlawful;

(12)  Listed Defendants violated Title 8, Chapter 39, Article 39.04(a)(1)--- 'Violations of the Civil Rights of Person in Custody', Listed Defendants being an official and employee of TDCJ-ID correctional facility committed this offense by intentionally denying and impeding Plaintiff while in custody in the exercise and enjoyment of his rights, privileges, and immunities knowing his/her conduct was unlawful;

(13)  Listed Defendants violated Eighth (8) Amendment--- 'Cruel and Unusual Punishment', Listed Defendants violated Plaintiff's Civil Rights by infliction of Cruel and Unusual Punishment by engaging in an ongoing practice of unconstitutionally reassigning Plaintiff and other Inmates to work assignments contrary to Plaintiff's and the other Inmate's medical condition;

(14)  Listed Defendants violated Title 11, Chapter 71, Article 71.02(a)--- 'Organized Criminal Activity', Listed Defendants committed this offense with the intent to establish, maintain, and participate in a 'Criminal Institutional Division Justice System Organization Code of Silence Criminal Conspiracy and Fraud Cover Up Attempt' of the food borne poisoning illness on the TDCJ-ID John Middleton Unit; engaging in the specific malicious organized criminal activity misconduct with his/her subordinates to fraudulently helped conceal the kitchen personnel's negligence by use of conspiracy, fraud, and actually committing illegal criminal acts once he/she had knowledge of the food borne poisoning illness on the John Middleton Unit; also to cover up the commission of crimes under Title 2, Chapter 7, Subchapter A; Title 2, Chapter 7, Subchapter B; Title 8, Chapter 36; Title 8, Chapter 37; Title 8, Chapter 39; Title 11, Chapter 71, of the Penal Code;

Defendant #43,44:  Donald Henry, Classification Department Committee Board Member of the Wayne Scott Unit; Jana Henry, Classification Department Committee Board Member of the Wayne Scott Unit; Texas Department of

Criminal Justice-Institutional Division; Wayne Scott Unit; Route 5, Box 1500; Angleton, Texas 77515

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
(1)   Both Defendants failed to expose the food borne poisoning illness to the proper authorities;
(2)   Both Defendants failure to act resulted in Plaintiff's extreme serious and permanent disfigurement injury; in that, if the Defendants on the John Middleton Unit would have promptly sent Plaintiff to the Hendricks Medical Center Hospital instead of delaying Plaintiff's treatment for the food borne poisoning illness from the Unit Kitchen Captain, Sandra Haynes serving contaminated chicken salad and spoiled milk, Plaintiff's stomach could have been pumped out and the surgeries Plaintiff went through would not have been necessary at all. Although the actions and omissions of these Defendants appears to be secluded, confined and isolated to the Wayne Scott Unit, the Gang Style Criminal Justice System Code of Silence Criminal Conspiracy Cover Up Attempt' has run it's course through seven (7) Texas Department of Criminal Justice-Institutional Division Facilities leaving Plaintiff with everyday eating and digestive problems where Plaintiff have to watch what he eats, how much and to make sure that his digestive system can handle what he eats, coupled with shortened intestines because of blocked intestines as a direct result of Defendant's actions and omissions set forth in this document, which has left Plaintiff with a drastic and sadistic butchered indefinite disfigurement stomach scar. This Gang Style Criminal Justice System Code of Silence Criminal Conspiracy Cover Up Attempt' should be broken down into seven (7) different traits of each conspirator, being (1) 'Gang Style '-- Each conspirator is acting as a member of a Criminal Justice System company of persons who go about together acting in concert with one another in modern use for their criminal purposes; (2) Criminal Justice System '--Each conspirator is a member of the network of courts and law enforcement tribunals which deals with criminal law and its enforcement; (3)' Organization '--Each conspirator is a member of an Criminal Justice System body of persons organized for some end and work to form into a whole united action arranged in systematic manner having organic structure and character of a unified Criminal Justice System body of persons; (4)' Code of Silence '--Each conspirator is acting under a Criminal Justice System ' Code of Silence' to fraudulently commit, supress, impede, illegally dismiss and conceal their own organized criminal activity which has nothing to do with their obligated duty under the' Rules of Professional Conduct' to avoid any and all law suits at any cost even to commit criminal offenses themselves; (5)' Criminal '--Each conspirator is a' Criminal' committing criminal offenses pertaining to and connected with the laws of the land of crimes and indeed obstructs the administration of true penal justice for all; (6)' Conspiracy '-- Each conspirator is a member of the' Criminal Conspiracy'in this document,conspiring with co-conspirators as a member of a' Gang Style Criminal Justice System Organization ' to fraudulently commit, supress, impede, illegally dismiss and conceal their own organized criminal activity which is not connected to any obligated duty under the' Rules of Professional Conduct'; (7) 'Cover Up '--Each conspirator is a member of the existing' Cover Up' attempt to fraudulently commit, supress, impede, illegally dismiss and conceal each conspirator's true motive in participation in this cover up attempt.
(3)   Both Defendants by way of 'Coercion of Public Servant', listed Defendants was influenced by Richard A. Trinci, Senior Warden of the Wayne Scott Unit; Kathryn Bell, Assistant Senior Warden of the Wayne Scott Unit; Samuel Seals, Unit Security Major of Correctional Officers; James B. Thomas, Unit Security Building Sergeant of Correctional Officers; in a specific exercise of their official power and specific performance of their official duty. By their subordinates improper influence listed Defendants overrode my medical evaluation, medical restrictions, disabilities, violating their known legal duty and unconstitutionally reassigned me from the Building Utility Squad performing sedentary work to the Field Force Hoe Squad forcing me to perform Field Hoe Squad duties which caused the two (2) bullets in my body to move from their original position placing my life and safety in more danger with intent to harm and defraud Plaintiff;
(3)   Both Defendants after becoming aware that I had filed a Civil Rights Complaint against the Texas Department of Criminal Justice-Institutional Division John Middleton Unit, the Wayne Scott Unit Officials as well as, the Wayne Scott Unit Medical Department Officials began their harassment and retaliation;
(4)   Both Defendants working in concert, engaging in the specific malicious organized criminal activity misconduct with his/her subordinates to fraudulently help conceal the kitchen personnel's negligence by use of conspiracy, fraud, and actually committing illegal criminal acts once he/she had knowledge of the food borne poisoning illness on the John Middleton Unit;
(5)   Both Defendants working in concert, engaging in the specific malicious organized criminal activity misconduct with his/her subordinates both Defendants condoned and allowed the correctional guards guarding Plaintiff, as well as, Administrative Security Officials to maliciously retaliate against Plaintiff by means of denial

of prescribed medication prescribed by a professional medical physician; verbal abuse, inappropriate disciplinary measures;

(6)  Both Defendants violated Title 8, Chapter 39, Article 39.06— 'Misuse of Official Information', by both Defendants knowingly with full intent to deceive, placed his/her reliance on information on his/her subordinate's act of 'Perjury' to which he/she has access by virtue of his/her office or employment and that has not been made public; acquiring and aiding another to acquire a pecuniary interest in reassignment of Plaintiff's work assignment, that was affected by the information; and speculates and aids another to speculate on the basis of the information; coercing another into suppressing and failing to report information to correct law enforcement agency. Both Defendants committed this offense with intent to obtain unconstitutional reassignment of Plaintiff's work assignment contrary to his medical condition with intent to harm and defraud Plaintiff disclosing and using the information for a nongovernmental purpose that he/she has access to by means of his/her office and employment; and has not been made public. Both Defendants with intent to obtain the unconstitutional reassignment of Plaintiff's work assignment with intent to harm and defraud Plaintiff he/she solicited and received the information from public servants working for TDCJ-ID, which has access to by means of public servant's office and employment; and has not been made public;

(7)  Both Defendants violated Title 2, Chapter 7, Subchapter A, Article 7.02(a)(1),(2),(3)— 'Criminal Responsibility for Conduct of Another'; Both Defendants, being a high managerial agent for TDCJ-ID, by agreeing with all co-conspirators named in this document to engage in organized criminal activity conduct that constitutes this criminal offense is criminally responsible for the offense committed by the conduct of another by acting with the kind of culpability required for the offense, he/she causes and aids an innocent or non-responsible person to engage in conduct prohibited by the definition of the offense; and acting with intent to promote or assist the commission of the offense, he/she solicited, encouraged, directs, aids, and attempts to aid the other person to commit the offense; having a legal duty to prevent commission of the offense and acting with intent to promote or assist its commission, he/she failed to make a reasonable effort to prevent commission of the offense;

(8)  Both Defendants violated Title 2, Chapter 7, Subchapter B, Article 7.23(a)(b)— 'Criminal Responsibility of Person for Conduct in Behalf of Corporation or Association'; Both Defendants placed himself/herself liable for 'Criminal Responsibility of Person for Conduct in Behalf of Corporation or Association', being a high managerial agent for TDCJ-ID, by being criminally responsible for conduct that he/she performed in the name of and in behalf of TDCJ-ID to the same extent as if the conduct were performed in his/her own name and behalf, having primary responsibility for the discharge of a duty to act imposed by law on a corporation or association is criminally responsible for omission to discharge the duty to the same extent as if the duty were imposed by law directly on himself/herself, agreeing with all co-conspirators named in this document to engage in organized criminal activity conduct that constitutes the criminal offenses by performing the lodged 'Criminal Overt Acts' against Plaintiff;

(9)  Both Defendants violated Title 8, Chapter 36, Article 36.03(a)(1)— 'Coercion of Public Servant''. Both Defendants committed this offense by means of coercion as he/she influenced TDCJ-ID Administrative Officials, being public servants, in a specific exercise of their official power and specific performance of their official duty to violate the public servants known legal duty instituting unconstitutionally reassignment of Plaintiff's work assignment contrary to his medical condition with intent to harm and defraud Plaintiff;

(10) Both Defendants violated Title 8, Chapter 36, Article 36.04(a)— 'Improper Influence'. Both Defendants committed this offense as he/she privately entreated, TDCJ-ID public servants who exercised official discretion in an adjudicatory proceeding unconstitutionally reassigning Plaintiff's work assignment contrary to his medical condition with intent to harm and defraud Plaintiff; with an intent to influence the outcome of the proceeding on the basis of retaliatory considerations not authorized by law;

(11) Both Defendants violated Title 8, Chapter 36, Article 36.06(a)(1)(A),(B)— 'Obstruction or Retaliation'. Both Defendants committed this offense by intentionally and knowingly harming Plaintiff by an unlawful act in retaliation for account of the service and status of Plaintiff as a witness, prospective witness, and prospective informant who has reported the wrongdoings of both Defendants and other TDCJ-ID, and Hendrick's Medical Center Hospital Officials, and the report of the occurrence of crimes set forth in this document. Both Defendants committed this offense to delay or eliminate  the service of Plaintiff on crimes committed and the inadequate minimum standard of medical care treatment practice by TDCJ-ID and Hendrick's Medical Center Hospital;

(12) Both Defendants violated Title 8, Chapter 37, Article 37.02(a)(1),(2)— 'Perjury'. Both Defendants knowingly with full intent, allowed an altered and falsified 'Official Government Document' into the Governmental Record, and acted on the altered and falsified 'Official Government Document', that had been

tampered with and had fabricating physical evidence in making his/her decision to unconstitutionally assign Plaintiff to Work Assignment contrary to Plaintiff's Medical Condition;

(13) Both Defendants violated Title 8, Chapter 37, Article 37.03(a)(1),(2)--- 'Aggravated Perjury', being in connection with an official proceeding with both Defendants knowingly with full intent, acted on an altered and falsified 'Official Government Document', that had been tampered with and had fabricating physical evidence in his/her decision to unconstitutionally assigned Plaintiff to Work Assignment contrary to Plaintiff's Medical Condition;

