IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BOBBY DWAYNE LUCKY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | No. 3:12-CV-2609-B (BF) |
| | § | |
| **SANDRA HAYNES**, et al., | § | |
| | § | |
| **Defendants.** | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This case was referred to the United States Magistrate Judge Paul D. Stickney for pretrial management. Plaintiff Bobby Dwayne Lucky ("Plaintiff") filed his Complaint naming sixty defendants on July 31, 2012. (Doc. 3.) A summons was issued for each of the defendants on August 2, 2012. (Doc. 4.) In an Order dated August 28, 2012, Plaintiff was advised of the requirements of Rule 4(m) of the Federal Rules of Civil Procedure and was given 120 days from the date of the Order to serve Defendants. (Doc. 7.) Plaintiff should have served the sixty defendants by December 26, 2012.

On September 13, 2012, Plaintiff filed a motion requesting the Court to order the United States Marshal, or another designated person, to serve each defendant with a copy of the complaint and summons. (Doc 8.) This request was denied by the Court on October 10, 2012, and Plaintiff was instructed to "hire a process server, or someone else, to serve a copy of the summons and complaint on each defendant." (Doc. 12.) Subsequently, Plaintiff filed a Motion for Enlargement of Time to Serve Remaining Defendants on December 7, 2012, within the 120-day time frame, alleging justifiable cause for his failure to serve all of the defendants. (Doc. 26.) After careful consideration of Plaintiff's explanation that there was a change in address for some of the defendants, the Court

granted the motion as to A. Shabaaz, B. Kinard, K. Jenninsche, and R. Trinci, but denied the motion without prejudice as to the rest of the defendants. (Doc. 33.) Plaintiff was given 20 days from January 9, 2013 to serve Shabaaz, Kinard, Jenninsche, and Trinci. (Doc. 33.)  Additionally, on January 9, 2013, this Court entered an Order (doc. 33) for Plaintiff to show cause as to why he had not complied with Federal Rule of Civil Procedure 4(m), which requires proper service of defendants within 120 days after the filing of the complaint.[1] FED. R. CIV. P. 4(m). Plaintiff responded with his own "Motion to Show Good Cause for Non-Compliance With Federal Rules of Civil Procedure, Rule 4(M)" [sic]. (Doc. 41.) As far as the Court could discern, Plaintiff filed this motion to allege ignorance of the rules as good cause for failing to properly serve all of the defendants. (Doc. 41 at 3.) However, ignorance of the rules as a result of exercising one's right to self-representation does not constitute good cause under Rule 4(m) in the Fifth Circuit. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). Accordingly, Plaintiff's motion was denied by this Court.

On January 11, 2013, returned summonses were filed. Some summonses were returned executed, some were not. The following defendants have neither filed an answer or otherwise responded to Plaintiff's complaint, nor has an attorney entered an appearance on their behalf: Physician NFN Nafrauri; Donald Sweeney; Sylvia J. Glenn; J. Stewards; Sargeant NFN Hogg; J. Lopez; B. Bateman; T. Coleman; A. Wallace; Stephen Peck; W. Autery; R. Powell; B. Howard; Charles Adams; Margo Green; J.P. Guyton; Richard A. Trinci; Kathryn Bell; Samuel Seals; James B. Thomas; Donald Henry; Jana Henry; Billy J. Reese; Jeana M. Baker; Michael M. Jennings; Timothy R. Fitzgerald; Chuma Anaduaka; Bruce W. Smith; M. Lastrapes; Clara Bell; Katherine A.

---

[1] The Court notes that Plaintiff was given 120 days from August 28, 2012, not 120 days from the date the complaint was filed, in which to serve the defendants.

McClure; Shirley Fairchild; Elvira Rodriguez; Helen Hipp; Dorothy Wright; A. Shabaaz; B. Kinard; K. Jenninsche; R. Trinci; and Chandra Chandler.

As of the date of these Findings, more than 120 days after the August 28, 2012 Order and more than 20 days after the January 9, 2013 Order, none of the aforementioned defendants have been properly served. Plaintiff attempted to have each defendant served by an individual named Rodger Maples ("Maples") through certified mail. Mail service is not directly authorized by the Federal Rules of Civil Procedure, however, Rule 4(e)(1) authorizes service under the laws of the state in which the district court sits. FED. R. CIV. P. 4(e)(1). The Texas Rules of Civil Procedure authorize service by certified or registered mail to a party's last known address. TEX. R. CIV. P. 106(a)(2). However, Rule 103 explicitly requires that process be served by "(1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court." TEX. R. CIV. P. 103. There has been no affidavit signed or sworn indicating that Maples meets these requirements. In fact, Plaintiff admitted that Maples was his friend. (Doc. 41 at 3.) It seems that Plaintiff has confused the more lax federal rule, allowing any disinterested party to serve process, with Texas's more stringent requirement. Furthermore, when certified mail has been selected as the method of service, Texas law requires that the return receipt be signed by the addressee. TEX. R. CIV. P. 107(c); *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App.–San Antonio 2001, pet. denied). Within the group of defendants listed above, B. Bateman, T. Coleman, A. Wallace, Margo Green, and J.P. Guyton, were the only defendants whose return receipts were signed. However, the return receipts for all five of these individuals were signed by either an individual named "Von Byrd" or an individual named "Ms. Frazier." Thus, the return receipts were not signed by the addressee and

3

service of process was defective.

Since Plaintiff attempted to serve process under Texas law, as allowed by Federal Rule 4(e)(1), he was bound to comply with all of the requirements of Texas law. *See Nagy v. George*, 3:07-CV-368-K, 2007 WL 2122175, at *6-8 (N.D. Tex. July 23, 2007) (aff'd, 286 Fed. Appx. 135 (5th Cir. 2008)). As outlined above, he did not. The federal rules direct the court to dismiss any action in which service of process is not made within 120 days from the date of the filing of the complaint, unless good cause is shown. FED. R. CIV. P. 4(m). *See also Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993) (failure of plaintiff to serve defendant properly within 120 days of filing the complaint provides for the court's *sua sponte* dismissal of case without prejudice, after notice, unless plaintiff shows good cause for failure to obtain service).

Here, after notice was provided to Plaintiff by this Court, Plaintiff has failed to show good cause as to why none of the aforementioned defendants were served properly within the 120-day or extended time frame. Accordingly, this Court recommends that the District Court *sua sponte* dismiss Plaintiff's claims against the following defendants without prejudice under Federal Rule of Civil Procedure 4(m): Physician NFN Nafrauri; Donald Sweeney; Sylvia J. Glenn; J. Stewards; Sargeant NFN Hogg; J. Lopez; B. Bateman; T. Coleman; A. Wallace; Stephen Peck; W. Autery; R. Powell; B. Howard; Charles Adams; Margo Green; J.P. Guyton; Richard A. Trinci; Kathryn Bell; Samuel Seals; James B. Thomas; Donald Henry; Jana Henry; Billy J. Reese; Jeana M. Baker; Michael M. Jennings; Timothy R. Fitzgerald; Chuma Anaduaka; Bruce W. Smith; M. Lastrapes; Clara Bell; Katherine A. McClure; Shirley Fairchild; Elvira Rodriguez; Helen Hipp; Dorothy Wright; A. Shabaaz; B. Kinard; K. Jenninsche; R. Trinci; and Chandra Chandler.

SO RECOMMENDED, April 29, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

5

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).