IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOBBY DWAYNE LUCKY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:12-CV-2609-B (BF) |
| | § | |
| SANDRA HAYNES, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), and an Order of Reference from the District Court, this case has been referred to the United States Magistrate Judge Paul D. Stickney for pretrial management. Before the Court for consideration is Defendant Murray's Motion to Dismiss Pursuant to Federal Rule 12(b)(5) (Doc. 25, "Motion to Dismiss"), filed on November 29, 2012. Plaintiff Bobby Dwayne Lucky ("Plaintiff") failed to file a response to Murray's Motion to Dismiss, however, Plaintiff filed a response to the First Group of TDCJ Defendants' Rule 12(b)(5) Motion to Dismiss and the Court will consider that response in these findings. For the following reasons, this Court recommends that the District Court grant the Motion to Dismiss and dismiss Defendant Owen Murray ("Defendant Murray") from the lawsuit.

**Background**

Plaintiff filed his Complaint naming sixty defendants on July 31, 2012. (Doc. 3.) Plaintiff brought his Complaint pursuant to 42 U.S.C. § 1983. His allegations stem from food poisoning that he suffered while he was incarcerated as an inmate in the John Middleton Transfer Facility in late August 2001. A summons was issued for each of the sixty defendants on August 2, 2012. (Doc. 4.) In an Order dated August 28, 2012, Plaintiff was advised of the requirements of Rule 4(m) of the

Federal Rules of Civil Procedure and was given 120 days from the date of the Order to serve Defendants. (Doc. 7.) Plaintiff should have served the sixty defendants by December 26, 2012.

On September 13, 2012, Plaintiff filed a motion requesting the Court to order the United States Marshal, or another designated person, to serve each defendant with a copy of the complaint and summons. (Doc 8.) This request was denied by the Court on October 10, 2012, and Plaintiff was instructed to "hire a process server, or someone else, to serve a copy of the summons and complaint on each defendant." (Doc. 12.) Subsequently, Plaintiff filed a Motion for Enlargement of Time to Serve Remaining Defendants on December 7, 2012, within the 120-day time frame, alleging justifiable cause for his failure to serve all of the defendants. (Doc. 26.) After careful consideration of Plaintiff's explanation that there was a change in address for some of the defendants, the Court granted the motion as to A. Shabaaz, B. Kinard, K. Jenninsche, and R. Trinci, but denied the motion without prejudice as to the rest of the defendants. (Doc. 33.) Additionally, on January 9, 2013, this Court entered an Order (Doc. 33) for Plaintiff to show cause as to why he had not complied with Federal Rule of Civil Procedure 4(m), which requires proper service of defendants within 120 days after the filing of the complaint.[1] FED. R. CIV. P. 4(m). Plaintiff responded with his own "Motion to Show Good Cause for Non-Compliance With Federal Rules of Civil Procedure, Rule 4(M)." (Doc. 41.) In his motion, Plaintiff alleged ignorance of the rules as good cause for failing to properly serve all of the defendants. (Doc. 41 at 3.) However, ignorance of the rules, even when proceeding *pro se,* does not constitute good cause under Rule 4(m) in the Fifth Circuit. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). Accordingly, Plaintiff's motion was denied by this Court.

---

[1] The Court notes that Plaintiff was given 120 days from August 28, 2012, not 120 days from the date the Complaint was filed, in which to serve the defendants.

**Standard of Review**

A motion filed pursuant to FED. R. CIV. P. 12(b)(5) seeks dismissal of the action based on insufficient service of process. *Quinn v. Miller*, 470 Fed. App'x 321, 323 (5th Cir. 2012). Once such a motion has been filed, the party serving process has the burden of establishing its validity. *Id.* (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). If the serving party fails to meet his burden, the district court can exercise its discretion and quash the service and dismiss without prejudice all claims against the improperly-served defendant. *See Gartin v. Par Pharm. Cos., Inc.*, 289 Fed. App'x 688, 691-92 (5th Cir. 2008).

**Analysis**

Service of process in federal court is governed by Federal Rule of Civil Procedure 4. Defendant Murray is an individual within a judicial district of the United States, thus service of process upon him is governed by Rule 4(e). FED. R. CIV. P. 4(e). Rule 4(e) allows service upon a defendant by: (1) serving the defendant pursuant to state law; (2) personal service upon the defendant; (3) leaving copies of the summons and the complaint at the defendant's residence with a person of suitable age and discretion; or (4) delivering a copy of the service documents to the defendant's agent who is authorized to accept service by appointment or by law. *Id.*

Here, Plaintiff attempted to have Defendant Murray served by an individual named Rodger Maples ("Maples") through certified mail. Although mail service is not directly authorized by the Federal Rules of Civil Procedure, Rule 4(e)(1) authorizes service under the laws of the state in which the district court sits or where service is made. FED. R. CIV. P. 4(e)(1). Accordingly, Plaintiff may execute service of process pursuant to Texas law. The Texas Rules of Civil Procedure authorize service, by a person authorized under Texas Rule 103, via certified or registered mail. TEX. R. CIV.

