IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOBBY DWAYNE LUCKY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:12-CV-2609-B (BF) |
| | § | |
| SANDRA HAYNES, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), and an Order of Reference from the District Court, this case has been referred to the United States Magistrate Judge Paul D. Stickney for pretrial management. Before the Court for consideration is Defendant Johnny Bliznak's Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(4), 12(b)(5) and 12(b)(6) ("Motion to Dismiss"), filed on November 14, 2012. (Doc. 13.) Although not timely filed and not a direct response to the Motion to Dismiss, Plaintiff Bobby Dwayne Lucky ("Plaintiff") filed Objections to Defendant's Answer to the Original Complaint ("Response"), which this Court will consider in these findings. (Doc. 34.) For the following reasons, this Court recommends that the District Court grant the Motion to Dismiss and dismiss Defendant Johnny Bliznak ("Defendant Bliznak") from the lawsuit.

**Background**

Plaintiff filed his Complaint naming sixty defendants on July 31, 2012. (Doc. 3.) Plaintiff brought his Complaint pursuant to 42 U.S.C. § 1983. His allegations stem from food poisoning that he suffered while he was incarcerated as an inmate in the John Middleton Transfer Facility ("John Middleton") in late August 2001. Pursuant to Federal Rule of Civil Procedure 4(m), which requires proper service of a defendant within 120 days after the filing of the complaint, Plaintiff should have

served the sixty defendants by December 26, 2012.[1] FED. R. CIV. P. 4(m). Thus, on January 9, 2013, this Court entered an Order for Plaintiff to show cause as to why he had not complied with Rule 4(m). Plaintiff responded with his own "Motion to Show Good Cause for Non-Compliance With Federal Rules of Civil Procedure, Rule 4(M)." (Doc. 41.) In his motion, Plaintiff alleged ignorance of the rules as good cause for failing to properly serve all of the defendants. (Doc. 41 at 3.) However, ignorance of the rules, even when proceeding *pro se,* does not constitute good cause under Rule 4(m) in the Fifth Circuit. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). Accordingly, Plaintiff's motion was denied by this Court and the Court entered findings to dismiss a majority of the defendants for failure to effectuate proper service.

Defendant Bliznak is a medical doctor who specializes in the field of radiology, practicing in Abilene, Texas. (Def.'s Mot to Dismiss ¶ 1.) Plaintiff has brought suit against Defendant Bliznak for his failure to provide adequate medical care and treatment between the dates of August 31, 2001 through September 14, 2001, when Plaintiff was hospitalized at the Hendrick Medical Center ("Hendrick") for food poisoning. (Pl.'s Compl. at 20-22.) Plaintiff became sick and was transferred from John Middleton to Hendrick on August 31, 2001. (*Id.* at 45, ¶ 9.) At Hendrick, X-rays of Plaintiff's abdomen were taken, as well as an electrocardiogram ("EKG") test. (*Id.* at ¶ 10.) The next day, on September 1, 2001, Defendant Bliznak interpreted the results and Plaintiff was then examined by an emergency room physician. (*Id.* at ¶¶ 10-11.) Later that same date, additional X-rays were taken of Plaintiff's abdomen and Defendant Bliznak again analyzed those results. (*Id.* at 45-46, ¶¶ 15-16.) On September 3, 2001, Plaintiff had more X-rays taken and Defendant Bliznak made an

---

[1] The Court notes that Plaintiff was given 120 days from August 28, 2012, not 120 days from the date the Complaint was filed, in which to serve the defendants.

opinion regarding those results. (*Id.* at 46, ¶¶ 24-25.) Plaintiff alleges no further contact with Defendant Bliznak. Plaintiff's specific allegation concerning Defendant Bliznak is that he "failed in his duties to provide a detailed opinion concerning the food borne poisoning illnesses Plaintiff was suffering from, and to provide complete details of Plaintiff's medical condition and why." (*Id.* at 21, ¶ 8.) The Motion to Dismiss is now ripe for adjudication.

