IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOBBY DWAYNE LUCKY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:12-CV-2609-B (BF) |
| | § | |
| SANDRA HAYNES, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), and an Order of Reference from the District Court, this case has been referred to the United States Magistrate Judge Paul D. Stickney for pretrial management. Before the Court for consideration is Defendant Robert Lawson M.D.'s Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion to Dismiss"), filed on November 18, 2012. (Doc. 17.) Although not timely filed and not a direct response to the Motion to Dismiss, Plaintiff Bobby Dwayne Lucky ("Plaintiff") filed Objections to Defendant's Answer to the Original Complaint ("Response"), which this Court will consider in these findings. (Doc. 34.) For the following reasons, this Court recommends that the District Court grant the Motion to Dismiss pursuant to Rule 12(b)(6), however, the request for dismissal under Rule 12(b)(1) should be denied. Accordingly, Defendant Robert Lawson, M.D. ("Defendant Lawson") should be dismissed from the lawsuit pursuant to Rule 12(b)(6).

**Background**

Plaintiff filed his Complaint naming sixty defendants on July 31, 2012. (Doc. 3.) Plaintiff brought his Complaint pursuant to 42 U.S.C. § 1983. His allegations stem from food poisoning that he suffered while he was incarcerated as an inmate in the John Middleton Transfer Facility ("John

Middleton") in late August 2001.

In his Complaint, Plaintiff avers that Defendant Lawson, among other defendants, failed to provide Plaintiff adequate medical care and treatment between the dates of August 31, 2001 through September 14, 2001, when Plaintiff was hospitalized at the Hendrick Medical Center ("Hendrick") for food poisoning. (Pl.'s Compl. at 20-22.) Plaintiff became sick and was transferred from John Middleton to Hendrick on the evening of August 31, 2001. (*Id.* at 45, ¶ 9.) At Hendrick, X-rays of Plaintiff's abdomen were taken, as well as an electrocardiogram ("EKG") test. (*Id.* at ¶ 10.) The next day, on September 1, 2001, Plaintiff was examined by Defendant Lawson, the emergency room physician. (*Id.* at ¶ 11.) Defendant Lawson diagnosed Plaintiff with acute abdominal pain, acute small bowel obstruction, and nausea and vomiting. (*Id.)* After Plaintiff's examination, Defendant Lawson referred Plaintiff to the head medical physician, Leigh Taliaferro, and Plaintiff was admitted to the hospital. (*Id.* at ¶ 12.) Thereafter, Plaintiff had to have surgery twice to correct his abdominal issues, neither of which surgeries were performed by Defendant Lawson. (*Id.* at ¶¶ 26-28, 37.) In fact, Plaintiff alleges no further contact with Defendant Lawson. On September 14, 2001, Plaintiff was discharged from Hendrick and transferred to the French Robertson Unit Medical Infirmary. (*Id.* at ¶¶ 42-43.) Plaintiff's only interaction with Defendant Lawson is the initial examination he performed in the emergency room on September 1, 2001. Although Plaintiff makes several allegations against a group of defendants, which includes Defendant Lawson, the only specific allegation concerning Defendant Lawson is that he "failed in his duties to supervise Hendrick's Medical Center Hospital Medical Nurses." (*Id.* at 20, ¶ 5.) Defendant Lawson seeks dismissal of Plaintiff's claims pursuant to Rules 12(b)(1) and 12(b)(6). The Motion to Dismiss is now ripe for adjudication.

## Rule 12(b)(1)

**Standard of Review**

A motion brought pursuant to Federal Rule of Civil Procedure 12(b)(1) seeks dismissal based on the grounds that the court lacks subject matter jurisdiction over the action. FED. R. CIV. P. 12(b)(1). The federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties and the amount in controversy exceeds the jurisdictional minimum. *See* 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A claim "arises under" federal law when the federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004).

