

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOBBY DWAYNE LUCKY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:12-CV-2609-B (BF) |
| | § | |
| SANDRA HAYNES, et al., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), and an Order of Reference from the District Court, this case has been referred to the United States Magistrate Judge Paul D. Stickney for pretrial management. Before the Court for consideration is Defendant Leigh Taliaferro, M.D.'s 12(b)(6) Motion to Dismiss For Failure to State a Claim Upon Which Relief Can Be Granted ("Motion to Dismiss"), filed on November 21, 2012. (Doc. 24.) Although not timely filed and not a direct response to the Motion to Dismiss, Plaintiff Bobby Dwayne Lucky ("Plaintiff") filed Objections to Defendant's Answer to the Original Complaint ("Response"), which this Court will consider in these findings. (Doc. 34.) For the following reasons, this Court recommends that the District Court grant the Motion to Dismiss and dismiss Defendant Leigh Taliaferro, M.D. ("Defendant Taliaferro"), incorrectly named as Leigh Taliaverro in Plaintiff's Complaint, from the lawsuit pursuant to FED. R. CIV. P. 12(b)(6).

### Background

Plaintiff filed his Complaint naming sixty defendants on July 31, 2012. (Doc. 3.) Plaintiff brought his Complaint pursuant to 42 U.S.C. § 1983. His allegations stem from food poisoning that he suffered while he was incarcerated as an inmate in the John Middleton Transfer Facility ("John Middleton") in late August 2001.

In his Complaint, Plaintiff avers that Defendant Taliaferro, among other defendants, failed to provide Plaintiff adequate medical care and treatment between the dates of August 31, 2001 through September 14, 2001, when Plaintiff was hospitalized at the Hendrick Medical Center ("Hendrick") for food poisoning. (Pl.'s Compl. at 20-22.) Plaintiff became sick and was transferred from John Middleton to Hendrick on the evening of August 31, 2001. (*Id.* at 45, ¶ 9.) At Hendrick, X-rays of Plaintiff's abdomen were taken, as well as an electrocardiogram ("EKG") test. (*Id.* at ¶ 10.) The next day, on September 1, 2001, Plaintiff was examined by the emergency room physician and diagnosed with acute abdominal pain, acute small bowel obstruction, and nausea and vomiting. (*Id.* at ¶ 11.) After Plaintiff's examination, the doctor referred Plaintiff to the head medical physician, Defendant Taliaferro, and Plaintiff was admitted to the hospital. (*Id.* at ¶ 12.) On that same date, Defendant Taliaferro ordered blood and urine cultures and more X-rays to be taken of Plaintiff's abdomen. (*Id.* at ¶ 15.) On September 3, 2001, Defendant Taliaferro again ordered more X-rays of Plaintiff's abdomen. (*Id.* at 46, ¶ 24.) On September 4, 2001, Defendant Taliaferro performed surgery on Plaintiff, after informing Plaintiff that there were no other alternatives. (*Id.* at ¶¶ 27-28.) Plaintiff's preoperative diagnosis by Defendant Taliaferro was small bowel obstruction, secondary to adhesion. (*Id.* at ¶ 27.)

The day after surgery, Defendant Taliaferro noted that Plaintiff was in stable condition. (*Id.* at 46-47, ¶ 29.) On September 6, 2001, Defendant Taliaferro made the notation that Plaintiff had a high temperature and that his wound was slow-healing. (*Id.* at 47, ¶ 30.) On September 7, 2001, Defendant Taliaferro noted Plaintiff's blood culture was positive for Staphylococcus Aureus, and he ordered another blood culture to be performed. (*Id.* at ¶ 31.) Defendant Taliaferro prescribed Zantac and Phenergan to Plaintiff and noted that Dr. Gary Walker would be taking care of Plaintiff

