UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOBBY DWAYNE LUCKY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:12-CV-2609-B |
| | § | |
| SANDRA HAYNES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Findings, Conclusions, and Recommendation (doc. 71) of United States Magistrate Judge Paul D. Stickney, filed on June 4, 2013. The Findings recommend that the Court grant Defendant Johnny Bliznak's Motion to Dismiss Pursuant to Rule 12(b)(4), 12(b)(5), and 12(b)(6) (doc. 13). Plaintiff filed Objections (doc. 76) to the Findings, so the Court reviews the Findings *de novo*. *See* Fed. R. Civ. P. 72(b)(3).

Defendant Bliznak moved to dismiss Plaintiff's claims against him based on insufficient process and service under Rule 12(b)(4) and (b)(5) and based on a failure to state a claim under Rule 12(b)(6) given that the two-year statute of limitations has passed. Doc. 13, Mot. at 2-3. The Magistrate Judge concluded that the claims against Defendant Bliznak should be dismissed because he was not properly served. Additionally, the Magistrate Judge concluded that, because Plaintiff was aware of his claim against Bliznak by at least September 2001, the two-year limitations period had run and 12(b)(6) dismissal was appropriate as to Bliznak.

In his Objections (doc. 76), Plaintiff admits that his claims against Defendant Bliznak should

be dismissed, but requests that the claims be dismissed without prejudice to him refiling the same. Plaintiff also requests that he be permitted to file amended pleadings to narrow his claims to the food poisoning issue. The Court will not consider Plaintiff's request to file amended pleadings at this time, as such a request should be set out in a separate motion that comports with the Federal Rules of Civil Procedure and the Local Rules. Further, any motion to amend pleadings must be addressed to the Magistrate Judge, to whom the case has been referred for pre-trial management.

Plaintiff's Objections appear to make one relevant argument to the Rule 12(b)(6) issue, namely, that the continuous treatment doctrine applies to his cause of action against Bliznak since Plaintiff has continued to suffer from his original condition. However, as noted in the Findings: "In the usual personal injury case, the defendant's wrongful conduct ceases on a certain day insofar as it may be considered a cause of the injury in question. The cause of action accrues on that day, although the plaintiff's suffering may continue for months and years." *Adler v. Beverly Hills Hosp.*, 594 S.W.2d 153, 155 (Tex. Civ. App.–Dallas 1980, no writ). Plaintiff has not shown that Bliznak's alleged behavior continued past September 2001, so the continuous tort doctrine does not apply to save Plaintiff's claim from the two-year statute of limitations. The Court cannot discern any other relevant objection by Plaintiff. Accordingly, the Court **OVERRULES** Plaintiff's Objections.

It is therefore **ORDERED** that the Findings, Conclusions and Recommendation (doc. 71) are **ADOPTED** and Defendant Bliznak's Motion to Dismiss (doc. 13) is **GRANTED**.

**SO ORDERED**.

SIGNED: June 18, 2013.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE