IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOBBY DWAYNE LUCKY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:12-CV-2609-B (BF) |
| | § | |
| SANDRA HAYNES, et al., | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), and an Order of Reference from the District Court, this case has been referred to the United States Magistrate Judge Paul D. Stickney for pretrial management. Before the Court for consideration is Defendant Gary Walker, M.D.'s Motion for Judgment on the Pleadings, filed on February 14, 2013. (Doc. 51.) Plaintiff Bobby Dwayne Lucky ("Plaintiff") filed his Reply in Opposition to Defendant's Motion for Judgment on the Pleadings ("Response") on March 22, 2013. (Doc. 63.) Defendant Gary Walker, M.D. ("Defendant Walker") failed to file a reply. For the following reasons, this Court recommends that the District Court grant the Motion for Judgment on the Pleadings and dismiss Defendant Walker from the lawsuit pursuant to FED. R. CIV. P. 12(c).

### Background

Plaintiff filed his Complaint naming sixty defendants on July 31, 2012. (Doc. 3.) Plaintiff brought his Complaint pursuant to 42 U.S.C. § 1983. His allegations stem from food poisoning that he suffered while he was incarcerated as an inmate in the John Middleton Transfer Facility ("John Middleton") in late August 2001.

In his Complaint, Plaintiff avers that Defendant Walker, among other defendants, failed to

provide Plaintiff adequate medical care and treatment between the dates of August 31, 2001 through September 14, 2001, when Plaintiff was hospitalized at the Hendrick Medical Center ("Hendrick") for food poisoning. (Pl.'s Compl. at 20-22.) Plaintiff became sick and was transferred from John Middleton to Hendrick on the evening of August 31, 2001. (*Id.* at 45, ¶ 9.) At Hendrick, X-rays of Plaintiff's abdomen were taken, as well as an electrocardiogram ("EKG") test. (*Id.* at ¶ 10.) The next day, Plaintiff was examined by the emergency room physician and diagnosed with acute abdominal pain, acute small bowel obstruction, and nausea and vomiting. (*Id.* at ¶ 11.) After Plaintiff's examination, the doctor referred Plaintiff to the head medical physician, Dr. Leigh Taliaferro ("Taliaferro"), and Plaintiff was admitted to the hospital. (*Id.* at ¶ 12.) On that same date, Taliaferro ordered blood and urine cultures and more X-rays to be taken of Plaintiff's abdomen. (*Id.* at ¶ 15.) On September 4, 2001, Taliaferro performed surgery on Plaintiff, after informing Plaintiff that there were no other alternatives. (*Id.* at 46, ¶¶ 27-28.) Plaintiff's preoperative diagnosis by Taliaferro was small bowel obstruction, secondary to adhesion. (*Id.* at ¶ 27.)

The day after surgery, Taliaferro noted that Plaintiff was in stable condition. (*Id.* at 46-47, ¶ 29.) On September 7, 2001, Taliaferro made the notation that Plaintiff's blood culture was positive for Staphylococcus Aureus, and he ordered another blood culture to be performed. (*Id.* at 47, ¶ 31.) Taliaferro prescribed Zantac and Phenergan to Plaintiff and noted that Defendant Walker would be taking care of Plaintiff for the next week. (*Id.*) On that same date, Defendant Walker added Mefoxin to Plaintiff's medications due to his high temperature. (*Id.* at ¶ 32.) On September 9, 2001, Defendant Walker discussed the results of the new culture with Plaintiff, informing him that the culture was positive for Staphylococcus Aureus clusters. (*Id.* at ¶ 33.) Defendant Walker also examined Plaintiff on that date and discovered an infection around the edges of Plaintiff's incision

wound. (*Id.*) Defendant Walker, therefore, ordered new cultures to be taken and prescribed Reglan to Plaintiff. (*Id.*) The following day, Defendant Walker advised Plaintiff that there was an infection in his abdomen and that he needed to perform surgery on Plaintiff. (*Id.* at ¶ 35.) On that same date, September 10, 2001, Defendant Walker performed surgery on Plaintiff to drain the infection and clean his wound. (*Id.* at ¶ 37.) Defendant Walker made the notation that the wound would be left open to heal, and he ordered an abdominal binder to be placed on Plaintiff. (*Id.*)

