IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BOBBY DWAYNE LUCKY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | No. 3:12-CV-2609-B (BF) |
| | § | |
| **SANDRA HAYNES**, et al., | § | |
| | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), and an Order of Reference from the District Court, this case has been referred to the United States Magistrate Judge Paul D. Stickney for pretrial management. Before the Court for consideration is Defendants Michelle Bounds, Margaret Gray, Karen Horsley, Kathy Washington, Karen Wood, Macarias Reyna, B. Kearney, A. Slauenwhite, and J. Taylor's (collectively referred to as "Defendants") Motion for Summary Judgment, filed on January 25, 2013. (Doc. 42.) Plaintiff Bobby Dwayne Lucky ("Plaintiff") filed his Reply in Opposition to Defendants' Motion for Summary Judgment ("Response") on March 5, 2013. (Doc. 60.) Defendants, in turn, filed their reply to Plaintiff's Response on March 11, 2013. For the following reasons, this Court recommends that the District Court grant the Motion for Summary Judgment and dismiss Plaintiff's claims against Defendants.

### Undisputed Material Facts

Plaintiff filed his Complaint naming sixty defendants on July 31, 2012. (Doc. 3.) Plaintiff brought his Complaint pursuant to 42 U.S.C. § 1983. His allegations stem from food poisoning that he suffered while he was incarcerated as an inmate in the John Middleton Transfer Facility ("John Middleton") in late August 2001.

Defendants are Licensed Vocational Nurses employed by Hendrick Medical Hospital ("Hendrick") located in Taylor County, Texas. (Defs.' Br. at 2, ¶ 6; Pl.'s Resp. at 4.) Defendants treated Plaintiff either while he was hospitalized at Hendrick or while he was an inmate at John Middleton or the French Robertson Unit ("French Robertson"). (Pl.'s Compl. at 10, 20, 22.)

On August 31, 2001, Plaintiff became ill and was transferred from John Middleton to Hendrick. (Pl.'s Compl. at 45, ¶ 9.) Plaintiff was hospitalized at Hendrick from August 31, 2001 through September 14, 2001, due to food poisoning. (*Id.* at 20-22.) The head medical physician, Dr. Leigh Taliaferro, diagnosed Plaintiff with small bowel obstruction, secondary to adhesion and performed surgery on Plaintiff. (*Id.* at 46, ¶¶ 27-28.) Subsequently, Plaintiff contracted an infection around the edges of his incision wound and Dr. Gary Walker had to perform surgery to drain the infection and clean his wound. (*Id.* at 47, ¶¶ 33-37.) On September 14, 2001, Plaintiff was discharged from Hendrick and transferred to French Robertson for wound care. (*Id.* at 48, ¶¶ 42-43.) On October 10, 2001, Plaintiff was transferred from French Robertson to the Byrd Unit for diagnostic and unit assignment. (*Id.* at 49, ¶ 52.)

## **Standard of Review**

Summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Only disputes about material facts will preclude the court's granting summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The burden is on the movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant bears the burden of proof at trial, the summary judgment movant need not support his motion with evidence negating

the non-movant's case. Rather, the movant may satisfy his burden by pointing to the absence of evidence to support the non-movant's case. *Little*, 37 F.3d at 1075. Once the movant meets his burden, the non-movant must show that summary judgment is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "[A properly supported summary judgment motion] requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. *See* FED. R. CIV. P. 56(e). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' . . . by 'conclusory allegations,' . . . by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000); *Anderson*, 477 U.S. at 248.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary-judgment evidence of the existence of a genuine fact issue. *Matsushita,* 475 U.S. at 586. Mere conclusory allegations are not competent summary-judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary-judgment evidence. *See Forsyth v. Barr,* 19 F.3d 1527, 1533 (5th Cir. 1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate

3

the precise manner in which that evidence supports his claim. *Ragas,* 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.; see also Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex,* 477 U.S. at 322-23.

Evidence on summary judgment may be considered to the extent that it is not based on hearsay or other information that is not admissible at trial. *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995); *see* FED. R. CIV. P. 56(c) (affidavits shall be based on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show that the affiant is competent to testify at trial).

## Analysis

**42 U.S.C. § 1983**

In his Complaint, Plaintiff alleges that Defendants failed to provide adequate medical care and treatment from August 31, 2001 to October 10, 2001.[1] (Pl.'s Compl. at 10, 20, 22, 44.)

---

[1] In Plaintiff's Response, he claims that "[t]hese events did occur from August 30, 2001 to November 5, 2001." (Pl.'s Resp. at 5.) Nonetheless, also in his Response, Plaintiff avers that he is complaining "about the medical care he received by these Defendants from August 30, 2001 to October 10, 2001 . . . ." (*Id.* at 4.) It appears to the Court that the events occurring after October 10, 2001, up until November 5, 2001, concern Plaintiff's medical care and treatment by

Specifically, Plaintiff avers that Defendants, as the LVN nurses, "refused to drain, clean and dress Plaintiff's wound because of the astounding smell from the open wound." (Pl.'s Compl. at 20 ¶ 3; 22 ¶ 3.) Plaintiff further alleges that Defendants failed to follow proper medical procedures in a timely fashion and failed to report the food borne illness to the proper authorities. (Pl.'s Compl. at 20 ¶¶ 2, 4; 22 ¶¶ 2, 4.)