(14) Both Defendants violated Title 8, Chapter 37, Article 37.10(a)(1),(2),(3),(5)--- 'Tampering With Governmental Record'. Both Defendants committed the offense knowingly condoning and allowing a false entry and false alteration of the governmental record; presenting, and using the records document, with knowledge of its falsity and with intent that it be taken as a genuine governmental record; intentionally conceals the verity, legibility; and uses the governmental record with knowledge of its falsity in making his/her decision to unconstitutionally assigned Plaintiff to Work Assignment contrary to Plaintiff's Medical Condition;

(15) Both Defendants violated Title 8, Chapter 39, Article 39.02(a)(1),(2)--- 'Abuse of Official Capacity'. Both Defendants committed this offense, with intent to obtain a benefit of unconstitutional reassignment of Plaintiff's work assignment contrary to his medical condition with intent to harm and defraud Plaintiff, he/she intentionally and knowingly violated numerous laws relating to the public servant's office and employment; Both Defendants misused government record document belonging to the government that has come into the public servant's custody and possession by virtue of the public servant's, office and employment;

(16) Both Defendants violated Title 8, Chapter 39, Article 39.03(a)(1),(2)--- 'Official Oppression'. Both Defendants acting under color of his/her office and employment committed this offense by intentionally subjecting Plaintiff to mistreatment, assessment, that he/she knows is unlawful; and has intentionally denied and impeded Plaintiff in the exercise and enjoyment of his rights, privileges, powers, and immunities, knowing his/her conduct is unlawful;

(17) Both Defendants violated Title 8, Chapter 39, Article 39.04(a)(1)--- 'Violations of the Civil Rights of Person in Custody'. Both Defendants being an official and employee of TDCJ-ID correctional facility committed this offense by intentionally denying and impeding Plaintiff while in custody in the exercise and enjoyment of his rights, privileges, and immunities knowing his/her conduct was unlawful;

(18) Both Defendants violated Eighth (8) Amendment--- 'Cruel and Unusual Punishment'. Both Defendants violated Plaintiff's Civil Rights by infliction of Cruel and Unusual Punishment by engaging in an ongoing practice of unconstitutionally reassigning Plaintiff and other Inmates to work assignments contrary to Plaintiff's and the other Inmate's medical condition;

(19) Both Defendants violated Title 11, Chapter 71, Article 71.02(a)(1),(9)--- 'Organized Criminal Activity'. Both Defendants committed this offense with the intent to establish, maintain, and participate in a 'Criminal Institutional Division Justice System Organization Code of Silence Criminal Conspiracy and Fraud Cover Up Attempt' of the food borne poisoning illness on the TDCJ-ID John Middleton Unit; and to unconstitutionally assign Plaintiff to Work Assignment contrary to Plaintiff's Medical Condition; engaging in the specific malicious organized criminal activity misconduct with his/her subordinates to fraudulently help conceal the kitchen personnel's negligence by use of conspiracy, fraud, and actually committing illegal criminal acts once he/she had knowledge of Plaintiff filing on the food borne poisoning illness on the John Middleton Unit; also to cover up the commission of crimes under Title 2, Chapter 7, Subchapter A; Title 2, Chapter 7, Subchapter B; Title 8, Chapter 36; Title 8, Chapter 37; Title 8, Chapter 39; Title 11, Chapter 71, of the Penal Code;

Defendant #45,46: Billy J. Reese, Unit Security Disciplinary Captain of the Wayne Scott Unit; Jeana M. Baker, Unit Security Disciplinary Substitute Counsel of the Wayne Scott Unit; Texas Department of Criminal Justice-Institutional Division; Wayne Scott Unit; Route 5, Box 1500; Angleton, Texas 77515

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

(1)   Failed to expose the food borne poisoning illness issue to the proper authorities;

(2)   The failure to act resulted in Plaintiff's extreme serious and permanent disfigurement injury; in that, if the Defendants on the John Middleton Unit would have promptly sent Plaintiff to the Hendricks Medical Center Hospital instead of delaying Plaintiff's treatment for the food borne poisoning illness from the Unit Kitchen Captain, Sandra Haynes serving contaminated chicken salad and spoiled milk, Plaintiff's stomach could have been pumped out and the surgeries Plaintiff went through would not have been necessary at all. Although the

actions and omissions of these Defendants appears to be secluded, confined and isolated to the Wayne Scott Unit, the Gang Style Criminal Justice System Code of Silence Criminal Conspiracy Cover Up Attempt' has run it's course through seven (7) Texas Department of Criminal Justice-Institutional Division Facilities leaving Plaintiff with everyday eating and digestive problems where Plaintiff have to watch what he eats, how much and to make sure that his digestive system can handle what he eats, coupled with shortened intestines because of blocked intestines as a direct result of Defendant's actions and omissions set forth in this document, which has left Plaintiff with a drastic and sadistic butchered indefinite disfigurement stomach scar. This Gang Style Criminal Justice System Code of Silence Criminal Conspiracy Cover Up Attempt' should be broken down into seven (7) different traits of each conspirator, being (1) 'Gang Style '– Each conspirator is acting as a member of a Criminal Justice System company of persons who go about together acting in concert with one another in modern use for their criminal purposes; (2) Criminal Justice System '–Each conspirator is a member of the network of courts and law enforcement tribunals which deals with criminal law and its enforcement; (3)' Organization '– Each conspirator is a member of an Criminal Justice System body of persons organized for some end and work to form into a whole united action arranged in systematic manner having organic structure and character of a unified Criminal Justice System body of persons; (4)' Code of Silence '–Each conspirator is acting under a Criminal Justice System ' Code of Silence' to fraudulently commit, supress, impede, illegally dismiss and conceal their own organized criminal activity which has nothing to do with their obligated duty under the' Rules of Professional Conduct' to avoid any and all law suits at any cost even to commit criminal offenses themselves; (5)' Criminal '—Each conspirator is a' Criminal' committing criminal offenses pertaining to and connected with the laws of the land of crimes and indeed obstructs the administration of true penal justice for all; (6)' Conspiracy '– Each conspirator is a member of the lodged' Criminal Conspiracy'in this document,conspiring with co-conspirators as a member of a' Gang Style Criminal Justice System Organization ' to fraudulently commit, suppress, impede, illegally dismiss and conceal their own organized criminal activity which is not connected to any obligated duty under the' Rules of Professional Conduct'; (7) 'Cover Up '–Each conspirator is a member of the existing' Cover Up' attempt to fraudulently commit, suppress, impede, illegally dismiss and conceal each conspirator's true motive in participation in this cover up attempt.

(3)  Defendant Billy J. Reese accepted numerous False Reports to Peace Officer or Law Enforcement Employee from  Michael M. Jennings, Unit Security Field Sergeant of Correctional Officers; Timothy R. Fitzgerald, Unit Security Field Correctional Officer; George A. Wolfe, Unit Security Field Correctional Officer; Kimberly A. Frazer, Unit Security Field Correctional Officer; and while acting under color of State, Billy J. Reese knew the information to be false and incorrect, during a Criminal Investigation and the information was material to the Criminal Investigation;

(4)  Defendant Billy J. Reese acted on each separate False Report to Peace Officer or Law Enforcement Employee from named Defendants, and while acting under color of State, Defendant Billy J. Reese convicted Plaintiff of each of the false disciplinary cases;

(5)  Defendant Jeana M. Baker, Unit Security Disciplinary Substitute Counsel for the Inmates of the Wayne Scott Unit; accepted the exact same numerous False Reports to Peace Officer or Law Enforcement Employee from Billy J. Reese and ordered to defend Plaintiff on each case, and while acting under color of State, Jeana M. Baker knew the information to be false and incorrect, during a Criminal Investigation and the information was material to the Criminal Investigation;

(6)  Jeana M. Baker, Unit Security Disciplinary Substitute Counsel of the Wayne Scott Unit; assisted Defendant Billy J. Reese acting on each separate False Report to Peace Officer or Law Enforcement Employee from named Defendants, and while acting under color of State, both Defendants Jeana M. Baker and Billy J. Reese convicted Plaintiff of each of the false disciplinary cases;

(7)  Both Defendants allowed the Unit Classification Department to override my medical evaluation, medical restrictions, disabilities, and placed my life and safety in danger;

(8)  Both Defendants after becoming aware that I had filed a Civil Rights Complaint against the Texas Department of Criminal Justice-Institutional Division John Middleton Unit, the listed Defendants of the John Middleton Unit began their harassment and retaliation;

(9)  Working in concert, both Defendants engaging in the specific malicious organized criminal activity misconduct with their subordinates to fraudulently help conceal the kitchen personnel's negligence by use of conspiracy, fraud, and actually committing illegal criminal acts once they had knowledge of Plaintiff filing on the food borne poisoning illness issue on the John Middleton Unit;

(10)  Working in concert, both Defendants engaging in the specific malicious organized criminal activity

misconduct with their subordinates, both Defendants retaliated against Plaintiff, in that they both acted on a false, altered and fabricated disciplinary cases fabricated and submitted by Michael M. Jennings, Unit Security Field Sergeant of Correctional Officers; Timothy R. Fitzgerald, Unit Security Field Correctional Officer; George A. Wolfe, Unit Security Field Correctional Officer; Kimberly A. Frazer, Unit Security Field Correctional Officer; in an attempt to cover up the food borne poisoning illness issue because they knew that Plaintiff was filing on the persons involved on the John Middleton Unit. Both Defendants condoned and allowed  Michael M. Jennings, Unit Security Field Sergeant of Correctional Officers; Timothy R. Fitzgerald, Unit Security Field Correctional Officer; George A. Wolfe, Unit Security Field Correctional Officer; Kimberly A. Frazer, Unit Security Field Correctional Officer; to maliciously retaliate against Plaintiff by means of false fabricated disciplinary cases;

(11) Violated Title 8, Chapter 39, Article 39.06— 'Misuse of Official Information', by both Defendants knowingly with full intent to deceive, placed their reliance on information on their subordinates, Michael M. Jennings, Unit Security Field Sergeant of Correctional Officers; Timothy R. Fitzgerald, Unit Security Field Correctional Officer; George A. Wolfe, Unit Security Field Correctional Officer; Kimberly A. Frazer, Unit Security Field Correctional Officer; acts of 'Perjury' to which they had access by virtue of their office and employment and that has not been made public, acquiring and aiding each other and other Administrative Officials to acquire a pecuniary interest in reassignment of Plaintiff's work assignment, that was affected by the information; and speculates and aids another to speculate on the basis of the information; coercing another into suppressing and failing to report information to correct law enforcement agency, to conceal the food borne poisoning illness issue. Both Defendants committed this offense with intent to obtain unconstitutional reassignment of Plaintiff's work assignment contrary to his medical condition with intent to harm and defraud Plaintiff disclosing and using the information for a nongovernmental purpose of retaliation against Plaintiff for filing on the food poisoning and for the illegal disciplinary case, that they had access to by means of their office and employment; and has not been made public. Both Defendants with intent to obtain the unconstitutional reassignment of Plaintiff's work assignment with intent to harm and defraud Plaintiff they solicited and received the information from other public servants working for TDCJ-ID, which they had access to by means of their office and employment; and has not been made public;

(12) Violated Title 2, Chapter 7, Subchapter A, Article 7.02(a)(1),(2),(3)— 'Criminal Responsibility for Conduct of Another'; Both Defendants being high managerial agents for TDCJ-ID, by agreeing with all co-conspirators named in this document to engage in organized criminal activity conduct that constitutes this criminal offense is criminally responsible for the offense committed by the conduct of each other and other subordinate TDCJ-ID Officials by acting with the kind of culpability required for the offense, they caused and aided other non-responsible persons to engage in conduct prohibited by the definition of the offense; and acting with intent to promote and assist the commission of the offense, they solicited, encouraged, directs, aids, and attempts to aid the other persons to commit the offense; having a legal duty to prevent commission of the offense and acting with intent to promote or assist its commission, they failed to make a reasonable effort to prevent commission of the offense;