3

P. 106(a)(2). Texas Rule 103 explicitly requires that process be served by "(1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court." TEX. R. CIV. P. 103. The rule further states that service by certified mail must be effected by the clerk of the court, if requested, and under no circumstances can an interested party serve process in the suit. *Id.* Upon amendment of the relevant rules, federal district courts in Texas interpreting Texas Rule 103 have found that the clerk of the court or one of the three authorized persons in Rule 103 can serve process by certified mail. *See Willis v. Lopez*, No. 3:10-CV-154-M, 2010 WL 4877273, at *1-2 (N.D. Tex. Dec. 1, 2010); *Isais v. Marmion Indus. Corp.,* No. H-09-3197, 2010 WL 723773, at *3 (S.D. Tex. Feb. 24, 2010).

The clerk of the court did not serve process through certified mail in this action. Moreover, there has been no affidavit signed or sworn, or any other evidence in the record such as the return of service, indicating that Maples meets the requirements of an authorized person to serve process under Texas law. In fact, Plaintiff admitted that Maples was merely his friend. (Doc. 41 at 3; Pl.'s Resp. at 4.) It seems that Plaintiff has confused the more lenient federal rule, allowing any disinterested party to serve process, with Texas' more stringent requirement.

Furthermore, when certified mail has been selected as the method of service, Texas law requires that the return receipt be signed by the addressee. TEX. R. CIV. P. 107(c); *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App.– San Antonio 2001, pet. denied). Defendant Murray's return receipt was not personally signed but, instead, as far as this Court can discern, it was signed by an individual named "M. Noya." There is no evidence in the record to suggest that this individual was authorized to accept service as defendant's agent. Thus, the return receipt was not signed by the

4

addressee and service of process was additionally defective under TEX. R. CIV. P. 107(c).

Since Plaintiff attempted to serve process via certified mail under Texas law, as allowed by Federal Rule 4(e)(1), he was bound to comply with all of the requirements of Texas law.[2] *See Isais*, 2010 WL 723773, at *3 ("Plaintiff attempted to serve the defendants by certified mail. Such service is only valid if it complies with Texas law."). As outlined above, he did not. Plaintiff did not comply with Texas Rule 103 because he failed to utilize the clerk of the court or an authorized or certified process server. Additionally, the return receipt was not personally signed by Defendant Murray as required by Texas Rule 107. Finally, Plaintiff failed to comply with Federal Rule 4(m), which requires proper service of a defendant within 120 days after the filing of the complaint, as it is now ten months after Plaintiff filed his Complaint and Defendant Murrary has not been properly served. Plaintiff has failed to meet his burden of establishing the validity of service of process. Plaintiff neither served Defendant Murrary properly pursuant to Rule 4(e)(1) nor Rule 4(e)(2). Accordingly, the service should be quashed and Defendant Murray should be dismissed from the lawsuit.[3]

## Recommendation

For the foregoing reasons, this Court recommends that the District Court **GRANT** Defendant Murray's Motion to Dismiss (Doc. 25). Accordingly, Plaintiff's claims against Defendant Murray

---

[2] In his response, Plaintiff contends that he attempted to serve process under Federal Rule 4(e)(2) and not 4(e)(1). (Doc. 59, Pl.'s Resp. at 3-4.) However, there is no evidence that Plaintiff personally served defendant, left copies of the service documents at his residences, or served his authorized agent. Moreover, Plaintiff concedes that Maples executed service by certified mail through the United States Post Office. (*Id.* at 4.) "[T]he use of certified mail is not sufficient to constitute 'delivering' under Rule 4." *Gilliam v. Cnty. of Tarrant*, 94 Fed. App'x 230 (5th Cir. 2004).

[3] This Court finds dismissal appropriate under these circumstances, as Plaintiff's claims are likely to be barred by the statute of limitations since it appears that they arise from an incident in 2001.

should be **DISMISSED** without prejudice pursuant to FED. R. CIV. P. 12(b)(5).

  **SO RECOMMENDED**, May 28, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).