## **Rules 12(b)(4) and 12(b)(5)**

**Standard of Review**

A motion filed pursuant to FED. R. CIV. P. 12(b)(5) seeks dismissal of the action based on insufficient service of process. *Quinn v. Miller*, 470 Fed. App'x 321, 323 (5th Cir. 2012). A motion brought pursuant to FED. R. CIV. P. 12(b)(4) seeks dismissal based on insufficient process. *Gartin v. Par Pharm. Cos., Inc.*, 561 F.Supp.2d 670, 678 (E.D. Tex. 2007), *aff'd,* 289 Fed. App'x 688 (5th Cir. 2008). Once the service of process has been challenged, the party serving process has the burden of establishing its validity. *Id.* (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). If the serving party fails to meet his burden, the district court can exercise its discretion and quash the service and dismiss without prejudice all claims against the improperly-served defendant. *See Gartin*, 289 Fed. App'x at 691-92.

**Analysis**

Service of process in federal court is governed by Federal Rule of Civil Procedure 4. Defendant Bliznak is an individual within a judicial district of the United States, thus service of process upon him is governed by Rule 4(e). FED. R. CIV. P. 4(e). Rule 4(e) allows service upon a defendant by: (1) serving the defendant pursuant to state law; (2) personal service upon the defendant; (3) leaving copies of the summons and the complaint at the defendant's residence with

a person of suitable age and discretion; or (4) delivering a copy of the service documents to the defendant's agent who is authorized to accept service by appointment or by law. *Id.*

Here, Plaintiff attempted to have Defendant Bliznak served by an individual named Rodger Maples ("Maples") through certified mail. Although mail service is not directly authorized by the Federal Rules of Civil Procedure, Rule 4(e)(1) authorizes service under the laws of the state in which the district court sits or where service is made. FED. R. CIV. P. 4(e)(1). Accordingly, Plaintiff may execute service of process pursuant to Texas law. The Texas Rules of Civil Procedure authorize service, by a person authorized under Texas Rule 103, via certified or registered mail. TEX. R. CIV. P. 106(a)(2). Texas Rule 103 explicitly requires that process be served by "(1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court." TEX. R. CIV. P. 103. The rule further states that service by certified mail must be effected by the clerk of the court, if requested, and under no circumstances can an interested party serve process in the suit. *Id.* Upon amendment of the relevant rules, federal district courts in Texas interpreting Texas Rule 103 have found that the clerk of the court or one of the three authorized persons in Rule 103 can serve process by certified mail. *See Willis v. Lopez*, No. 3:10-CV-154-M, 2010 WL 4877273, at *1-2 (N.D. Tex. Dec. 1, 2010); *Isais v. Marmion Indus. Corp.,* No. H-09-3197, 2010 WL 723773, at *3 (S.D. Tex. Feb. 24, 2010).

The clerk of the court did not serve process through certified mail in this action. Moreover, there has been no affidavit signed or sworn, or any other evidence in the record such as the return of service, indicating that Maples meets the requirements of an authorized person to serve process under Texas law. In fact, Plaintiff admitted that Maples was merely his friend. (Doc. 41 at 3; Doc.

4

59 at 4.)

Furthermore, when certified mail has been selected as the method of service, Texas law requires that the return receipt be signed by the addressee. TEX. R. CIV. P. 107(c); *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App.– San Antonio 2001, pet. denied). Defendant Bliznak's return receipt was not personally signed but, instead, was signed by an individual named "Von Byrd." There is no evidence in the record to suggest that this individual was authorized to accept service as defendant's agent. Thus, the return receipt was not signed by the addressee and service of process was additionally defective under TEX. R. CIV. P. 107(c).