**Analysis**

Defendant Lawson contends that the court lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff fails to articulate a federal question as to Defendant Lawson. (Def.'s Mot. to Dismiss at 1.) Defendant Lawson further argues that Plaintiff alleges inadequate medical care, but that his factual allegations do not support a claim under 42 U.S.C. § 1983. (*Id.; see also* Def.'s Br. at 3-4.) However, an attack regarding the sufficiency of a plaintiff's claims is appropriately brought in a Rule 12(b)(6) motion to dismiss for failure to state a claim, not in a Rule 12(b)(1) motion. *See* FED. R. CIV. P. 12(b)(6).

In accordance with the well-pleaded complaint rule, a federal court has original jurisdiction over an action only if the federal question appears on the face of the plaintiff's well-pleaded complaint. *Stump v. Potts*, 322 Fed. App'x 379, 380 (5th Cir. 2009) (citation omitted). Here,

3

Plaintiff's Complaint presents a question of federal law, as his claims are undoubtedly brought pursuant to 42 U.S.C. § 1983. Furthermore, Plaintiff does allege a federal question as to Defendant because Plaintiff avers Defendant Lawson violated his Eighth Amendment rights. (Pl.'s Compl. at 22, ¶ 14.) The Court finds that Plaintiff's Complaint presents a question of federal law and, thus, the Court has subject matter jurisdiction over his claims.

## Rule 12(b)(6)

**Standard of Review**

FED. R. CIV. P. 8(a)(2) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." According to the United States Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must be able to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged. *Id*. (citing *Twombly*, 550 U.S. at 556). A defendant may seek a Rule 12(b)(6) dismissal if a pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6); *id*. at n.3.

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action is not sufficient. *Twombly*, 127 S.Ct. at 1964-65. Factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.*

In deciding a motion to dismiss, the Court does not evaluate a plaintiff's likelihood of success; the Court only determines whether a plaintiff has stated a legally cognizable claim. *United*

*States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A court

generally cannot look beyond the pleadings when resolving a Rule 12(b)(6) controversy. *Spivey v.*

*Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings include the complaint and any documents

attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

**Analysis**

To state a civil rights claim under 42 U.S.C. §1983,[1] a plaintiff must allege a violation of a

right secured by the Constitution or laws of the United States and demonstrate that a person acting

under color of state law violated that right. *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th

Cir. 1994) (citations omitted). In his Complaint, Plaintiff argues that Defendant Lawson provided

inadequate medical care and violated his Eighth Amendment rights. (Pl.'s Compl. at 22, ¶¶ 1, 14.)

To establish inadequate medical care under § 1983, Plaintiff must "allege acts or omissions

sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*,

429 U.S. 97, 106 (1976). Negligence, medical malpractice, or unsuccessful medical treatment does

not constitute deliberate indifference under the Eighth Amendment. *Gobert v. Caldwell*, 463 F.3d

339, 346 (5th Cir. 2006). Instead, "[a] showing of deliberate indifference requires the prisoner to

submit evidence that prison officials refused to treat him, ignored his complaints, intentionally

---

[1] The terms of 42 U.S.C. § 1983 provide in pertinent part:

Every person, who, under color of any statute, ordinance, regulation, custom, or
usage, of any State or Territory or the District of Columbia, subjects, or causes to
be subjected, any citizen of the United States or other person within the
jurisdiction thereof to the deprivation of any rights, privileges, or immunities
secured by the Constitution and laws, shall be liable to the party injured in an
action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton

disregard for any serious medical needs." *Id.* (quoting *Domino v. Texas Dep't of Crim. Justice,* 239

F.3d 752, 756 (5th Cir. 2001)) (internal quotation marks omitted). The Fifth Circuit has held that

deliberate indifference is an "extremely high standard to meet." *Id.*

In the brief to his Motion to Dismiss, Defendant Lawson contends that Plaintiff has failed

to establish the requisite deliberate indifference for a § 1983 claim. (Def.'s Br. at 4-5.) This Court

agrees. Plaintiff does not allege that Defendant Lawson refused to treat him, ignored his complaints,

or treated him incorrectly intentionally. Instead, Plaintiff makes the conclusory allegations that

Defendant Lawson "failed to provide adequate minimum standards of medical care and treatment",

"failed to follow proper medical procedures in a timely manner", and "failed in his duties to

supervise Hendrick's Medical Center Hospital Medical Nurses." (Pl.'s Compl. at 20, ¶¶ 1, 2, 5.)