for the next week. (*Id.*) Thereafter, Dr. Gary Walker had to perform a second surgery on Plaintiff due to an infection in his abdomen. (*Id.* at ¶ 35.) Defendant Taliaferro was not involved with this surgery. In fact, Plaintiff alleges no further contact with Defendant Taliaferro. On September 14, 2001, Plaintiff was discharged from Hendrick and transferred to the French Robertson Unit Medical Infirmary. (*Id.* at 48, ¶¶ 42-43.) Although Plaintiff makes several allegations against a group of defendants, which includes Defendant Taliaferro, the only specific allegation concerning Defendant Taliaferro is that he "failed in his duties to supervise Hendrick's Medical Center Hospital Medical Nurses." (*Id.* at 20, ¶ 6.) Defendant Taliaferro seeks dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The Motion to Dismiss is now ripe for adjudication.

## **Standard of Review**

FED. R. CIV. P. 8(a)(2) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." According to the United States Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must be able to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). A defendant may seek a Rule 12(b)(6) dismissal if a pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6); *id.* at n.3.

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action

3

is not sufficient. *Twombly*, 127 S.Ct. at 1964-65. Factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.*

In deciding a motion to dismiss, the Court does not evaluate a plaintiff's likelihood of success; the Court only determines whether a plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A court generally cannot look beyond the pleadings when resolving a Rule 12(b)(6) controversy. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

## Analysis

### 42 U.S.C. § 1983

In the brief to his Motion to Dismiss, Defendant Taliaferro contends that Plaintiff's claims are barred by the statute of limitations. (Def.'s Br. at 4-5.) There is no specified federal statute of limitations period for actions brought pursuant to 42 U.S.C. § 1983. *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). Thus, in such cases, district courts are to apply the forum state's limitations period for personal injury actions. *Id.* Here, Plaintiff's § 1983 claims are governed by Texas' two-year statute of limitations for personal injury claims. *See id.; Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993); *see also* TEX. CIV. PRAC. & REM. CODE § 16.003(a). Although state law is utilized to determine the limitations period, federal law mandates when the cause of action accrues. *Pete*, 8 F.3d at 217. "The federal standard provides that a cause of action under section 1983 accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Id.* (quoting *Burrell*, 883 F.2d at 418).

The last date upon which Defendant Taliaferro was involved with Plaintiff's medical care

and treatment was September 7, 2001. To the extent Plaintiff may be complaining that Defendant Taliaferro's negligence contributed to him needing a second surgery within a matter of six days after his first surgery, Plaintiff's second surgery occurred on September 10, 2001. (*See* Pl.'s Compl. at 47, ¶ 35.) ("A period of only six (6) days had passed, and Plaintiff already needed a second surgery, simply because of negligence of TDCJ-ID Officials.") On September 14, 2001, Plaintiff was discharged from the care of Hendrick and transferred to the Robertson Unit Infirmary. (*Id.* at 48, ¶ 41.) Plaintiff's last allegation in his Complaint concerning his abdomen wound from the food poisoning was on November 5, 2001.[1] (*Id.* at 49, ¶ 59.) Plaintiff knew he had been subject to the alleged negligent medical care at least by his second surgery on September 10, 2001. Notwithstanding, even giving Plaintiff the benefit of the doubt and not starting the statute of limitations period to run until November 5, 2001, Plaintiff's lawsuit filed on July 31, 2012, far exceeds the two-year limitations period under Texas law.

Plaintiff mentions that this lawsuit is being filed pursuant to the Continuous Treatment Doctrine. (Pl.'s Compl. at 51, ¶ 76.) However, Plaintiff's argument is misplaced. In Texas, the concept of a "continuing tort" has been recognized, wherein tortious behavior is repeated or continues for a period of time. *Pete,* 8 F.3d at 218. However, the tort of negligence is not a "continuing tort", as it is complete on the first day of the defendant's wrongful conduct. *Adler v. Beverly Hills Hosp.,* 594 S.W.2d 153, 155 (Tex.Civ.App.– Dallas 1980, no writ). As the court in *Adler* explained: "[i]n the usual personal injury case, the defendant's wrongful conduct ceases on a certain day insofar as it may be considered a cause of the injury in question. The cause of action