On September 11, 2001, Defendant Walker noted that Plaintiff was improved, he was feeling okay, he was tolerating the liquid diet, and his wound was cleaner. (*Id.* at ¶ 38.) Additionally, Plaintiff had his first normal bowel movement since being hospitalized. (*Id.*) The next day, Defendant Walker cleaned Plaintiff's wound and placed Plaintiff on a soft diet instead of a liquid diet. (*Id.* at ¶ 39.) On September 13, 2001, Defendant Walker noted that Plaintiff's blood pressure was up some, his abdomen wound was okay, and Plaintiff was experiencing some gas pains and bloating. (*Id.* at 48, ¶ 40.) Defendant Walker prescribed Phazyme to Plaintiff. (*Id.*) The following day, Defendant Walker made the notation that Plaintiff felt better and he was tolerating the diet. (*Id.* at ¶ 41.) Accordingly, Defendant Walker discharged Plaintiff to the French Robertson Unit Infirmary for wound care. (*Id.*) Before being discharged, however, Defendant Walker instructed Plaintiff on how to properly care for his wound. (*Id.*) On September 14, 2001, Plaintiff was discharged from Hendrick and transferred to the French Robertson Unit Medical Infirmary. (*Id.* at ¶¶ 42-43.)

Plaintiff alleges no further contact with Defendant Walker after September 14, 2001. Although Plaintiff makes several allegations against a group of defendants, which includes Defendant Walker, the only specific allegation concerning Defendant Walker is that he "failed in his duties to supervise Hendrick's Medical Center Hospital Medical Nurses." (*Id.* at 20-21, ¶ 7.)

3

Defendant Walker seeks dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(c) because such claims are barred by the statute of limitations and Plaintiff has failed to state a claim upon which relief can be granted. The Motion for Judgment on the Pleadings is now ripe for adjudication.

**Standard of Review**

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). A ruling on a motion for judgment on the pleadings pursuant to Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *Guidry v. Am. Pub. Life Ins. Co.,* 512 F.3d 177, 180 (5th Cir. 2007) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Id.* Furthermore, a court generally cannot look beyond the pleadings when resolving a Rule 12(b)(6) controversy. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). However, documents included with a defendant's motion to dismiss may be considered by the court if they are central to the plaintiff's claim and are referenced in the complaint. *Id.* at 498-99.

Federal Rule of Civil Procedure 8(a) sets forth the pleading requirements in federal cases. The Rule states that pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose is to put the defendant on fair notice of what the claim is and upon what grounds it rests. *Bell Atl. Corp. v. Twombly,* 127 S.Ct.

1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A pleader's bare averment that he wants relief and is entitled to it does not suffice. *Twombly,* 127 S.Ct. at 1965-66.

To survive a motion for judgment on the pleadings, "the plaintiff must plead 'enough facts to state a claim that is plausible on its face.'" *Guidry,* 512 F.3d at 180 (quoting *Twombly,* 127 S.Ct. at 1974). The factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id.* The court should assume that all the factual allegations in the complaint are true, even if doubtful in fact. *Id.* The ultimate question in Rule 12(b)(6) and Rule 12(c) motions is whether the complaint states a valid claim for relief when it is viewed in the light most favorable to the plaintiff. *Doe v. MySpace, Inc.,* 528 F.3d 413, 418 (5th Cir. 2008).

## Analysis

In the brief to his Motion for Judgment on the Pleadings, Defendant Walker contends that Plaintiff's claims are barred by the statute of limitations. (Def.'s Br. at 3-4.) There is no specified federal statute of limitations period for actions brought pursuant to 42 U.S.C. § 1983. *Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir. 1989). Thus, in such cases, district courts are to apply the forum state's limitations period for personal injury actions. *Id.* Here, Plaintiff's § 1983 claims are governed by Texas' two-year statute of limitations for personal injury claims. *See id.; Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993); *see also* TEX. CIV. PRAC. & REM. CODE § 16.003(a). Although state law is utilized to determine the limitations period, federal law mandates when the cause of action accrues. *Pete,* 8 F.3d at 217. "The federal standard provides that a cause of action under section 1983 accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Id.* (quoting *Burrell,* 883 F.2d at 418).

The last date upon which Defendant Walker was involved with Plaintiff's medical care and

treatment was September 14, 2001. To the extent Plaintiff may be complaining that Defendant Walker's negligence contributed to him needing a second surgery within a matter of six days after his first surgery, Plaintiff's second surgery occurred on September 10, 2001. (*See* Pl.'s Compl. at 47, ¶ 35) ("A period of only six (6) days had passed, and Plaintiff already needed a second surgery, simply because of negligence of TDCJ-ID Officials.") On September 14, 2001, Plaintiff was discharged from the care of Hendrick and transferred to the Robertson Unit Infirmary. (*Id.* at 48, ¶ 41.) Plaintiff's last allegation in his Complaint concerning his abdomen wound from the food poisoning was on November 5, 2001.[1] (*Id.* at 49, ¶ 59.) Plaintiff knew he had been subject to the alleged negligent medical care at least by his second surgery on September 10, 2001. Notwithstanding, even giving Plaintiff the benefit of the doubt and not starting the statute of limitations period to run until November 5, 2001, Plaintiff's lawsuit filed on July 31, 2012, far exceeds the two-year limitations period under Texas law.