Defendants seek summary judgment on the ground that Plaintiff's claims are barred by the statute of limitations. There is no specified federal statute of limitations period for actions brought pursuant to 42 U.S.C. § 1983. *Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir. 1989). Thus, in such cases, district courts are to apply the forum state's limitations period for personal injury actions. *Id.* Here, Plaintiff's § 1983 claims are governed by Texas' two-year statute of limitations for personal injury claims. *See id.; Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993); *see also* TEX. CIV. PRAC. & REM. CODE § 16.003(a). Although state law is utilized to determine the limitations period, federal law mandates when the cause of action accrues. *Pete,* 8 F.3d at 217. "The federal standard provides that a cause of action under section 1983 accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Id.* (quoting *Burrell,* 883 F.2d at 418).

The last date upon which Defendants were involved with Plaintiff's medical care and treatment was October 10, 2001, when Plaintiff was transferred from French Robertson to the Byrd Unit. (*See* Pl.'s Compl. at 49, ¶ 52) ("[o]n the 10th day of October, 2001, Plaintiff was transferred

---

other defendants named in the Complaint. Furthermore, summary-judgment evidence shows that none of the Defendants treated Plaintiff after October 10, 2001. (App. to Defs.' MSJ at 1, Prewitt Aff.) Additionally, the facts in Plaintiff's Complaint establish that Plaintiff ate the contaminated food on August 30, 2001, however, he did not become ill and seek medical care and treatment until August 31, 2001. (*Id.* at 44, ¶¶ 1-3.)

to the Byrd Unit, located in Huntsville, Walker County, Texas for Diagnostic and Unit Assignment."). Plaintiff's last allegation in his Complaint concerning his abdomen wound from the food poisoning was on November 5, 2001.[2] (*Id.* at ¶ 59.) Plaintiff knew he had been subject to the alleged negligent medical care at least by his release from French Robertson on October 10, 2001. Notwithstanding, even giving Plaintiff the benefit of the doubt and not starting the statute of limitations period to run until November 5, 2001, Plaintiff's lawsuit filed on July 31, 2012, far exceeds the two-year limitations period under Texas law.

In his Response, Plaintiff contends that the "Continuous Treatment Doctrine" saves his § 1983 claims. (Pl.'s Resp. at 5.) In Texas, the concept of a "continuing tort" has been recognized, wherein tortious behavior is repeated or continues for a period of time. *Pete,* 8 F.3d at 218. Under the continuing-tort doctrine, the cause of action does not accrue until the tort has ceased. *Nottingham v. Richardson*, 499 Fed. App'x 368, 375 (5th Cir. 2012). Because the doctrine deals with accrual of the alleged injury, federal law governs as opposed to state law. *Id.* Plaintiff avers that he continues to suffer from stress, discomfort, pain, and a scar (Pl.'s Compl. at 51, ¶ 76), thus, the "Continuous Treatment Doctrine" is applicable. However, Plaintiff's argument is misplaced, as the doctrine does not apply to continued *suffering*, but instead continued *treatment*. *See Nottingham,* 499 Fed. App'x at 375. The doctrine is inapposite here. The undisputed summary-judgment evidence indicates that none of the Defendants had any further contact with Plaintiff after October 10, 2001. (*See* App. to Defs.' MSJ at 1, Prewitt Aff.) Thus, even if the doctrine were applicable, Defendants' alleged wrongful conduct ceased on October 10, 2001. Accordingly, Plaintiff's cause of action accrued on

---

[2] The Court notes that Plaintiff's Complaint contains additional allegations concerning two bullets that shifted in his body, however, these allegations in no way implicate Defendants. (*See* Pl.'s Compl. at 50-51, ¶¶ 64-75.)

October 10, 2001, and Plaintiff's claims brought pursuant to § 1983 are clearly barred by the statute of limitations.

The Court finds that Defendants have met their burden to establish that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law.

**State-Law Claims**

Plaintiff's remaining claims against Defendants are brought pursuant to Chapters 39 and 71 of the Texas Penal Code.[3] (Pl.'s Compl. at 10-12, ¶¶ 8-12; 20-22 ¶¶ 11-13, 15; 22-25 ¶¶ 10-12, 14.) Because no substantial federal claim still exists, this Court recommends that the District Court dismiss without prejudice these pendent state law claims. *See Parker & Parsley Pet. Co. v. Dresser Indus.,* 972 F.2d 580, 585 (5th Cir. 1992); *see also Wong v. Stripling,* 881 F.2d 200, 204 (5th Cir. 1989) (explaining that "[o]rdinarily, when the federal claims are dismissed before trial, the pendent state claims should be dismissed as well.").

## Recommendation

For the foregoing reasons, this Court recommends that the District Court **GRANT** Defendants' Motion for Summary Judgment. (Doc. 42.) Accordingly, Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 should be **DISMISSED** with prejudice and any remaining state-law claims should be **DISMISSED** without prejudice.

**SO RECOMMENDED**, July 8, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court notes that Defendants failed to address these claims in their Motion for Summary Judgment.

7

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).