(13) Violated Title 2, Chapter 7, Subchapter B, Article 7.23(a)(b)— 'Criminal Responsibility of Person for Conduct in Behalf of Corporation or Association'; Both Defendants placed themselves liable for 'Criminal Responsibility of Person for Conduct in Behalf of Corporation or Association', being a high managerial agent for TDCJ-ID, by being criminally responsible for conduct that they performed in the name of and in behalf of TDCJ-ID to the same extent as if the conduct were performed in themselves own name and behalf, having primary responsibility for the discharge of a duty to act imposed by law on a corporation or association is criminally responsible for omission to discharge the duty to the same extent as if the duty were imposed by law directly on themselves, agreeing with all co-conspirators named in this document to engage in organized criminal activity;

(14) Violated Title 8, Chapter 36, Article 36.03(a)(1)— 'Coercion of Public Servant''. Both Defendants committed this offense by means of coercion as they influenced TDCJ-ID Administrative Officials, being public servants, in a specific exercise of their official power and specific performance of their official duty to violate the public servants known legal duty instituting unconstitutionally reassignment of Plaintiff's work assignment contrary to his medical condition with intent to harm and defraud Plaintiff;

(15) Violated Title 8, Chapter 36, Article 36.04(a)— 'Improper Influence', Both Defendants committed this offense as they privately entreated, TDCJ-ID public servants who exercised official discretion in an adjudicatory proceeding unconstitutionally reassigning Plaintiff's work assignment contrary to his medical condition with intent to harm and defraud Plaintiff; with an intent to influence the outcome of the proceeding on the basis of retaliatory considerations not authorized by law;

(16) Violated Title 8, Chapter 36, Article 36.06(a)(1)(A),(B)--- 'Obstruction or Retaliation'. Both Defendants committed this offense by intentionally and knowingly harming Plaintiff by an unlawful act in retaliation for account of the service and status of Plaintiff as a witness, prospective witness, and prospective informant who has reported the wrongdoings of both Defendants and other TDCJ-ID, and Hendrick's Medical Center Hospital Officials, and the report of the occurrence of crimes set forth in this document. Both Defendants committed this offense to delay or eliminate the service of Plaintiff on crimes committed and the inadequate minimum standard of medical care treatment practice by TDCJ-ID and Hendrick's Medical Center Hospital; also to cover up the food borne poisoning illness issue;

(17) Violated Title 8, Chapter 37, Article 37.02(a)(1),(2)--- 'Perjury'. Both Defendants knowingly with full intent, allowed altered and falsified Disciplinary Cases, fabricated and submitted by Michael M. Jennings, Unit Security Field Sergeant of Correctional Officers; Timothy R. Fitzgerald, Unit Security Field Correctional Officer; George A. Wolfe, Unit Security Field Correctional Officer; Kimberly A. Frazer, Unit Security Field Correctional Officer; each one being a separate 'Official Government Document' into the Governmental Record, and acted on the altered and falsified 'Official Government Documents', that had been tampered with and had fabricating physical evidence in making their decision to convict Plaintiff of the false, fabricated and retaliatory disciplinary case and to retaliate against Plaintiff for his use of the Inmate Grievance Procedures and to help conceal the food borne poisoning illness incident on the John Middleton Unit.

(18) Violated Title 8, Chapter 37, Article 37.03(a)(1).(2)--- 'Aggravated Perjury', being in connection with an official proceeding with both Defendants knowingly with full intent, acted on each of the false, altered and fabricated disciplinary cases fabricated and submitted by Michael M. Jennings, Unit Security Field Sergeant of Correctional Officers; Timothy R. Fitzgerald, Unit Security Field Correctional Officer; George A. Wolfe, Unit Security Field Correctional Officer; Kimberly A. Frazer, Unit Security Field Correctional Officer; being an 'Official Government Document', that had been tampered with and had fabricating physical evidence in their decision to convict Plaintiff of the false, fabricated disciplinary cases to retaliate against Plaintiff for his use of the Inmate Grievance Procedures and to help conceal the food borne poisoning illness incident on the John Middleton Unit;

(19) Violated Title 8, Chapter 37, Article 37.10(a)(1),(2),(3),(5)--- 'Tampering With Governmental Record', Both Defendants committed the offense knowingly condoning and allowing altered and falsified Disciplinary Cases, fabricated and submitted by Michael M. Jennings, Unit Security Field Sergeant of Correctional Officers; Timothy R. Fitzgerald, Unit Security Field Correctional Officer; George A. Wolfe, Unit Security Field Correctional Officer; Kimberly A. Frazer, Unit Security Field Correctional Officer; entry into the governmental record; presenting, and using the records documents, with knowledge of its falsity and with intent that it be taken as a genuine governmental record; intentionally conceals the verity, legibility; and uses the governmental record with knowledge of its falsity in making their decision to convict Plaintiff of the false, fabricated and retaliatory disciplinary cases to retaliate against Plaintiff for his use of the Inmate Grievance Procedures and to help conceal the food borne poisoning illness incident on the John Middleton Unit;

(20) Violated Title 8, Chapter 39, Article 39.02(a)(1),(2)--- 'Abuse of Official Capacity', Both Defendants committed this offense, with intent to obtain a benefit of retaliating against Plaintiff for the use of the Inmate Grievance Procedure, with intent to harm and defraud Plaintiff, they intentionally and knowingly violated numerous laws relating to the both Defendants office and employment; Both Defendants misused government record document belonging to the government that has come into their custody and possession by virtue of their office and employment;

(21) Violated Title 8, Chapter 39, Article 39.03(a)(1),(2)--- 'Official Oppression', Both Defendants acting under color of their office and employment committed this offense by intentionally subjecting Plaintiff to mistreatment, assessment, that they knew was unlawful; and has intentionally denied and impeded Plaintiff in the exercise and enjoyment of his rights, privileges, powers, and immunities, knowing their conduct was unlawful;

(22) Violated Title 8, Chapter 39, Article 39.04(a)(1)--- 'Violations of the Civil Rights of Person in Custody', Both Defendants being an official and employee of TDCJ-ID correctional facility committed this offense by intentionally denying and impeding Plaintiff while in custody in the exercise and enjoyment of his rights, privileges, and immunities knowing their conduct was unlawful;

(23) Violated Eighth (8) Amendment--- 'Cruel and Unusual Punishment', Both Defendants violated Plaintiff's Civil Rights by infliction of Cruel and Unusual Punishment by an ongoing practice of unconstitutionally reassigning Plaintiff and other Inmates to work assignments contrary to Plaintiff's and other Inmate's medical condition;

(24) Violated Title 11, Chapter 71, Article 71.02(a)(1),(9)--- 'Organized Criminal Activity'. Both Defendants committed this offense with the intent to establish, maintain, and participate in a 'Criminal Institutional Division Justice System Organization Code of Silence Criminal Conspiracy and Fraud Cover Up Attempt' of the food borne poisoning illness issue on the TDCJ-ID John Middleton Unit; engaging in the specific malicious organized criminal activity misconduct with his subordinates to fraudulently help conceal the kitchen personnel's negligence by use of conspiracy, fraud, and actually committing illegal criminal acts once they had knowledge of the food borne poisoning illness issue on the John Middleton Unit; also to have Plaintiff unconstitutionally reassigned to work assignments contrary to Plaintiff's medical condition; also to cover up the commission of crimes under Title 2, Chapter 7, Subchapter A; Title 2, Chapter 7, Subchapter B; Title 8, Chapter 36; Title 8, Chapter 37; Title 8, Chapter 39; Title 11, Chapter 71, of the Penal Code;

Defendant #47,48,49,50: Michael M. Jennings, Unit Security Field Sergeant of Correctional Officers; Timothy R. Fitzgerald, Unit Security Field Correctional Officer; George A. Wolfe, Unit Security Field Correctional Officer; Kimberly A. Frazer, Unit Security Field Correctional Officer; Texas Department of Criminal Justice-Institutional Division; Wayne Scott Unit; Route 5, Box 1500; Angleton, Texas 77515

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
(1)  Failed to expose the food borne poisoning illness issue to the proper authorities;
(2)  The failure to act resulted in Plaintiff's extreme serious and permanent disfigurement injury, in that, if the Defendants on the John Middleton Unit would have promptly sent Plaintiff to the Hendricks Medical Center Hospital instead of delaying Plaintiff's treatment for the food borne poisoning illness from the Unit Kitchen Captain, Sandra Haynes serving contaminated chicken salad and spoiled milk, Plaintiff's stomach could have been pumped out and the surgeries Plaintiff went through would not have been necessary at all. Although the actions and omissions of these Defendants appears to be secluded, confined and isolated to the Wayne Scott Unit, the Gang Style Criminal Justice System Code of Silence Criminal Conspiracy Cover Up Attempt' has run it's course through seven (7) Texas Department of Criminal Justice-Institutional Division Facilities leaving Plaintiff with everyday eating and digestive problems where Plaintiff have to watch what he eats, how much and to make sure that his digestive system can handle what he eats, coupled with shortened intestines because of blocked intestines as a direct result of Defendant's actions and omissions set forth in this document, which has left Plaintiff with a drastic and sadistic butchered indefinite disfigurement stomach scar. This Gang Style Criminal Justice System Code of Silence Criminal Conspiracy Cover Up Attempt' should be broken down into seven (7) different traits of each conspirator, being (1) 'Gang Style '-- Each conspirator is acting as a member of a Criminal Justice System company of persons who go about together acting in concert with one another in modern use for their criminal purposes; (2) Criminal Justice System '--Each conspirator is a member of the network of courts and law enforcement tribunals which deals with criminal law and its enforcement; (3)' Organization '-- Each conspirator is a member of an Criminal Justice System body of persons organized for some end and work to form into a whole united action arranged in systematic manner having organic structure and character of a unified Criminal Justice System body of persons; (4)' Code of Silence '--Each conspirator is acting under a Criminal Justice System ' Code of Silence' to fraudulently commit, supress, impede, illegally dismiss and conceal their own organized criminal activity which has nothing to do with their obligated duty under the' Rules of Professional Conduct' to avoid any and all law suits at any cost even to commit criminal offenses themselves; (5)' Criminal '---Each conspirator is a' Criminal' committing criminal offenses pertaining to and connected with the laws of the land of crimes and indeed obstructs the administration of true penal justice for all; (6)' Conspiracy '-- Each conspirator is a member of the lodged' Criminal Conspiracy'in this document,conspiring with co-conspirators as a member of a' Gang Style Criminal Justice System Organization ' to fraudulently commit, suppress, impede, illegally dismiss and conceal their own organized criminal activity which is not connected to any obligated duty under the' Rules of Professional Conduct'; (7) 'Cover Up '--Each conspirator is a member of the existing' Cover Up' attempt to fraudulently commit, suppress, impede, illegally dismiss and conceal each conspirator's true motive in participation in this cover up attempt.
(3)  Defendant Michael M. Jennings accepted False Reports to Peace Officer or Law Enforcement Employee from Timothy R. Fitzgerald, Unit Security Field Correctional Officer; George A. Wolfe, Unit Security Field Correctional Officer; Kimberly A. Frazer, Unit Security Field Correctional Officer; and while acting under color of State, Defendant Michael M. Jennings knew the information to be false and incorrect, during a Criminal Investigation. The false statements and information was material to the Criminal Investigation;

(4)   Listed Defendants allowed the Unit Classification Department to override my medical evaluation, medical restrictions, disabilities, and placed my life and safety in danger;