Since Plaintiff attempted to serve process via certified mail under Texas law, as allowed by Federal Rule 4(e)(1), he was bound to comply with all of the requirements of Texas law.[2] *See Isais*, 2010 WL 723773, at *3 ("Plaintiff attempted to serve the defendants by certified mail. Such service is only valid if it complies with Texas law."). As outlined above, he did not. Plaintiff did not comply with Texas Rule 103 because he failed to utilize the clerk of the court or an authorized or certified process server. Additionally, the return receipt was not personally signed by Defendant Bliznak as required by Texas Rule 107. Finally, Plaintiff failed to comply with Federal Rule 4(m), which requires proper service of a defendant within 120 days after the filing of the complaint, as it is now ten months after Plaintiff filed his Complaint and Defendant Bliznak has not been properly served. Plaintiff has failed to meet his burden of establishing the validity of service of process. Plaintiff

---

[2] In his Response, it appears that Plaintiff contends that he served process under Federal Rule 4(e)(2) by delivering a copy of the service documents to the defendant's agent. (Doc. 34, Pl.'s Resp. at 6.) However, "the use of certified mail is not sufficient to constitute 'delivering' under Rule 4." *Gilliam v. Cnty. of Tarrant*, 94 Fed. App'x 230, 230 (5th Cir. 2004). Therefore, Plaintiff's use of certified mail can only constitute proper service of process under Texas law or Rule 4(e)(1).

5

neither served Defendant Bliznak properly pursuant to Rule 4(e)(1) nor Rule 4(e)(2). Accordingly, the service should be quashed and Defendant Bliznak should be dismissed from the lawsuit.

### Rule 12(b)(6)

**Standard of Review**

FED. R. CIV. P. 8(a)(2) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." According to the United States Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must be able to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged. *Id*. (citing *Twombly*, 550 U.S. at 556). A defendant may seek a Rule 12(b)(6) dismissal if a pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6); *id*. at n.3.

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action is not sufficient. *Twombly*, 127 S.Ct. at 1964-65. Factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.*

In deciding a motion to dismiss, the Court does not evaluate a plaintiff's likelihood of success; the Court only determines whether a plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A court generally cannot look beyond the pleadings when resolving a Rule 12(b)(6) controversy. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings include the complaint and any documents

attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

**Analysis**

In his Motion to Dismiss, Defendant Bliznak contends that Plaintiff's claims are barred by the statute of limitations. (Def.'s Mot. to Dismiss ¶¶ 3-4.) There is no specified federal statute of limitations period for actions brought pursuant to 42 U.S.C. § 1983. *Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir. 1989). Thus, in such cases, district courts are to apply the forum state's limitations period for personal injury actions. *Id.* Here, Plaintiff's § 1983 claims are governed by Texas' two-year statute of limitations for personal injury claims. *See id.; Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993); *see also* TEX. CIV. PRAC. & REM. CODE § 16.003(a). Although state law is utilized to determine the limitations period, federal law mandates when the cause of action accrues. *Pete,* 8 F.3d at 217. "The federal standard provides that a cause of action under section 1983 accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Id.* (quoting *Burrell,* 883 F.2d at 418).

The last date upon which Defendant Bliznak was involved with Plaintiff's medical care and treatment was September 3, 2001. Plaintiff essentially complains of Defendant Bliznak's negligence because he had to undergo surgery twice within a matter of six days. (*See* Pl.'s Compl. at 47, ¶ 35.) ("A period of only six (6) days had passed, and Plaintiff already needed a second surgery, simply because of negligence of TDCJ-ID Officials.") Plaintiff's second surgery occurred on September 10, 2001. (*Id.)* On September 14, 2001, Plaintiff was discharged from the care of Hendrick and transferred to the Robertson Unit Infirmary. (*Id.* at 48, ¶ 41.) Plaintiff's last allegation in his

7

Complaint concerning his abdomen wound from the food poisoning was on November 5, 2001.[3] (*Id.* at 49, ¶ 59.) Plaintiff knew he had been subject to the alleged negligent medical care at least by his second surgery on September 10, 2001. Notwithstanding, even giving Plaintiff the benefit of the doubt and not starting the statute of limitations period to run until November 5, 2001, Plaintiff's lawsuit filed on July 31, 2012, far exceeds the two-year limitations period under Texas law.