However, Plaintiff fails to allege any facts which would support these allegations. Moreover, even

if Plaintiff had alleged said facts, negligence or medical malpractice does not constitute deliberate

indifference. *See supra.* Upon Plaintiff's initial encounter at Hendrick, he was examined by

Defendant Lawson. Defendant Lawson diagnosed Plaintiff, referred him to the head medical

physician, and admitted Plaintiff to the hospital. Plaintiff alleges no further contact with Defendant

Lawson. These facts fail to establish negligence, much less deliberate indifference to Plaintiff's

serious medical needs.

Furthermore, Plaintiff's Response is unavailing as well. Plaintiff attempts to correct the

deficiencies in his Complaint by making the conclusory allegations that officials failed to treat him

because "his medical condition stunk so bad," and that defendants "ignored his complaints" and

"intentionally treated him incorrectly." (Pl.'s Resp. at 18, ¶ 11.) However, Plaintiff has still failed

to allege any factual allegations demonstrating that Defendant Lawson was engaged in this type of activity. Plaintiff failed to allege what complaints Defendant Lawson ignored or how Defendant Lawson intentionally treated him incorrectly. Moreover, Plaintiff even concedes in his Complaint that "treatment at this facility [Hendrick] was successful to a point." (Pl.'s Compl. at 20.) Defendant Lawson had one encounter with Plaintiff when Plaintiff first arrived at Hendrick. Plaintiff has failed to allege any factual allegations which demonstrate that Defendant Lawson acted with deliberate indifference to his serious medical needs. Thus, his claim for inadequate medical care under § 1983 fails. Plaintiff has not demonstrated a violation of his Eighth Amendment rights, or any other right secured by the Constitution or laws of the United States.[2] Accordingly, Plaintiff has failed to state a legally cognizable claim under § 1983.

Because the Court finds that no substantial federal claim still exists, insofar as Plaintiff alleges a "health care liability claim" for failure to provide adequate medical care under Texas Civil Practice and Remedies Code § 74.001(13), and violations of Chapters 39 and 71 of the Texas Penal Code for engaging in organized criminal activity and abusing an official capacity, such state law claims should be dismissed without prejudice. *See Parker & Parsley Pet. Co. v. Dresser Indus.,* 972 F.2d 580, 585 (5th Cir. 1992) (explaining that the Fifth Circuit's "general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.") (citing *Wong v. Stripling,* 881 F.2d 200, 204 (5th Cir. 1989)).

---

[2] The Court notes that Plaintiff additionally claims his Eighth Amendment rights were violated by defendants "unconstitutionally reassigning Plaintiff and other Inmates to work assignments contrary to Plaintiff's and the other Inmate's medical condition." (Pl.'s Compl. at 22, ¶ 14.) However, Plaintiff's blanket assertion fails to allege any facts demonstrating that Defendant Lawson was engaged in such acts.

## Recommendation

For the foregoing reasons, this Court recommends that the District Court **GRANT** Defendant Lawson's Motion to Dismiss pursuant to Rule 12(b)(6), however, the request for dismissal under Rule 12(b)(1) should be denied. (Doc. 17.) Accordingly, Plaintiff's claims under 42 U.S.C. § 1983 against Defendant Lawson should be **DISMISSED** with prejudice and Plaintiff's state law claims should be **DISMISSED** without prejudice.

**SO RECOMMENDED**, June 7, 2013.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

8

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).