---

[1] The Court notes that Plaintiff's Complaint contains additional allegations concerning two bullets that shifted in his body, however, these allegations in no way implicate Defendant Taliaferro. (*See* Pl.'s Compl. at 50-51, ¶¶ 64-75.)

accrues on that day, although the plaintiff's suffering may continue for months and years . . . ." *Id.* Here, although Plaintiff alleges that he continues to suffer from stress, discomfort, pain, and a scar, (Pl.'s Compl. at 51, ¶ 76), Defendant Taliaferro's alleged wrongful conduct ceased on a certain day. The tort of negligence is not a "continuing tort" for which the Continuous Treatment Doctrine would be applicable. Plaintiff's cause of action accrued in September of 2001. Accordingly, Plaintiff's claims brought pursuant to § 1983 are clearly barred by the statute of limitations.

Assuming, *arguendo,* that Plaintiff's claims under § 1983 are not barred by the statute of limitations, Plaintiff still fails to state a claim upon which relief can be granted. To state a civil rights claim under 42 U.S.C. § 1983,[2] a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States and demonstrate that a person acting under color of state law violated that right. *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994) (citations omitted). In his Complaint, Plaintiff argues that Defendant Taliaferro provided inadequate medical care and violated his Eighth Amendment rights. (Pl.'s Compl. at 20-22, ¶¶ 1, 14.) To establish inadequate medical care under § 1983, Plaintiff must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Negligence, medical malpractice, or unsuccessful medical treatment does not constitute

---

[2] The terms of 42 U.S.C. § 1983 provide in pertinent part:

Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

deliberate indifference under the Eighth Amendment. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Instead, "[a] showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* (quoting *Domino v. Texas Dep't of Crim. Justice,* 239 F.3d 752, 756 (5th Cir. 2001)) (internal quotation marks omitted). The Fifth Circuit has held that deliberate indifference is an "extremely high standard to meet." *Id.*

In the brief to his Motion to Dismiss, Defendant Taliaferro contends that Plaintiff has failed to establish the requisite deliberate indifference for a § 1983 claim. (Def.'s Br. at 7-8.) This Court agrees. Plaintiff does not allege that Defendant Taliaferro refused to treat him, ignored his complaints, or treated him incorrectly intentionally. Instead, Plaintiff makes the conclusory allegations that Defendant Taliaferro "failed to provide adequate minimum standards of medical care and treatment," "failed to follow proper medical procedures in a timely manner," and "failed in his duties to supervise Hendrick's Medical Center Hospital Medical Nurses." (Pl.'s Compl. at 20, ¶¶ 1, 2, 6.) However, Plaintiff fails to allege any facts which would support these allegations. Moreover, even if Plaintiff had alleged said facts, negligence or medical malpractice does not constitute deliberate indifference. *See supra.* Defendant Taliaferro treated Plaintiff during the first half of his stay at Hendrick; admitting Plaintiff to the hospital, ordering numerous X-rays and blood cultures, performing surgery on Plaintiff, and prescribing Plaintiff medication. Plaintiff's vitals were stable after the surgery, and Plaintiff attributes his subsequent infection to the "rusty chain" utilized by the prison officials. (Pl.'s Compl. at 47, ¶ 37.) Defendant Taliaferro did not perform the second surgery, to clean Plaintiff's infection, and Plaintiff alleges no further contact with Defendant Taliaferro.

These facts fail to establish negligence, much less deliberate indifference to Plaintiff's serious medical needs.