Plaintiff mentions, in both his Complaint and his Response, that this lawsuit is being filed pursuant to the Continuous Treatment Doctrine. (Pl.'s Compl. at 51, ¶ 76; Pl.'s Resp. at 3-4.) However, Plaintiff's argument is misplaced. In Texas, the concept of a "continuing tort" has been recognized, wherein tortious behavior is repeated or continues for a period of time. *Pete,* 8 F.3d at 218. However, the tort of negligence is not a "continuing tort," as it is complete on the first day of the defendant's wrongful conduct. *Adler v. Beverly Hills Hosp.*, 594 S.W.2d 153, 155 (Tex.Civ.App.– Dallas 1980, no writ). As the court in *Adler* explained: "[i]n the usual personal injury case, the defendant's wrongful conduct ceases on a certain day insofar as it may be considered

---

[1] The Court notes that Plaintiff's Complaint contains additional allegations concerning two bullets that shifted in his body, however, these allegations in no way implicate Defendant Walker. (*See* Pl.'s Compl. at 50-51, ¶¶ 64-75.)

a cause of the injury in question. The cause of action accrues on that day, although the plaintiff's suffering may continue for months and years . . . ." *Id.* Here, although Plaintiff alleges that he continues to suffer from stress, discomfort, pain, and a scar, (Pl.'s Compl. at 51, ¶ 76), Defendant Walker's alleged wrongful conduct ceased on a certain day. The tort of negligence is not a "continuing tort" for which the Continuous Treatment Doctrine would be applicable. Plaintiff's cause of action accrued in September of 2001. Accordingly, Plaintiff's claims brought pursuant to § 1983 are clearly barred by the statute of limitations.

Insofar as Plaintiff alleges a "health care liability claim" for failure to provide adequate medical care under Texas Civil Practice and Remedies Code § 74.001(13), such claim would also be barred by the statute of limitations. Section 74.251(a) of the Code provides that health care liability claims must be brought within two years from the occurrence of the breach or tort or from the date of the health care treatment which is the subject of the claim. TEX. CIV. PRAC. & REM. CODE § 74.251(a). The tort of negligence and health care treatment for which Plaintiff complains occurred in September of 2001 and Plaintiff did not bring his claim until eleven years later. Clearly, such claim is time-barred. Furthermore, the Code also provides a statute of repose, which provides that all health care liability claims must be brought within ten years of the date of the act or omission that gives rise to the claim or the claims are time-barred. *Id.* § 74.251(b). Even the statute of repose cannot prevent Plaintiff's health care liability claim from being barred by the statute of limitations.

Finally, it appears that Plaintiff avers violations of Chapters 39 and 71 of the Texas Penal Code, in that he claims Defendant Walker was involved in organized criminal activity and he abused his official capacity. (Pl.'s Compl. at 21, ¶¶ 9-13, 15.) As support for these allegations, Plaintiff contends that Defendant Walker, along with other defendants and TDCJ-ID officials, helped to

7

conceal the negligence of the kitchen personnel at John Middleton, once he had knowledge of the food poisoning, by committing conspiracy, fraud, and illegal criminal acts. (*Id.* at ¶¶ 9-11, 15.) These conclusory allegations are not sufficient to state a claim against Defendant Walker for which relief can be granted. Moreover, this Court is unable to infer from these allegations that Defendant Walker is liable for the misconduct alleged. The factual allegations in Plaintiff's Complaint are based on his alleged failure to receive adequate medical care and treatment from various defendants, not on defendants' organized criminal activity. Plaintiff's Response is unavailing as well since Plaintiff fails to even address his claims under the Texas Penal Code. There simply are no factual allegations to support Plaintiff's claims under the Texas Penal Code. Accordingly, such claims cannot stand and should be dismissed.

### Recommendation

For the foregoing reasons, this Court recommends that the District Court **GRANT** Defendant Walker's Motion for Judgment on the Pleadings. (Doc. 51.) Accordingly, Plaintiff's claims against Defendant Walker should be **DISMISSED** with prejudice pursuant to FED. R. CIV. P. 12(c).

**SO RECOMMENDED**, July 5, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).