(5)   Listed Defendants after becoming aware that I had filed a Civil Rights Complaint against the Texas Department of Criminal Justice-Institutional Division John Middleton Unit, the listed Defendants of the Wayne Scott Unit began their harassment and retaliation;

(6)   Listed Defendant Field Force Officers had written me fifteen (15) false Disciplinary Cases, where I have been segregated on several occasions, loss of all my good conduct credits, reduced in Custody Level from Minimum to Medium Custody, knowing the information to be false and incorrect, during a Criminal Investigation. The false statements and information was material to the Criminal Investigation of the Disciplinary Offense;

(7)   Working in concert, listed Defendants engaging in the specific malicious organized criminal activity misconduct with their subordinates to fraudulently help conceal the kitchen personnel's negligence by use of conspiracy, fraud, and actually committing illegal criminal acts also to retaliate against Plaintiff once they had knowledge of Plaintiff filing on the food borne poisoning illness issue on the John Middleton Unit;

(8)   Working in concert, listed Defendants engaging in the specific malicious organized criminal activity misconduct with their subordinates, listed Defendants retaliated against Plaintiff, in that they both acted on a false, altered and fabricated disciplinary case fabricated and submitted by each other in an attempt to cover up the food borne poisoning illness issue because they knew that Plaintiff was filing on the persons involved on the John Middleton Unit. Listed Defendants maliciously retaliated against Plaintiff by means of denial of prescribed medication prescribed by a professional medical physician;   verbal abuse, and the inappropriate disciplinary measures;

(9)   Violated Title 8, Chapter 39, Article 39.06--- 'Misuse of Official Information', by listed Defendants knowingly with full intent to deceive, placed their reliance on information on their subordinates, acts of 'Perjury' to which they had access by virtue of their office and employment and that has not been made public, acquiring and aiding each other and other Administrative Officials to acquire a pecuniary interest in reassignment of Plaintiff's work assignment, that was affected by the information; and speculates and aids another to speculate on the basis of the information; coercing another into suppressing and failing to report information to correct law enforcement agency, to conceal the food borne poisoning illness issue by way of retaliation against Plaintiff Listed Defendants committed this offense with intent to obtain unconstitutional reassignment of Plaintiff's work assignment contrary to his medical condition in retaliation, with intent to harm and defraud Plaintiff disclosing and using the information for a nongovernmental purpose of retaliation against Plaintiff for filing on the food poisoning and for the illegal disciplinary case, that they had access to by means of their office and employment; and has not been made public. Listed Defendants with intent to obtain the unconstitutional reassignment of Plaintiff's work assignment with intent to harm and defraud Plaintiff they solicited and received the information from other public servants working for TDCJ-ID, which they had access to by means of their office and employment; and has not been made public;

(10) Violated Title 2, Chapter 7, Subchapter A, Article 7.02(a)(1),(2),(3)--- 'Criminal Responsibility for Conduct of Another'; Listed Defendants being high managerial agents for TDCJ-ID, by agreeing with all co-conspirators named in this document to engage in organized criminal activity conduct that constitutes this criminal offense is criminally responsible for the offense committed by the conduct of each other and other subordinate TDCJ-ID Officials by acting with the kind of culpability required for the offense, they caused and aided other non-responsible persons to engage in conduct prohibited by the definition of the offense; and acting with intent to promote and assist the commission of the offense, they solicited, encouraged, directs, aids, and attempts to aid the other persons to commit the offense; having a legal duty to prevent commission of the offense and acting with intent to promote or assist its commission, they failed to make a reasonable effort to prevent commission of the offense;

(11) Violated Title 2, Chapter 7, Subchapter B, Article 7.23(a)(b)--- 'Criminal Responsibility of Person for Conduct in Behalf of Corporation or Association'; Listed Defendants placed themselves liable for 'Criminal Responsibility of Person for Conduct in Behalf of Corporation or Association', being a high managerial agent for TDCJ-ID, by being criminally responsible for conduct that they performed in the name of and in behalf of TDCJ-ID to the same extent as if the conduct were performed in themselves own name and behalf, having primary responsibility for the discharge of a duty to act imposed by law on a corporation or association is criminally responsible for omission to discharge the duty to the same extent as if the duty were imposed by law directly on themselves, agreeing with all co-conspirators named in this document to engage in organized criminal activity;

(12) Violated Title 8, Chapter 36, Article 36.03(a)(1)— 'Coercion of Public Servant'', Listed Defendants committed this offense by means of coercion as they influenced TDCJ-ID Administrative Officials, being public servants, in a specific exercise of their official power and specific performance of their official duty to violate the public servants known legal duty instituting retaliation in the unconstitutionally reassignment of Plaintiff's work assignment contrary to his medical condition with intent to harm and defraud Plaintiff;

(13) Violated Title 8, Chapter 36, Article 36.04(a)— 'Improper Influence', Listed Defendants committed this offense as they privately entreated, TDCJ-ID public servants who exercised official discretion in an adjudicatory proceeding retaliation in unconstitutionally reassigning Plaintiff's work assignment contrary to his medical condition with intent to harm and defraud Plaintiff; with an intent to influence the outcome of the proceeding on the basis of retaliatory considerations not authorized by law;

(14) Violated Title 8, Chapter 36, Article 36.06(a)(1)(A),(B)— 'Obstruction or Retaliation', Listed Defendants committed this offense by intentionally and knowingly harming Plaintiff by an unlawful act in retaliation for account of the service and status of Plaintiff as a witness, prospective witness, and prospective informant who has reported the wrongdoings of listed Defendants and other TDCJ-ID, and Hendrick's Medical Center Hospital Officials, and the report of the occurrence of crimes set forth in this document. Listed Defendants committed this offense to delay or eliminate the service of Plaintiff on crimes committed and the inadequate minimum standard of medical care treatment practice by TDCJ-ID and Hendrick's Medical Center Hospital; also to cover up the food borne poisoning illness issue by retaliation against Plaintiff for his use of the Inmate Grievance Procedure;

(15) Violated Title 8, Chapter 37, Article 37.02(a)(1),(2)— 'Perjury', Listed Defendants knowingly with full intent, allowed altered and falsified Disciplinary Case, written Timothy R. Fitzgerald, Unit Security Field Correctional Officer; George A. Wolfe, Unit Security Field Correctional Officer; Kimberly A. Frazer, Unit Security Field Correctional Officer, being 'Official Government Documents' into the Governmental Record, and acted on the altered and falsified 'Official Government Documents', that had been tampered with and had fabricating physical evidence in making their decision to convict Plaintiff of the false, fabricated and retaliatory disciplinary case and to have Plaintiff unconstitutionally assign to Work Assignment contrary to Plaintiff's Medical Condition and to retaliate against Plaintiff for his use of the Inmate Grievance Procedure;

(16) Violated Title 8, Chapter 37, Article 37.03(a)(1),(2)— 'Aggravated Perjury', being in connection with an official proceeding with listed Defendants knowingly with full intent, acted on an altered and falsified Disciplinary Case, written Timothy R. Fitzgerald, Unit Security Field Correctional Officer; George A. Wolfe, Unit Security Field Correctional Officer; Kimberly A. Frazer, Unit Security Field Correctional Officer; being an 'Official Government Documents', that had been tampered with and had fabricating physical evidence in their decision to convict Plaintiff of the false, fabricated and retaliatory disciplinary cases and have Plaintiff unconstitutionally assigned to Work Assignment contrary to Plaintiff's Medical Condition in retaliation against Plaintiff for his use of the Inmate Grievance Procedure and for filing his Law Suit against TDCJ-ID Officials.

(17) Violated Title 8, Chapter 37, Article 37.10(a)(1),(2),(3),(5)— 'Tampering With Governmental Record', Listed Defendants committed the offense because of Plaintiff's filing the Law Suit against TDCJ-ID Officials, in their knowing, condoning and allowing altered and falsified Disciplinary Cases, for Failure to Perform Work Duties, when in all actuality, Plaintiff was medically unable to perform those duties and was illegally assigned to those particular work duties that were contrary to his medical condition by Defendant's Donald Henry, and Jana Henry. These cases were written by Timothy R. Fitzgerald, Unit Security Field Correctional Officer; George A. Wolfe, Unit Security Field Correctional Officer; Kimberly A. Frazer, Unit Security Field Correctional Officer; entry into the governmental record; presenting, and using the records documents, with knowledge of its falsity and with intent that it be taken as a genuine governmental record; intentionally conceals the verity, legibility; and uses the governmental record with knowledge of its falsity in making their decision to convict Plaintiff of the false, fabricated and retaliatory disciplinary cases in retaliation for filing the Law Suit against TDCJ-ID Officials, and have Plaintiff unconstitutionally assigned to Work Assignment contrary to Plaintiff's Medical Condition and to retaliate against Plaintiff for his use of the Inmate Grievance Procedure, and for filing his Law Suit against TDCJ-ID Officials;

(18) Violated Title 8, Chapter 39, Article 39.02(a)(1),(2)— 'Abuse of Official Capacity', Listed Defendants committed this offense, with intent to obtain a benefit of unconstitutional reassignment of Plaintiff's work assignment contrary to his medical condition with intent to harm and defraud Plaintiff by way of retaliation, they intentionally and knowingly violated numerous laws relating to the listed Defendants office and employment; Listed Defendants misused government record document belonging to the government that has come into their custody and possession by virtue of their office and employment;

(19) Violated Title 8, Chapter 39, Article 39.03(a)(1),(2)--- 'Official Oppression', Listed Defendants acting under color of their office and employment committed this offense by intentionally subjecting Plaintiff to mistreatment, assessment, that they knew was unlawful; and has intentionally denied and impeded Plaintiff in the exercise and enjoyment of his rights, privileges, powers, and immunities, knowing their conduct was unlawful;

(20) Violated Title 8, Chapter 39, Article 39.04(a)(1)--- 'Violations of the Civil Rights of Person in Custody', Listed Defendants being an official and employee of TDCJ-ID correctional facility committed this offense by intentionally denying and impeding Plaintiff while in custody in the exercise and enjoyment of his rights, privileges, and immunities knowing their conduct was unlawful;

(21) Violated Eighth (8) Amendment--- 'Cruel and Unusual Punishment', Listed Defendants violated Plaintiff's Civil Rights by infliction of Cruel and Unusual Punishment by an ongoing practice of unconstitutionally reassigning Plaintiff and other Inmates to work assignments contrary to Plaintiff's and other Inmate's medical condition and retaliation for their use of the Inmate Grievance Procedure;

(22) Violated Title 11, Chapter 71, Article 71.02(a)(1),(9)--- 'Organized Criminal Activity', Listed Defendants committed this offense with the intent to establish, maintain, and participate in a 'Criminal Institutional Division Justice System Organization Code of Silence Criminal Conspiracy and Fraud Cover Up Attempt' of the food borne poisoning illness issue on the TDCJ-ID John Middleton Unit; engaging in the specific malicious organized criminal activity misconduct with his subordinates to fraudulently help conceal the kitchen personnel's negligence by use of conspiracy, fraud, and actually committing illegal criminal acts once they had knowledge of Plaintiff filing on the food borne poisoning illness issue on the John Middleton Unit; also to have Plaintiff unconstitutionally reassigned to work assignments contrary to Plaintiff's medical condition; also to cover up the commission of crimes under Title 2, Chapter 7, Subchapter A; Title 2, Chapter 7, Subchapter B; Title 8, Chapter 36; Title 8, Chapter 37; Title 8, Chapter 39; Title 11, Chapter 71, of the Penal Code;