Plaintiff mentions that this lawsuit is being filed pursuant to the Continuous Treatment Doctrine. (Pl.'s Compl. at 51, ¶ 76.) However, Plaintiff's argument is misplaced. In Texas, the concept of a "continuing tort" has been recognized, wherein tortious behavior is repeated or continues for a period of time. *Pete,* 8 F.3d at 218. However, the tort of negligence is not a "continuing tort", as it is complete on the first day of the defendant's wrongful conduct. *Adler v. Beverly Hills Hosp.*, 594 S.W.2d 153, 155 (Tex.Civ.App.– Dallas 1980, no writ). As the court in *Adler* explained: "[i]n the usual personal injury case, the defendant's wrongful conduct ceases on a certain day insofar as it may be considered a cause of the injury in question. The cause of action accrues on that day, although the plaintiff's suffering may continue for months and years . . . ." *Id.* Here, although Plaintiff alleges that he continues to suffer from stress, discomfort, pain, and a scar (Pl.'s Compl. at 51, ¶ 76), Defendant Bliznak's alleged wrongful conduct ceased on a certain day. The tort of negligence is not a "continuing tort" for which the Continuous Treatment Doctrine would be applicable. Plaintiff's cause of action accrued in September of 2001. Accordingly, Plaintiff's claims brought pursuant to § 1983 are clearly barred by the statute of limitations.

Insofar as Plaintiff alleges a "health care liability claim" for failure to provide adequate

---

[3] The Court notes that Plaintiff's Complaint contains additional allegations concerning two bullets that shifted in his body, however, these allegations in no way implicate Defendant Bliznak. (*See* Pl.'s Compl. at 50-51, ¶¶ 64-75.)

8

medical care under Texas Civil Practice and Remedies Code § 74.001(13), such claim would also be barred by the statute of limitations. Section 74.251(a) of the Code provides that health care liability claims must be brought within two years from the occurrence of the breach or tort or from the date of the health care treatment which is the subject of the claim. TEX. CIV. PRAC. & REM. CODE § 74.251(a). The tort of negligence and health care treatment for which Plaintiff complains occurred in September of 2001 and Plaintiff did not bring his claim until eleven years later. Clearly, such claim is time barred. Furthermore, the Code also provides a statute of repose, which provides that all health care liability claims must be brought within ten years of the date of the act or omission that gives rise to the claim or the claims are time barred. *Id.* § 74.251(b). Even the statute of repose cannot prevent Plaintiff's health care liability claim from being time barred.

Finally, it appears that Plaintiff avers violations of Chapters 39 and 71 of the Texas Penal Code, in that he claims Defendant Bliznak was involved in organized criminal activity and he abused his official capacity. (Pl.'s Compl. at 21, ¶¶ 9-13, 15.) As support for these allegations, Plaintiff contends that Defendant Bliznak, along with other defendants and TDCJ-ID officials, helped to conceal the negligence of the kitchen personnel at John Middleton, once he had knowledge of the food poisoning, by committing conspiracy, fraud, and illegal criminal acts. (*Id.* at ¶¶ 9-11, 15.) These conclusory allegations are not sufficient to state a claim against Defendant Bliznak for which relief can be granted. Moreover, this Court is unable to infer from these allegations that Defendant Bliznak is liable for the misconduct alleged. The factual allegations in Plaintiff's Complaint are based on his alleged failure to receive adequate medical care and treatment from various defendants, not on defendants' organized criminal activity. Plaintiff's Response is unavailing as well. Plaintiff merely alleges "Plaintiff will indeed prove in this lawsuit, by documents signed by each Defendant, as well

as, documented fact of the commission of the illegal criminal acts alleged by Plaintiff." (Doc. 34, Pl.'s Resp. at 8.) There simply are no factual allegations to support Plaintiff's claims under the Texas Penal Code. Accordingly, such claims cannot stand and should be dismissed.

### Recommendation

For the foregoing reasons, this Court recommends that the District Court **GRANT** Defendant Bliznak's Motion to Dismiss. (Doc. 13). Accordingly, Plaintiff's claims against Defendant Bliznak should be **DISMISSED** with prejudice pursuant to Rules 12(b)(4), 12(b)(5), and 12(b)(6).

**SO RECOMMENDED**, June 4, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).