Furthermore, Plaintiff's Response is unavailing as well. Plaintiff attempts to correct the deficiencies in his Complaint by making the conclusory allegations that officials failed to treat him because "his medical condition stunk so bad," and that defendants "ignored his complaints" and "intentionally treated him incorrectly." (Pl.'s Resp. at 18, ¶ 11.) However, Plaintiff has still failed to allege any factual allegations demonstrating that Defendant Taliaferro was engaged in this type of activity. Plaintiff failed to allege what complaints Defendant Taliaferro ignored or how Defendant Taliaferro intentionally treated him incorrectly. Moreover, Plaintiff even concedes in his Complaint that "treatment at this facility [Hendrick] was successful to a point." (Pl.'s Compl. at 20.) Defendant Taliaferro treated Plaintiff during the first half of his stay at Hendrick. Plaintiff has failed to allege any factual allegations which demonstrate that Defendant Taliaferro acted with deliberate indifference to his serious medical needs. Thus, his claim for inadequate medical care under § 1983 fails. Plaintiff has not demonstrated a violation of his Eighth Amendment rights, or any other right secured by the Constitution or laws of the United States.[3] Accordingly, Plaintiff has failed to state a legally cognizable claim under § 1983.

---

[3] The Court notes that Plaintiff additionally claims his Eighth Amendment rights were violated by defendants "unconstitutionally reassigning Plaintiff and other Inmates to work assignments contrary to Plaintiff's and the other Inmate's medical condition." (Pl.'s Compl. at 22, ¶ 14.) However, Plaintiff's blanket assertion fails to allege any facts demonstrating that Defendant Taliaferro was engaged in such acts.

**State Law Claims**

Insofar as Plaintiff alleges a "health care liability claim" for failure to provide adequate medical care under Texas Civil Practice and Remedies Code § 74.001(13), such claim would also be barred by the statute of limitations. Section 74.251(a) of the Code provides that health care liability claims must be brought within two years from the occurrence of the breach or tort or from the date of the health care treatment which is the subject of the claim. TEX. CIV. PRAC. & REM. CODE § 74.251(a). The tort of negligence and health care treatment for which Plaintiff complains occurred in September of 2001 and Plaintiff did not bring his claim until eleven years later. Clearly, such claim is time-barred. Furthermore, the Code also provides a statute of repose, which provides that all health care liability claims must be brought within ten years of the date of the act or omission that gives rise to the claim or the claims are time-barred. *Id.* § 74.251(b). Even the statute of repose cannot prevent Plaintiff's health care liability claim from being barred by the statute of limitations.

In addition, it appears that Plaintiff avers violations of Chapters 39 and 71 of the Texas Penal Code, in that he claims Defendant Taliaferro was involved in organized criminal activity and he abused his official capacity. (Pl.'s Compl. at 21, ¶¶ 9-13, 15.) As support for these allegations, Plaintiff contends that Defendant Taliaferro, along with other defendants and TDCJ-ID officials, helped to conceal the negligence of the kitchen personnel at John Middleton, once he had knowledge of the food poisoning, by committing conspiracy, fraud, and illegal criminal acts. (*Id.* at ¶¶ 9-11, 15.) These conclusory allegations are not sufficient to state a claim against Defendant Taliaferro for which relief can be granted. Moreover, this Court is unable to infer from these allegations that Defendant Taliaferro is liable for the misconduct alleged. The factual allegations in Plaintiff's Complaint are based on his alleged failure to receive adequate medical care and treatment from

various defendants, not on defendants' organized criminal activity. Plaintiff's Response is additionally futile, as Plaintiff merely alleges conclusory allegations such as "Plaintiff will indeed prove in this lawsuit, by . . . documented fact of the commission of the illegal criminal acts alleged by Plaintiff," (Doc. 34, Pl.'s Resp. at 8, ¶ 3), and "Defendants[] have conspired with one another to engage in this conspiracy." (*Id.* at 14, ¶ 8.) There simply are no factual allegations to support Plaintiff's claims under the Texas Penal Code. Accordingly, such claims cannot stand and should be dismissed.

### Recommendation

For the foregoing reasons, this Court recommends that the District Court **GRANT** Defendant Taliaferro's Motion to Dismiss. (Doc. 24.) Accordingly, Plaintiff's claims against Defendant Taliaferro should be **DISMISSED** with prejudice pursuant to FED. R. CIV. P. 12(b)(6).

**SO RECOMMENDED**, June 13, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).