Defendant #51,52,53,54,55,56,57,58,59,60: Chuma Anaduaka, Wayne Scott Unit Infirmary Director of Health ; Bruce W. Smith, Wayne Scott Unit Infirmary Head Physician; M. Lastrapes, Wayne Scott Unit Infirmary Physician Assistant C; Clara Bell, Wayne Scott Unit Infirmary R.N. Nurse; Katherine A. McClure, Wayne Scott Unit Infirmary L.V.N. Nurse; Shirley Fairchild, Wayne Scott Unit Infirmary L.V.N. Nurse; Elvira Rodriguez, Wayne Scott Unit Infirmary L.V.N. Nurse; Helen Hipp, Wayne Scott Unit Infirmary L.V.N. Nurse; Dorothy Wright, Wayne Scott Unit Infirmary L.V.N. Nurse; Chandra Chandler, Wayne Scott Unit Infirmary L.V.N. Nurse; Texas Department of Criminal Justice-Institutional Division; Wayne Scott Unit; Route 5, Box 1500; Angleton, Texas 77515; Texas Department of Criminal Justice-Institutional Division; Wayne Scott Unit; Route 5, Box 1500;  Angleton, Texas 77515

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

(1)   Listed Defendants failed to provide adequate minimum standards of medical care and treatment required by law for prisoners while in custody, in that, the living area of Plaintiff was not sanitary enough for Plaintiff to do his own draining of his wounds, cleaning of his wounds, and bandaging his wounds up; Defendants sworned duties as Nurses are to perform these duties in a manner to not cause any harm to Plaintiff as to infection or further medical issues;  The Nurses refused to perform their duties out right at all;

(2)   Listed Defendants failed to follow proper medical procedures in a timely manner;

(3)   Listed Defendants failed to expose the food borne poisoning illness to the proper authorities;

(4)   All L.V.N. and R.N. Nurses refused to drain, clean and dress Plaintiff's wound, being a required duty of their profession, which harmed Plaintiff; Plaintiff had to do it himself;

(5)   Listed Defendants after becoming aware that I had filed a Civil Rights Complaint against the Texas Department of Criminal Justice-Institutional Division John Middleton Unit, the Wayne Scott Unit Medical Department Officials began their harassment and retaliation;

(6)   Wayne Scott Unit Infirmary Director of Health, Chuma Anaduaka failed in his duties to supervise Wayne Scott Unit Infirmary Medical Nurses;

(7)   Wayne Scott Unit Infirmary Director of Health, Chuma Anaduaka failed in his duties and allowed the Unit Classification Department to override my medical evaluation, medical restrictions, disabilities, and placed my life and safety in danger;

(8)   Wayne Scott Unit Infirmary Director of Health, Chuma Anaduaka failed in his duties to after becoming aware that I had filed a Civil Rights Complaint against the Texas Department of Criminal Justice-Institutional Division John Middleton Unit, the Wayne Scott Unit Medical Department Officials began their harassment and

retaliation;

(9)   Wayne Scott Unit Infirmary Physician, Bruce W. Smith failed in his duties to supervise Wayne Scott Unit Infirmary Medical Nurses;

(10) Wayne Scott Unit Infirmary Physician, Bruce W. Smith allowed the Unit Classification Department to override my medical evaluation, medical restrictions, disabilities, and placed my life and safety in danger;

(11) Wayne Scott Unit Infirmary Physician, Bruce W. Smith after becoming aware that I had filed a Civil Rights Complaint against the Texas Department of Criminal Justice-Institutional Division John Middleton Unit, the Wayne Scott Unit Medical Department Officials began their harassment and retaliation;

(12) Wayne Scott Unit Infirmary Physician Assistant C. M. Lastrapes failed in her duties to supervise Wayne Scott Unit Infirmary Medical Nurses;

(13) Wayne Scott Unit Infirmary Physician Assistant C. M. Lastrapes allowed the Unit Classification Department to override my medical evaluation, medical restrictions, disabilities, and placed my life and safety in danger;

(14) Wayne Scott Unit Infirmary Physician Assistant C. M. Lastrapes after becoming aware that I had filed a Civil Rights Complaint against the Texas Department of Criminal Justice-Institutional Division John Middleton Unit, the Wayne Scott Unit Officials as well as, the Wayne Scott Unit Medical Department Officials began their harassment and retaliation;

(15) Listed Defendants working in concert, engaging in the specific malicious organized criminal activity misconduct with their subordinates, and under medical orders from TDCJ-ID on Plaintiff, helped to fraudulently conceal the kitchen personnel's negligence by use of conspiracy and fraud, and actually committing illegal criminal acts once they had knowledge of Plaintiff filing on the food borne poisoning illness on the John Middleton Unit;

(16) Listed Defendants delay and failure to act resulted in Plaintiff's extreme serious and permanent disfigurement injury; in that, if the Defendants on the John Middleton Unit would have promptly sent Plaintiff to the Hendricks Medical Center Hospital instead of delaying Plaintiff's treatment for the food borne poisoning illness from the Unit Kitchen Captain, Sandra Haynes serving contaminated chicken salad and spoiled milk, Plaintiff's stomach could have been pumped out and the surgeries Plaintiff went through would not have been necessary at all. Although the actions and omissions of these Defendants appears to be secluded, confined and isolated to the Wayne Scott Unit, the Gang Style Criminal Justice System Code of Silence Criminal Conspiracy Cover Up Attempt' has run it's course through seven (7) Texas Department of Criminal Justice-Institutional Division Facilities leaving Plaintiff with everyday eating and digestive problems where Plaintiff have to watch what he eats, how much and to make sure that his digestive system can handle what he eats, coupled with shortened intestines because of blocked intestines as a direct result of Defendant's actions and omissions set forth in this document, which has left Plaintiff with a drastic and sadistic butchered indefinite disfigurement stomach scar. This Gang Style Criminal Justice System Code of Silence Criminal Conspiracy Cover Up Attempt' should be broken down into seven (7) different traits of each conspirator, being (1) 'Gang Style '-- Each conspirator is acting as a member of a Criminal Justice System company of persons who go about together acting in concert with one another in modern use for their criminal purposes; (2) Criminal Justice System '--Each conspirator is a member of the network of courts and law enforcement tribunals which deals with criminal law and its enforcement; (3)' Organization '--Each conspirator is a member of an Criminal Justice System body of persons organized for some end and work to form into a whole united action arranged in systematic manner having organic structure and character of a unified Criminal Justice System body of persons; (4)' Code of Silence '-- Each conspirator is acting under a Criminal Justice System ' Code of Silence' to fraudulently commit, suppress, impede, illegally dismiss and conceal their own organized criminal activity which has nothing to do with their obligated duty under the' Rules of Professional Conduct' to avoid any and all law suits at any cost even to commit criminal offenses themselves; (5)' Criminal '--Each conspirator is a' Criminal' committing criminal offenses pertaining to and connected with the laws of the land of crimes and indeed obstructs the administration of true penal justice for all; (6)' Conspiracy '-- Each conspirator is a member of the lodged' Criminal Conspiracy'in this document,conspiring with co-conspirators as a member of a' Gang Style Criminal Justice System Organization ' to fraudulently commit, suppress, impede, illegally dismiss and conceal their own organized criminal activity which is not connected to any obligated duty under the' Rules of Professional Conduct'; (7) 'Cover Up '--Each conspirator is a member of the existing' Cover Up' attempt to fraudulently commit, suppress, impede, illegally dismiss and conceal each conspirator's true motive in participation in this cover up attempt.

(17) Listed Defendants violated Title 8, Chapter 39, Article 39.02(a)(1),(2)--- 'Abuse of Official Capacity',

Listed Defendants committed  this offense, with intent to obtain a benefit to conceal the kitchen personnel's negligence by use of conspiracy, fraud, and actually committing illegal criminal acts once they had knowledge of Plaintiff filing on the food borne poisoning illness on the John Middleton Unit; they intentionally and knowingly violated numerous laws relating to the public servant's office and employment. Listed Defendants misused government record documents belonging to the government that has come into the public servant's custody and possession by virtue of the public servant's, office and employment;

(18) Listed Defendants violated Title 8, Chapter 39, Article 39.03— 'Official Oppression', Listed Defendants acting under color of their office and employment committed this offense by intentionally subjecting Plaintiff to mistreatment, assessment, that they knew was unlawful; and has intentionally denied and impeded Plaintiff in the exercise and enjoyment of his rights, privileges, powers, and immunities, knowing their conduct was unlawful;

(19) Listed Defendants violated Title 8, Chapter 39, Article 39.04(a)(1)— 'Violations of the Civil Rights of Person in Custody', Listed Defendants being a contract entity of TDCJ-ID correctional facility committed this offense by intentionally denying and impeding Plaintiff while in custody in the exercise and enjoyment of his rights, privileges, and immunities knowing their conduct was unlawful;

(20) Listed Defendants violated Eighth (8) Amendment— 'Cruel and Unusual Punishment', Listed Defendants violated Plaintiff's Civil Rights by infliction of Cruel and Unusual Punishment by engaging in organized criminal activity working in concert with TDCJ-ID Officials, being parties to an ongoing practice of unconstitutionally reassigning Plaintiff and other Inmates to work assignments contrary to Plaintiff's and the other Inmate's medical condition and retaliation for the use of the Inmate Grievance Procedure;

(21) Listed Defendants violated Title 11, Chapter 71, Article 71.02(a)— 'Organized Criminal Activity', Listed Defendants committed this offense with the intent to establish, maintain, and participate in a 'Criminal Institutional Division Justice System Organization Code of Silence Criminal Conspiracy and Fraud Cover Up Attempt' of  the food borne poisoning illness on the TDCJ-ID John Middleton Unit; engaging in the specific malicious organized criminal activity misconduct with their subordinates to fraudulently help conceal the kitchen personnel's negligence by use of conspiracy, fraud, and actually committing illegal criminal acts once they had knowledge of Plaintiff filing on the food borne poisoning illness on the John Middleton Unit; also engaging in the cover up of commission of crimes under Title 2, Chapter 7, Subchapter A; Title 2, Chapter 7, Subchapter B; Title 8, Chapter 36; Title 8, Chapter 37; Title 8, Chapter 39; Title 11, Chapter 71, of the Penal Code;

**All of the above statements on each and every Defendant are a pattern shown of harassment by the Texas Department of Criminal Justice-Institutional Division against a State Prisoner when he/she gets sick and cause TDCJ-ID a large amount of money to save the prisoner's life, and retaliation against the Inmates for the Inmate's use of the Inmate Grievance Procedure to redress Governmental illegal wrongdoing issues.**

## V.    STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember that the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

1.      On the 30th day of August, 2001, Plaintiff had supper in the South Chow-Hall, between the hours of 15:00 p.m. and 17:00 p.m., consisting of Chicken Salad for main course, on the John Middleton Transfer Facility, located in Taylor County, Texas. Plaintiff had two (2) servings of the evening meal.

2.      On the 31th day of August, 2001, Plaintiff went to breakfast between the hours of 3:00 a.m. and 4:30 a.m., in the South Chow-Hall. Plaintiff had two (2) milks, which after drinking half, it tasted a little funny. Approximately 06:00 hours, Plaintiff abruptly awoke and barely made it to the restroom to vomit. Plaintiff was unable to keep fluids or any type of food down. Plaintiff was then sent to the Unit Medical Infirmary.

3.      On the 31th day of August, 2001, at 14:25 Hours, Plaintiff arrived at the Unit Medical Infirmary with symptoms of nausea and vomiting. Plaintiff was seen by License Vocational Nurse (LVN), K. Washington, which addressed Plaintiff's Complaint, asking Plaintiff what he had eaten in the past twenty-four (24) hours.

4.       Plaintiff stated that he had some milk at breakfast, and two (2) servings of the evening meal the previous day, consisting of the chicken salad. Plaintiff was given a bucket to catch his vomit.

5.       Plaintiff was not seen by a Physician nor Physicians Assistant, but only by Medical LVN, K. Washington, who treated Plaintiff for a minor upset stomach. Plaintiff was given a shot of 25 mg of Phenergan and two (2) Imodium Pills without contacting a Physician. Plaintiff was also given a Cell Pass for twenty-four (24) hours and was then sent back to his cell to rest.

6.       At 18:00 Hours, the 31th day of August, 2001, Plaintiff was assisted to the Unit Medical Infirmary by two (2) fellow Inmates, because Plaintiff's symptoms became worse and much more intense. Registered Nurse (RN), Irene Akins addressed Plaintiff's complaints, and told Plaintiff she would be right back, and left the room.

7.       At 18:30 Hours, the 31th day of August, 2001, RN, Akins had contacted Head Medical Physician, Nafrauri, and Physician, Nafraui prescribes one (1) shot of Phenergan 25 mg immediately, and orders another one (1) in one (1) hour. If the symptoms persist, then Head Medical Physician, Nafraui was to be notified of Plaintiff's condition.

8.       At 19:30 Hours, the 31th day of August, 2001, Physician Nafrauri is again called at his home, and given a report that Plaintiff's symptoms had increased, at this point, Plaintiff has projectile vomiting. Physician Nafrauri, orders another shot of Phenerqan 25 mg, and orders Plaintiff to be sent to Hendrick's Medical Center Hospital Emergency Room, located at 1242 North 19th; Abilene, Taylor County, Texas 79601-2316.

9.       At 20:30 Hours, the 31th day of August, 2001, Plaintiff arrives at Hendrix Medical Center Hospital Emergency Room, located in Abilene, Taylor County, Texas. Plaintiff's Medical report was given to Hendrick's Medical center Hospital Emergency Room Nurse, Ms. Tara. Once arriving at that location, Plaintiff brought it to the attention of Emergency Room Nurse, Ms. Tara, that he thought it was blood poisoning from eating contaminated food on the John Middleton Unit. Plaintiff was informed that he had a Case of Salmonella Food Poisoning, and was asked what all I had eaten twenty-four (24) before I got sick.

10.      At 22:55 Hours, the 31st day of August, 2001, Plaintiff was taken to X-ray where an E.K.G. was done and Technologist, Robert Noll made two (2) X-ray views of the abdomen. This set of X-rays and E.K.G. was completed on August 31, 2001, but was not interpreted by Medical Radiologist, Johnny Bliznak's until 10:59 Hours on the 1st day of September, 2001. The interpreted opinion of the X-rays was "Supine and upright films of the abdomen show a minimal amount of colonic gas and fecal material and minimal small bowel gas with a few air-fluid levels. This is a nonspecific bowel gas pattern".

11.      On the 1st day of September, 2001, Plaintiff is examined by the Emergency Room Physician, Robert L. Lawson, who gives Plaintiff a Diagnosis of 'Acute Abdominal Pain', 'Acute Small Bowel Obstruction', 'Nausea and Vomiting'.

12.      On the 1st day of September, 2001, after Physician, Robert L. Lawson rendered his Diagnosis, Plaintiff was then referred to Head Medical Physician, Leigh Taliaferro, who orders Plaintiff to be admitted to Hospital Room # 5636, Bed # 2.

13.      On the 10th day of September, 2001, there was a Nutrition Note, signed by Clinical Nutrition Specialist RN, Nicole Holcomb, placed in the Emergency Room Intake Report stating: "Patient at nutritional risk 2° to dx.........Patient NPO @ this time. Will monitor for diet adv........". Plaintiff was given a clear liquid diet.

14.      Two Texas Department of Criminal Justice-Institutional Division (TDCJ-ID) Guards are assigned to Plaintiff, one of which was Defendant, Correctional Officer (CO), J. Lopez.

15.      At approximately 14:30 Hours, of the 1st day of September, 2001, Head Physician, Leigh Taliaferro orders blood and urine cultures, and. x-rays of Plaintiff's abdominal area, whereby, Plaintiff was again taken to X-ray, where Technologist, Brenda Mauldin made two (2) more views of the abdomen.

16.     At 14:52 Hours on the 1st day of September, 2001, interpretation of these X-rays was made by Medical Radiologist, Johnny Bliznak issuing an interpreted opinion of these X-rays, being, Dx: sbo "Supine and upright films of the abdomen show patchy colonic and small bowel gas with a few air-fluid levels—nonspecific bowel gas pattern. The study also shows osteoarthritis changes of the SI joints, especially on the right".

17.     On the 2nd day of September, 2001, Plaintiff was in severe pain and asked the Security Guard, CO, J. Lopez, who was watching T.V. at the time, to call the Nurse because of Plaintiff's need for pain medication.

18.     CO, J. Lopez was so absorbed in her soap opera, she was watching, that she made no effort whatsoever to get involved with Plaintiff's request. Plaintiff's suffering increased as he began to cry out for the Nurse.

19.     CO, J. Lopez became so enraged with anger over Plaintiff interrupting her soap opera, CO, J. Lopez told Plaintiff, that she was giving Plaintiff a 'Direct Order' to 'Shut up'.

20. ·    Plaintiff couldn't help, but to continue because the pain and discomfort was so severe, and CO, J. Lopez was not doing anything whatsoever to resolve the situation.

21.     CO, J. Lopez later made a call to her Superior, TDCJ-ID Security Lieutenant of Correctional Officers, J. Stewards. Lieutenant, J. Stewards authorized CO, J. Lopez to write the fraudulent Disciplinary Case on Plaintiff for 'Failing To Obey A Direct Order'.

22.     The Fraudulent Disciplinary Case was later investigated by Defendant, Security Sergeant of Correctional Officers, Mr. Hogg.

23.     The Fraudulent Disciplinary Case was tried by the same TDCJ-ID Security Lieutenant of Correctional Officers, J. Stewards, that had authorized CO, J. Lopez to write, all because Plaintiff was in severe pain and needed pain meditation for the ailment caused by the failure of the Lieutenant's subordinates to adequately resolve the situation properly.

24.     On the 3rd day of September, 2001, Head Physician, Leigh Taliaferro instructs Physician Johnny Bliznak to take additional X-rays of Plaintiff's abdomen.

25.     At 09:15 Hours, September 03, 2001, Technologist, Sandra Lynne Tucker made two (2) additional X-ray views of Plaintiff's abdomen, and the opinion of Medical Radiologist, Johnny Bliznak was, Dx: sbo "Supine and upright films of the abdomen show multiple dilated small bowel loops with air-fluid levels. There are some minimal colonic gas. OPINION: (1) Distal Small Bowel Obstruction". Head Physician, Leigh Taliaferro noted in Plaintiff's Patient Progress Report that she is awaiting blood and urine cultures, and Patient made need surgery.

26.     At approximately 15:40 hours, September 03, 2001, Head Physician Taliaferro noted in the Plaintiff's Chart that she is still awaiting blood and urine cultures. Head Physician, Leigh Taliaferro further notes an urgent need for surgery, and she advised Plaintiff of upcoming operational procedure.

27.     On the 4th day of September, 2001, Head Physician, Leigh Taliaferro visits Plaintiff, informing Plaintiff that she had to operate on me, there were not any alternatives at this point. Head Physician, Leigh Taliaferro instructs Plaintiff of her preoperative diagnosis and that she will be the one conducting the surgery. Preoperative diagnosis by Head Physician, Leigh Taliaferro was Small Bowel Obstruction--Secondary To Adhesion.

28.     At 12:35 Hours, on the 4th day of September, 2001, Plaintiff arrived at the Operating Room Area. Anesthesia was administered and the Operation began at 12:55 Hours. Head Physician, Leigh Taliaferro made an incision on my stomach approximately ten (10) inches long, and she removed about two (2) feet of my intestine from my stomach, to unblock my intestine because the Salmonella Food Poisoning caused my small intestine to collapse, resulting in the blockage. At 14:05 Hours, Operation was completed, and Plaintiff exited the Operating Room at 14:10 Hours.

29.     On the 5th day of September, 2001, at 14:00 Hours, Head Physician, Leigh Taliaferro visited Plaintiff and

gave stable conditions all around. Vital signs also stable. Abdomen soft, Lupi-clean.

30.      At 17:00 Hours, on the 6th day of September, 2001, Head Physician, Leigh Taliaferro visited Plaintiff, notes in Progress Report that Plaintiff's Temperature was up, also noting that Plaintiff's wound was slow healing.

31.      On the 7th day of September, 2001, at 13:00 Hours, Head Physician, Leigh Taliaferro visits Plaintiff and notes in Plaintiff's chart that a rare blood stain positive for Staphylococcus Aureus was detected in Plaintiff's last culture. Head Physician, Leigh Taliaferro ordered another culture to be done, also ordering Zantac and Phenergan to be administered to Plaintiff. Head Physician, Leigh Taliaferro noted in Physicians Orders that Physician, Gary Walker was covering her for the next week.

32.      On the 7th day of September, 2001, at 20:50 Hours, Physician, Gary Walker added Mefoxin to Plaintiff's Medications for the high temperature.

33. ·    On the 9th day of September, 2001, Physician, Gary Walker visits Plaintiff and discusses the results of the new culture, because the culture was also positive for Staphylococcus Aureus clusters. Physician, Gary Walker examined Plaintiff and discovered a (2:cm) bilateral red band of infection around the edges of Plaintiff's Operation Incision on Plaintiff's abdomen, and ordered new cultures to be taken. Physician, Gary Walker added Reglan 10 mg to Plaintiff's I.V.

34.      On the 10th day of September, 2001, there was a Nutrition Note, signed by Clinical Nutrition Specialist RN, Nicole Holcomb, again placed in the Progress Report stating: "This Patient has been NPO for >5 days, which may place him/her at nutritional risk. Please consider an advance in diet or nutritional support if concurrent with medical management of Pt." At this point, Plaintiff has been on the clear liquid diet set up for him on the 1st day of September, 2001.

35.      At 01:30 Hours, on the 10th day of September, 2001, Physician, Gary Walker visits Plaintiff to advise Plaintiff of an infection in his abdomen, and the need of a 'Second' surgery to clean the wound of the infection. A period of only six (6) days had passed, and Plaintiff already needed a second surgery, simply because of negligence of TDCJ-ID Officials. Physician, Gary Walker ordered # 3-4 staples removed from Plaintiff's abdomen incision, to allow the infection to drain.

36.      At 14:00 hours, on the 10th day of September, 2001, Plaintiff received a visitor from TDCJ-ID Huntsville Litigation Department representing Huntsville Main Office of the Texas Department of Criminal Justice-Institutional Division, stating: "You are costing TDCJ-ID too much money, and you will be transferred to the French Robertson Unit Infirmary", which will be much cheaper to treat me.

37.      At 16:35 Hours, on the 10th day of September, 2001, Physician, Gary Walker ordered Plaintiff to be taken to surgery to clean the wound of the infection. Physician Gary Walker removed all the clips, Physician cut my stomach open again because an infection had setup from the rusty chain hooked to the handcuffs on Plaintiff's hands, and the shackles on Plaintiff's legs, being the proximate cause of the infection. The rusty chain was running down Plaintiff's stomach area right on the surgical incision. TDCJ-ID Officials refused to remove the chain. Any reasonable individual would know that a rusty chain rubbing against the fresh surgical incision would cause an infection to setup. Physician, Gary Walker cleaned the wound and noted that the wound would be left open to heal and drain. At this point, Physician, Gary Walker ordered an abdominal binder to be placed on Plaintiff.

38.      On the 11th day of September, 2001, Physician, Gary Walker noted in Plaintiff's Progress Report that Plaintiff was feeling ok, tolerating the clear liquid diet. Plaintiff's abdomen is soft, less distended, +B.S. Wound cleaner, and cultures pending. Improved. This was Plaintiff's 1st normal bowel movement through this ordeal.

39.      On the 12th day of September, 2001, Physician, Gary Walker noted in Plaintiff's Progress Report that Plaintiff had gas pains, which was fairly severe, +flatus. Abdomen +B.S. small distended, soft. Wound granulating and cleaned. Cultures were Staphylococcus Aureus sensitive to cephs. Physician, Gary Walker ordered a soft diet for Plaintiff now instead of the clear liquid diet.

40.     On the 13th day of September, 2001, Physician, Gary Walker noted in Plaintiff's Progress Report Plaintiff's Diastolic Blood Pressure is up some, probably due to discomfort, will monitor for now. Plaintiff having some gas pains and bloating and no vomiting. Abdomen wound ok, moderately distended, soft normal bowel movements. Physician, Gary Walker added Phazyme to treat the poisoning of the bloodstream and speed up the removal of the poison from the body, and relief of intestinal gas.

41.     On the 14th day of September, 2001, Physician, Gary Walker visited Plaintiff for the last time, noting in Plaintiff's Progress Report that Plaintiff has lots of gas on KUB, c/w ileus (care with incapacity of intestines to pass contents). Patient feels better, tolerating diet. Less distended, soft normal bowel stool. Wound has healthy granulation. Dismissed to Robertson Unit Infirmary for wound care. In the Physician's Orders, on the 14th day of September, 2001, Physician, Gary Walker made note also that "Dismiss to Prison Infirmary in care of orders". Physician, Gary Walker also informed Plaintiff about his wound and the proper care for it.

42. .    At 15:00 Hours, on the 14th day of September, 2001, Plaintiff was discharged from Hendrick's Medical Center Hospital, and was transferred to the French Robertson Unit Medical Infirmary, located at 12071 FM 3522; Abilene, Texas 79601, in Taylor County, Texas, for wound care.

43.     At 16:00 Hours, on the 14th day of September, 2001, Plaintiff arrives at the French Robertson Unit Medical Infirmary, and is assigned to Room # 1.

44.     At 18:38 Hours, on the 14th day of September, 2001, Physician, Stephen Peck is notified and given orders from Hendrick's Medical Center Hospital for the treatment of Plaintiff's surgical procedure.

45.     At 23:15 Hours, on the 14th day of September, 2001, medication of Darvocet 100 are administered to Plaintiff.

46.     On the 15th day of September, 2001, Plaintiff's wound is cleaned by Plaintiff and dressing is changed. The Nurses showed me how to drain the thick green fluid from the inside of my stomach, and how to clean and dress my own stomach incision, because the Nurses refused to clean and dress my stomach incision because of the thick green fluid running out, and the horrible smelling odor that was so bad coming out of my stomach, until the Nurses at the French Robertson Unit Infirmary did not want to change my dressings and bandages and drain the green fluid from my stomach infection two (2) times a day, which was their required duty as a Nurse. This will be the only changing Plaintiff will have until the seventh (7th) day of September, 2001.

47.     On the 16th day of September, 2001, at 16:00 Hours, Plaintiff began to experience severe pain, whereby he asked for the Nurse to see about pain medication. Plaintiff was informed that it would be several hours before the Nurse administered medications.

48.     Later that same day, Plaintiff repeatedly asked Nurses if his wound would be cleaned and dressing changed, the duty Nurse told Plaintiff they were too busy and his request was ignored.

49.     On the 17th day of September, 2001. Plaintiff's wound was cleaned and changed by Plaintiff. He had an infection from his wound not being properly cared for by trained Medical Staff at the French Robertson Unit Medical Infirmary.

50.     During the time Plaintiff was at the French Robertson Unit Medical Infirmary, Plaintiff was given a tub of water every other day , and a clean dressing and Plaintiff was ordered to clean his own wound and change his own dressing, which is a total breach of duty of Medical Officials resulting in Plaintiff not receiving adequate Medical Treatment.

51.     During the time Plaintiff was at the French Robertson Unit Medical Infirmary, once a day in the morning time, a Physician, his Assistant, and a Nurse would come to my room I was assigned to and ask me questions about my Medical Health Problems. After spending several weeks in the French Robertson Unit's Infirmary, the Unit was on Lock-Down Status, being run by a skeletal crew, which meant that Plaintiff's diet consisted of peanut butter with a

lot of jelly, and syrup mixed with the peanut butter on biscuits along with Cheese and bologna sandwiches, until Plaintiff became severely constipated, resulting into a third operation on my intestine, to unclog the blockage again. I had to be placed on a liquid diet again, because I could not digest solid foods. After my operation to unclog the blockage in my intestines this time, the two (2) Physicians explained to me very carefully about all my future working activities, all types of exercise, bending, and lifting of heavy weights, and objects. The Physicians stressed that if I did not want to be left wearing a colostomy bag for the rest of my life, I would have to be extremely careful of all strenuous activity, especially hard work in the fields. I have been forced to go against all of these Doctor's instructions.

52,      On the 10th day of October, 2001, Plaintiff was transferred to the Byrd Unit, located in Huntsville, Walker County, Texas, for Diagnostic and Unit Assignment. When at the Byrd Unit, the Unit Physician asked Plaintiff about his wound, and noted that the wound is not healing properly. The period that Plaintiff resided at the Byrd Unit from October 10, 2001 thru October 29, 2001, total of nineteen (19) days, Plaintiff received adequate Medical Treatment for his wound.

53.      On the 29th day of October, 2001, I was transferred from the Byrd Unit to the Wayne Scott Unit Facility, located at Route 5, Box 1500; Angleton, Brazoria County, Texas 77515, where all my Medical Problems started up again and got worse. My stomach incision was still open, draining the green fluid, and had to be drained, cleaned, and dressing changed two (2) times a day.

54.      On the 29th day of October, 2001, Plaintiff arrives at the Wayne Scott Unit, and is seen by Physician, Bruce W. Smith, whereby a Medical Treatment Plan is ordered and medications are prescribed. The Physician, or Nurse would give me the necessary Medical Supplies to drain, clean, and dress my own stomach incision.

55.      On the 29th day of October, 2001, Plaintiff submitted a Sick Call Request # 2264 requesting eye glasses and also requesting a Medical Shower Pass because of the stitches in Plaintiff's abdomen wound, which was still draining.

56.      On the 31st day of October, 2001, Plaintiff submitted another Sick Call Request # 2270 requesting the same as above, eye glasses and a Medical Shower Pass because of the stitches in Plaintiff's abdomen wound.

57.      On the 1st day of November, 2001, Plaintiff was scheduled for Nurse Sick Call. It is noted in the Nurse Assessment Plaintiff's abdomen wound now with dehisance (broke open along the joined edges)) now with constant drainage. Plaintiff had difficulty walking, numbness and severe pain with accompanying abdominal severe pain, abnormal vital signs, dark or bloody urine, temperature higher than 101degrees F.. Plaintiff was referred to see the Unit Physician, Bruce W. Smith.

58.      On the 3rd day of November, 2001,  Physician, Bruce W. Smith sees Plaintiff for routine checkup, and notes that the wound is still open, draining, and slowly healing up.

59.      At 12:40 Hours, on the 5th day of November, 2001, it is noted that Plaintiff is issued a Medical Shower Pass for 30 days, and to reschedule Plaintiff an appointment for Head Physician, Bruce W. Smith to evaluate Plaintiff's abdomen wound and prescribe medications.

60.      In the months to follow, Physician, Bruce W. Smith changed Plaintiffs Medical Restrictions, which made it possible for the Unit Classification to place Plaintiff in a more strenuous work bracket.

61.      Just as I thought that things could not get any worse, my first job that I was assigned to was the Building Utility Squad, where we would do light duty working jobs like cleaning detail jobs. In 2003, I was reassigned to the Medical Squad.

62.      On the 24th day of March, 2003, Plaintiff was given a Job Change for Field Duty, and note was written on the Job Change Slip, which said "GO TO WORK". At that time in 2003, the age limit was fifty five (55) years of age for field workers. I was forced to work in the fields at fifty seven (57) years of age, and a Disabled Veteran.

63.    I was reassigned to the Field Garden Hoe Squad # 2. At first, we would go out into the fields and work at our own pace two (2) days out of the a week. After about a month or so, all our working rules had changed in the Garden Hoe Squad # 2, where I was working. All of the Inmates assigned in the Garden Hoe Squad # 2 were made to keep up our working pace with the main Number One Field Line Hoe Squad Workers, being a much more healthier and younger group of guys. The amount of days also changed from two (2) days a week to four (4) and five (5) days a week. When us Inmates in the Garden Hoe Squad # 2 would fall behind in the working line and failed to cut enough weeds in the fields, then us Inmates in the Garden Hoe Squad # 2 was written a Major Case for that day. Although we had worked to the best of our physical ability in the fields, we still was written up and received a Major Case for that day.

64.    After the two (2) bullets in my body had moved away from their original locations, to two (2) new positions in my body from the hard work in the Field Garden Hoe Squad # 2. The severe excruciating pains started all over my body, keeping me from performing my working job activities in the Field Garden Hoe Squad # 2.

65. ·    I submitted several Sick Call Requests to see Head Unit Physician, Bruce W. Smith. Physician, Bruce W. Smith finally granted my request. After Head Unit Physician, Bruce W. Smith had seen me, Physician, Bruce W. Smith would only prescribe Ibuprofen 600 mg tablets for my body pains, and would not resolve the problem by surgically removing the two (2) bullets from my body to stop these pains, and not just to treat my symptoms. The Texas Department of Criminal Justice-Institutional Division Employees caused these two (2) bullets to move in my body in the first place forcing me to work in Field Garden Hoe Squad # 2.

66.    After several weeks had passed by, and several Sick Call Requests submitted, Head Unit Physician, Bruce W. Smith decided to take some X-Rays of these two (2) bullets in my body. Several days later, after Head Unit Physician, Bruce W. Smith had received and reviewed the X-Rays of these two (2) bullets in my body, Head Unit Physician, Bruce W. Smith scheduled me an appointment to go to the John Sealy Medical Center in Galveston, Texas.

67.    Finally after suffering months of pain and misery daily, I arrived at John Sealy Medical Center in Galveston, Texas. I was seen and examined by three (3) different Physicians. All three (3) different Physicians told me the very same thing, that I needed major surgery to remove these two (2) bullets from my body to relieve me of the severe pain and discomfort I was having on a daily basis. The Physicians went on to say that the hard work in the Field Force Hoe Squad caused the two (2) bullets in my body to shift from their original position to new locations in my body. The number one bullet in the back of my head has shifted down under my right shoulder blade. The number two bullet shifted from my back to right above my left testicle and these two (2) bullets was the cause of my severe excruciating pains day and night. The U.T.M.B. Physician Specialists had recommended and ordered for the surgeries to be performed. The Physicians at John Sealy Medical Center Hospital told me that I would be rescheduled for a second appointment by Head Medical Director, Chuma Anaduaka, and I would be notified, by the Head Physician at John Sealy Medical Center Hospital and Head Unit Physician, Bruce W. Smith would lay me in on a lay in slip to come to his Office, to reschedule me a second appointment to have these two (2) bullets in my body removed by performing major surgery on me.

68.    The Wayne Scott Unit Administration, Senior Warden, Richard A. Trinci; Assistant Senior Warden, Kathryn Bell; Classification Department Committee Board Member of the Wayne Scott Unit; Donald Henry; Classification Department Committee Board Member of the Wayne Scott Unit; Jana Henry; Unit Security Disciplinary Captain of the Wayne Scott Unit, Billy J. Reese; Unit Security Disciplinary Substitute Counsel of the Wayne Scott Unit, Jeana M. Baker; Unit Security Major of Correctional Officers, Samuel Seals; Unit Security Building Sergeant of Correctional Officers, James B. Thomas; Unit Security Field Sergeant of Correctional Officers, Michael M. Jennings; Unit Security Field Correctional Officer, Timothy R. Fitzgerald; Unit Security Field Correctional Officer, George A. Wolfe; Unit Security Field Correctional Officer, Kimberly A. Frazer, as well as, the Wayne Scott Unit Medical Department Administrator, Chuma Anaduaka, and Physician, Bruce W. Smith has blocked and refused to allow me to receive the surgeries.

69.    My Grievance Complaints had reached Region III Director, Kelli Ward's Office who oversees and has authority over the Wayne Scott Unit and all it's contents. Kelli Ward consented to the willingness of wrongdoing by

the Wayne Scott Unit Personnel at the Step 2 Stage of Inmate Grievance Complaint Procedure. Complaints are forwarded to the Region Directors Office for their response utilization of the Inmates Grievance Procedure being is the only means for an Inmate to attempt informal resolution and to exhaust State Remedies. Kelli Ward has acquiesce to the above acts and has allowed for my life and safety continuously to be placed in danger.

70.    The physical examination by the three (3) different Physicians happened in 2003, and by 2007, I had received a total of eight (8) Major Cases, for not being physically able to perform any of my Physical Working Activities at the jobs that I have been assigned. Since that scheduled appointment, by Head Unit Physician, Bruce W. Smith, at the John Sealy Medical Center Hospital in Galveston, Texas in 2003, nothing has been done to remove these two (2) bullets from my body. Four (4) years have passed and every time that I had talked to Head Medical Director, Chuma Anaduaka, or Head Unit Physician, Bruce W. Smith about rescheduling me a second appointment to go back to the John Sealy Medical Center Hospital to have these two (2) bullets removed from my body by major surgery, no response ever came.

71.    Before my Field Garden Hoe Squad # 2 Job Assignment, one of these bullets has been in the right side of my head for years without no pains or any medical problems whatsoever. As a direct result of my Job Assignment in the fields, this bullet has moved down my neck under my right shoulder blade next to my spinal cord, causing me severe excruciating pains day and night, while the second bullet was in my back, however, this bullet has moved down inside a large knot above my left testicle, causing me severe excruciating pains day and night, especially when I urinate.

72.    After filing so many Grievance Complaints against Physician Bruce W. Smith, and the Medical Department, Physician Bruce W. Smith finally ordered me a special clinic evaluation with a Specialist at TDCJ-ID/U.T.M.B. Hospital in Galveston, Texas, and told me to stop putting in Sick Call Requests for this same problem, he has done all that he can do for me, by prescribing the pain medication--Ibuprofen 600 mg tablets for me.

73.    I contacted Head Medical Director, Chuma Anaduaka, and Head Physician, Doctor Bruce W. Smith that by these two (2 ) bullets in my body continually moving around in my body, there is always the possibility of lead poisoning occurring and setting in, putting my life in grave jeopardy, no response ever came.

74.    I have asked all of these individuals in person or by mail, some by certified mail for their help before I filed my Law Suit on this Wayne Scott Unit's Administration, consisting of Head Warden, Richard A. Trinci; Assistant Head Warden, Kathryn Bell; Head Medical Director, Chuma Anaduaka; Head Medical Physician, Bruce W. Smith; Major, Samuel Seals; now Warden, Domingo A. Carrillo; Classification Department Committee Members in different Classification Board Meetings, Jana Henry; Donald Henry; Sylvia J. Glenn; Donald Sweeny; Head L.V.N. Nurse, Shirley Fairchild; Head Field Lieutenant, Scott A. Green; Field Sergeant, Micheal M. Jennings; Sergeant, James B. Thomas; Field Officer, Timothy R. Fitzgerald; Field Officer, George A. Wolfe; Field Officer, Kimberly A Frazer; Disciplinary Captain, Billy J. Reese; Disciplinary Substitute Counsel, Jeana M. Baker.

75.    I also contacted these individuals by mail in order to get some Medical Help for myself; Southern Regional Director, Charles Adams; Texas University of Texas Medical Branch Galveston Correctional Managed Care Department of Quality Assurance Service, Doctor, Owen Murray D.O.; Decision Director, Dr. Lannette Linthicum; Health Service Liaison Program Professional Standard in Huntsville, Texas, R.W. Rochelle McKinnen; Regional 3 Director's Office, Margo Green; and Green's Assistant, J.P. Guyton in Rosharon, Texas. None of these individuals would help me get the Medical help that I desperately needed, nor would any one of these individuals would change my Medical Restrictions to take me out of the fields to remedy the bullets moving around in my body.

76.    This Law Suit is being filed pursuant to the Continuous Treatment Doctrine, and the Veterans Administration has corrected the medical issues Plaintiff referred to in this Suit, however, this present day to eternity, Plaintiff has a very repulsive permanent disfigurement scar on his abdomen, amongst other health problems caused by the Defendants named in this Civil Rights Complaint. This has caused Plaintiff extreme severe physical pain, emotional stress, mental stress, and discomfort and has limited Plaintiff's capabilities in his everyday activities beyond measures.

## CONDITIONS PRECEDENT

All conditions precedent have been performed or have occurred.

## DEMAND FOR JURY

Plaintiff demands a Jury Trial and tenders the appropriate Fee with this Petition.

**VI.**   **RELIEF:** State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Plaintiff prays this Honorable Court to conclude calloused reckless and unquestionable deliberate indifference by Defendants, caused Plaintiff to suffer Mental Anguish; Physical Impairment; Physical Pain; and Permanent Disfigurement because of inadequate and unreasonable Medical Treatment resulting in the 'Cruel and Unusual Punishment' inflicted upon Plaintiff without Penological Justification, or warning, denying Plaintiff 'Equal Protection of the Law', and because the Defendants are working for a State Correctional Facility where each employee should know and adhere to the Law more so than an ordinary person, to award Plaintiff the following:

1.    Award Plaintiff 'Compensatory Damages' in the highest amount allowed by the Judiciary Courts System for 'Permanent Physical Disfigurement'; or a reasonable amount to be determined by this United States District Court or Jury; also for;

2.    Award Plaintiff ; the highest amount allowed by the Judiciary Courts System for ' Future Damages' for Permanent Injuries Residual and Projected Effects, such as Ability to Function, Loss and Impairment of Earning Capacity, and Projected Medical Expenses, Medical Procedures, Drug Prescriptions, and any other Health Care related issue; or a reasonable amount to be determined by this United States District Court or Jury; also for;

3.    Award Plaintiff the highest amount allowed by the Judiciary Courts System for 'Emotional Stress and Mental Anguish', for the fright, grief, humiliation, embarrassment, anger, disappointment, worry, and nausea, or a reasonable amount to be determined by this United States District Court or Jury; also for;

4.    Award Plaintiff in the highest amount allowed by the Judiciary Courts System for 'Exemplary Punitive Damages'; for all Defendant's Actions; Collective and Individual under Texas Civil Practice and Remedies Code, Section 41.003(a)(2) as defined by Section 41.001(7), for the knowingly and intentionally Wrongful Acts, Reckless Disregard to Plaintiffs Civil Rights, where the wrong done was aggravated by circumstances of violence, oppression, malice, conspiracy, fraud, and wanton and wicked conduct on part of Defendants which resulted in permanent disfigurement and permanent disability and other things; or a reasonable amount to be determined by this United States District Court or Jury; also for;

5.    Award Plaintiff the highest amount allowed by the Judiciary Courts System for Attorney Fee's under Texas Civil Practice and Remedies Code, Section 7.004, in the event that Counsel was not Appointed to help Plaintiff in this action due to Exceptional Circumstances; also for;

6.    Award Plaintiff 'All Court Costs of this Law Suit' including all 'Filing Fees', and all other incurred costs as to this action be paid by Defendants; also for;

7.    Award Plaintiff the highest amount allowed by the Judiciary Courts System for all other Damages or Relief this United States District Court determines Plaintiff is entitled to in Law, and in Equity, to which Plaintiff may be legally entitled. Plaintiff respectfully asks this Honorable Court to award all the above damages and relief on top of any and all expenses TDCJ-ID or U.T.M.B. Medical Facilities imposed or may impose on Plaintiff as a result of Plaintiff's Medical Treatment Care or Housing as a result of Plaintiff filing his   Law Suit Complaint.

**VII.   GENERAL BACKGROUND INFORMATION:**

    A. State, in complete form, all names you have ever used or been known by including any and all aliases:
      Bobby Dwayne Lucky

    B. List all TDCJ-ID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you, if known to you.   1048046

**VIII.   SANCTIONS:**

    A. Have you been sanctioned by any court as a result of any lawsuit you have filed?
            YES  XXXXX NO

    B. If your answer is 'yes, give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

      1. Court that imposed sanctions (if federal, give the district and division):   N/A
              N/A

      2. Case Number:   N/A

      3. Approximate date sanctions were imposed:   N/A

      4. Have the sanctions been lifted or otherwise satisfied?
        N/A          YES      NO

    C. Has any court ever warned or notified you that sanctions could be imposed?

        N/A          YES      NO

    D. If your answer is 'yes", give the following information for every lawsuit in which warning was imposed. (If more than one, use another piece of paper and answer the same questions.)

      1. Court that imposed warning (if federal, give the district and division):   N/A
              N/A

      2. Case Number:   N/A

      3. Approximate date warnings were imposed:   N/A

Executed on: _7/14/12_
        Date

                                      _Bobby Dwayne Lucky_
                                      _1827 Raleigh Road_
                                      _Dallas, Texas 75216_
                                   (Signature of plaintiff)

**PLAINTIFF'S DECLARATIONS**

    1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.

    2. I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand that I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an inforina pauperis lawsuit if I have brought three or more civil actions in a Court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, Iam responsible for the entire $350 filing fee and costs assessed by the Court, which shall be deducted in accordance with the law from my inmate account by my custodian until the filing fee is paid.

Signed this _____14th_____ day of _____July_____, _2012_
               (Day)                  (month)        (year)

                                      (Signature of plaintiff)

**WARNING: The Plaintiff is hereby advised any false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions. The sanctions the Court may impose include, but are not limited to monetary sanctions and/or the dismissal of this action with prejudice.**

**Bobby Dwayne Lucky**
**1821 Overton Road**
**Dallas, Texas 75216**

**July 19, 2012**



RECEIVED
BY _____
JUL 3 1 2012
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**United States District Court**
**Office Of The Clerk**
**Northern District Of Texas**
**1100 Commerce Street, Room 1425**
**Dallas, Texas 75242-1027**

**RE: 42 U.S.C. § 1983 Law Suit**

**Dear Clerk:**

Greetings! If you would be so kind as to process and file the enclosed 42 U.S.C. § 1983 Law Suit and bring it to the Court's attention. Please find enclosed the adequate number of Complaints and Summons for the Court and each Defendant; also the Filing Fee for said Law Suit.

I do thank you in advance for your most valuable time and your kind assistance and help is highly appreciated, as I remain:

**Respectfully;**

*Bobby Dwayne Lucky*
**Bobby Dwayne Lucky**
**Affiant**



PRIORITY MAIL
UNITED STATES POSTAL SERVICE
LABEL 106-A OCTOBER 1997

For Domestic Use

Visit us at usps.com

DELIVERY CONFIRMATION™
United States Postal Service®

7463 723 E000 0250 6770

U.S. DIST CLERK

1 of 2 FILES

United States District Court
Northern District of Texas
Clerk of the Court
1100 Commerce St., Rm. 14-26
Dallas, Texas 75242-1003

RECEIVED
JUL 31 2012
CLERK, U.S. DISTRICT COURT
NORTHERN DIST. OF TEXAS

U.S. POSTAGE
PAID
PLANO, TX
75074
JUL 30 12
AMOUNT
$7.40
00045826282-10

